IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No: 3:19-bk-1971 |
| CAPSTONE PEDIATRICS, PLLC, | ) | Chapter 11 |
| | ) | Judge _____ |
| Debtor. | ) | |

**EXPEDITED MOTION FOR ENTRY OF AN ORDER (I) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF PAYMENT UNDER § 366 OF THE BANKRUPTCY CODE; (II) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES; AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS FOR ADDITIONAL ASSURANCE**

Pursuant to § 366 of title 11 of the United States Code (the "Bankruptcy Code") Capstone Pediatrics, PLLC, debtor and debtor-in-possession in the above-styled chapter 11 case (the "Debtor"), hereby files this *Motion for an Order (I) Deeming Utility Companies Adequately Assured of Payment Under § 366; (II) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Utility Services; and (III) Establishing Procedures for Resolving Requests for Additional Assurance* (the "Motion"), respectfully showing as follow:

**SUMMARY OF RELIEF REQUESTED**

1. <u>Expedited Relief Requested</u>.  The Debtor requests approval and authorization, pursuant to 11 U.S.C. §§ 105, 363, 1107 and 1108, for (I) deeming utility companies adequately assured payment under § 366; (II) prohibiting utility companies from altering, refusing, or discontinuing utility services; and (III) establishing procedures for resolving requests for additional assurance.

2. <u>Basis for Urgency</u>.  This Motion must be considered on an expedited basis because preserving utility services on an uninterrupted basis is essential to the Debtor's ongoing operations

1

and, therefore, to the success of its reorganization. Any interruption of utility services, even for a brief period of time, would disrupt the Debtor's business, would negatively impact the Debtors' relationship with its patients and severely jeopardize Debtor's reorganization efforts.

3. <u>Notice</u>. This motion has been served on (i) all parties consenting to electronic service via the Court's CM/ECF system, (ii) the Office of the United States Trustee via email, (iii) the 20 largest unsecured creditors and all secured creditors via email, fax, or U.S. mail. On March 27, 2019, the Debtor informed the Office for the United States Trustee that first day motions would be filed in this case.

4. <u>Suggested Hearing Date</u>. The Debtor requests a hearing date of Tuesday, April 2, 2019 at 10:00 a.m., pursuant to consultation with the Court, or as soon as practicable.

5. <u>Supporting Argument</u>. The Debtor supports this motion as set forth below.

## JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## INTRODUCTION

2. On March 28, 2019 (the "Petition Date"), the Debtor filed its voluntary petition for relief under the Bankruptcy Code. In accordance with §§ 1107 and 1108 of the Bankruptcy Code, the Debtor continues to operate its business as a debtor-in-possession. No Chapter 11 trustee or committee has been appointed in this Case.

3. Debtor is one of the largest independent privately held pediatric practices in the Middle Tennessee region. Its mission to deliver personalized, quality care to improve and maintain

its patients' health and wellbeing. Its corporate headquarters are located at 1420 Donelson Pike, Suite B-17, Nashville, Tennessee, 37217.

4. In connection with the operation of its business, the Debtor obtains electricity, water, telephone, gas, internet and/or other services of this general character (collectively, "Utility Services") from various utility companies (the "Utility Companies"). Attached hereto as Exhibit "A" and incorporated herein by reference is a list of all, or substantially all, of the Utility Companies that were providing services to the Debtor as of the Petition Date. The relief requested herein is requested with respect to all Utility Companies providing services to the Debtor and is not limited to those listed on Exhibit "A." The Utility Services are essential to the Debtor's operations and, therefore, must continue uninterrupted during the pendency of the Debtor's Chapter 11 case.

**RELIEF REQUESTED**

5. By this Motion, the Debtor seeks immediate entry of an order: (a) authorizing the Debtor to provide the Utility Companies adequate assurance of payment within the meaning of § 366 of the Bankruptcy Code; (b) prohibiting the Utility Companies from altering, refusing, or discontinuing services on account of unpaid bills; and (c) establishing procedures for resolving requests for additional assurance.

**BASIS FOR RELIEF**

6. Section 366 of the Bankruptcy Code applies to entities providing utility services such as electricity, natural gas, water, and/or telephone services and any other entity that supplies services that cannot be readily obtained elsewhere. H.R.Rep. No. 95-595, at 350 1977), as reprinted in 1978 U.S.C.C.A.N. 5963, 6306; S.Rep. No. 95-989, at 60 (1978), as reprinted in 1978 U.S.C.C.A.N. 5787, 5846.

7.  Section 366 of the Bankruptcy Code states that in a "case *filed under chapter 11,* a utility... may alter, refuse, or discontinue utility service, if during the 30-day period beginning on the date of the filing of the petition, the utility does not receive from Debtor or the trustee adequate assurance of payment for utility service that is satisfactory to the utility." 11 U.S.C. § 366(c)(2) (emphasis added). Meanwhile, § 366(b) generally states that a, "utility may alter, refuse, or discontinue service if neither the trustee nor Debtor, within *20 days* after the date of the order for relief, furnishes adequate assurance of payment." (emphasis added). "The better view is that, because section 366(c) is more specifically applicable to chapter 11 cases, the 30-day period in that subsection, rather than the 20-day period in section 366(b), should apply." Colliers on Bankruptcy 2nd 366.03[21. Accordingly, Debtor contends that the Utility Companies are not permitted to discontinue utility services until 31 days after the Petition Date to avoid the cessation of necessary Utility Services.

8.  "Adequate assurance" is defined to mean (i) a cash deposit, (ii) a letter of credit, (iii) a certificate of deposit, (iv) a surety bond, (v) a prepayment of utility consumption, or (vi) another form of security mutually agreed on between the utility and Debtor or the trustee. 11 U.S.C. § 366(c)(1).

9.  Preserving utility services on an uninterrupted basis is essential to the Debtor's ongoing operations and, therefore, to the success of its reorganization. Any interruption of utility services, even for a brief period of time, would disrupt the Debtor's business, would negatively impact the Debtors' relationship with its patients and severely jeopardize Debtor's reorganization efforts. Therefore, it is critical that utility services continue uninterrupted during this Chapter 11 Case.

10. The Debtor submits that its utility providers are adequately assured of future payment by the Debtor having sufficient funds to pay post-petition utility invoices and administrative expenses from the proceeds of its operations and/or through its DIP Financing in full and on a timely basis.

11. In the event a Utility Company requests additional assurance other than as provided herein, Debtor requests that (i) any utility provider seeking additional adequate assurance in the form of a deposit, other security or set-off against a pre-petition deposit shall make a request in writing setting forth the amount and form of assurance requested (a "Request"); (ii) a Request must be actually delivered to Debtor's counsel, David W. Houston, IV and Emily C. Taube, Burr & Forman LLP, 222 2nd Ave S, Suite 2000, Nashville, TN 38201, not later than thirty (30) days of the Order granting this Motion (the "Request Deadline"); (iii) Debtor shall have thirty (30) days from the receipt of a timely Request to file a Motion for Determination of Adequate Assurance Payment (the "Determination Motion") with respect thereto; and (iv) each Utility Company shall continue to provide services to Debtor until further order of the Court.

12. Any failure by a Utility Company to submit a Request or any Request received after the Request Deadline or that is otherwise defective, shall be deemed untimely and invalid, and each such Utility Company shall be deemed adequately assured of payment by the terms of the Order granting this Motion.

13. If a Determination Hearing is scheduled in accordance with these procedures, the Utility Company shall be deemed adequately assured of payment until an Order is entered in connection with the Determination Hearing.

**WHEREFORE, PREMISES CONSIDERED**, Debtor requests that this Court enter an Order, substantially similar to the Order attached hereto as Exhibit "B": (a) deeming the Utility Companies adequately assured of payment under § 366 of the Bankruptcy Code; (b) prohibiting Utility Companies from altering, refusing, or discontinuing utility; (c) establishing procedures for resolving requests for additional assurance; and (d) granting such further and other relief as is just and proper.

Respectfully submitted,

/s/ David W. Houston, IV

David W. Houston, IV (20802)
Emily C. Taube (019323)
BURR & FORMAN LLP
222 Second Avenue South, Suite 2000
Nashville, Tennessee 37201
Telephone: (615) 724-3215
Facsimile: (615) 724-3315
etaube@burr.com
dhouston@burr.com

*Counsel for Debtor Capstone Pediatrics, PLLC*

## CERTIFICATE OF SERVICE

On March 28, 2019, the foregoing was served via CM/ECF on all parties consenting to electronic service in this case, and by regular mail, email, or fax (as applicable) to (i) the Debtor's twenty largest unsecured creditors, (ii) the Office of the United States Trustee, and (iii) the Debtor's secured creditors.

/s/ David W. Houston, IV
David W. Houston, IV (20802)

| Name of Service Provider | Service Provided | Account Number | Deposit | Average Monthly Expense |
| --- | --- | --- | --- | --- |
| Charter Communications (Clarksville) | Internet service | 8353 80 001 1914149 | None | 1,403.98 |
| Clarksville Department of Electricity | Electric service | 178095-003 | None | 1,125.64 |
| Clarksville Gas & Water | Gas & water service | 004-9103.302 | None | 226.13 |
| Comcast (Franklin) | Internet service | 32001 604934-01-7 | None | 254.22 |
| Comcast (Internet Service) | Internet service | 902388180 | None | 2,712.81 |
| Comcast (Nolensville Rd) | Internet service | 0507 606453-01-8 | None | 212.14 |
| Safepoint Medical Waste Services | Medical waste disposal | Capstone | None | 300.00 |
| Equinox Communications (Admin CP) | Telephone service and managed IT service | 1413 | None | 235.10 |
| Equinox Communications (Smyra) | Telephone service and managed IT service | 1420 | None | 235.06 |
| Equinox Communications (Southern Hills) | Telephone service and managed IT service | 1421 | None | 235.06 |
| Equinox Communications (Clarksville) | Telephone service and managed IT service | 1418 | None | 235.06 |
| NES | Electric service | 0719903-0461310 | None | 1,653.59 |
| Piedmont Natural Gas | Gas service | 2002236043002 | None | 260.65 |
| ShoreTel | Telephone service | 9195 | None | 4,043.68 |
| ShoreTel | Telephone service | 9196 | None | 2,558.73 |
| Peak 10 | IT server colocation | CMHJS001 | None | 1,715.00 |
| Newtek | Data recovery and IT services | n/a | None | 5,872.00 |

33166628 v1