# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No: 3:19-bk-1971 |
| CAPSTONE PEDIATRICS, PLLC, ) | Chapter 11 |
| ) | Judge _____ |
| Debtor. ) | |

## EXPEDITED MOTION FOR ENTRY OF ORDER AUTHORIZING MAINTENANCE AND USE OF EXISTING BANK ACCOUNTS, AND CASH MANAGEMENT SYSTEM

Debtor Capstone Pediatrics, PLLC (the "Debtor"), pursuant to 11 U.S.C. §§ 105, 363, 1107 and 1108 of the Bankruptcy Code, respectfully requests the Court to approve and authorize the Debtor to maintain and continue use of its existing bank accounts and cash management system. The following is offered in support of this motion:

## SUMMARY OF RELIEF REQUESTED

1. <u>Expedited Relief Requested</u>. The Debtor requests approval and authorization, pursuant to 11 U.S.C. §§ 105, 363, 1107 and 1108, for maintenance and continued use of its bank accounts and cash management system. The Debtor further request that this motion be heard on an expedited basis in order to ease the Debtor's administrative burdens and provide clarity regarding post-petition finances.

2. <u>Basis for Urgency</u>. This Motion must be considered on an expedited basis because the cash accounts and accounting system relied upon by the Debtor must be maintained in order to permit the Debtor to efficiently manage its operations and track its income, expenses, and tax obligations. Ceasing the current system would impose a significant administrative burden on the

33166732 v1

Case 3:19-bk-01971    Doc 5    Filed 03/28/19    Entered 03/28/19 16:16:48    Desc Main
Document    Page 1 of 7

Debtor and would make it extremely difficult to effectively trace and maintain a proper accounting of its cash flow.

3. <u>Notice</u>. This motion has been served on (i) all parties consenting to electronic service via the Court's CM/ECF system, (ii) the Office of the United States Trustee via email, (iii) the 20 largest unsecured creditors and all secured creditors via email, fax, or U.S. mail. On March 27, 2019, the Debtor informed the Office for the United States Trustee that first day motions would be filed in this case.

4. <u>Suggested Hearing Date</u>. The Debtor requests a hearing date, pursuant to consultation with the Court, on Tuesday, April 2, 2019, or as soon as practicable.

5. <u>Supporting Argument</u>. The Debtor supports this motion as set forth below.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334. The Court has subject matter jurisdiction over this motion pursuant to 28 U.S.C. § 157(b)(2).

7. Venue is proper pursuant to 28 U.S.C. § 1408 and 1409.

8. The statutory predicates for the relief requested herein are sections 105(a), 1107, and 1108 of the Bankruptcy Code.

**BACKGROUND**

9. The Debtor filed its Chapter 11 petition on March 28, 2019. The Debtor is operating its business and managing its locations as debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No creditors' committee, trustee or examiner has been appointed in this case.

10. The Debtor has filed a Declaration of its Chief Operating Officer, Winnie Toler (the "Toler Declaration"), which includes the history of the Debtor, a summary of the Debtor's operations, and the reasons for filing Chapter 11. *See* Docket No. 9. The Toler Declaration filed in this case is incorporated herein by reference.

11. As of the petition date, the Debtor has two accounts, both of which are at Bank of America, 414 Union Street, Nashville, Tennessee 37219. The Debtor believes that Bank of America is an authorized depository under the applicable guidelines established by the Office of the United States Trustee.

   a. Account No. 444014676837 ("Capstone Pediatrics PLLC Operating Account"). This is an operating account. All business deposits are made through this account. This serves as the primary checking account.

   b. Account No. 003789367579 ("Capstone Pediatrics PLLC Payroll Account"). This is a payroll account. All payroll payments are made through this account.

12. The Debtor respectfully requests permission to continue its current collection and disbursement system. Payments from payers are made to the Debtor through its primary operating account. Payments are typically made by way of the Automated Clearing House (ACH). Any cash or paper checks received by the Debtor are also placed into the primary account.

13. The Debtor respectfully requests permission to establish a third account with Bank of America, the sole purpose of which is to hold funds earmarked for professionals within the Bankruptcy who are representing and/or acting on behalf of the Debtor, and whose fees are included in the DIP Financing budget and carve-out.

3

14. With respect to credit card payments, these are recorded and processed through a company called First Data Corporation. The Debtor participates in a web-based portal known as "Payeezy") that accepts credit card information. At the end of each day, payments are batched and then deposited into the Debtor's primary operating account.

15. Payments made by the Debtor are also made from this primary account. This includes payments to all vendors, payroll checks, and employee benefits contributions.

16. The primary account will be subject to automatic sweeps in favor of CDS Business Services, Inc. d/b/a Newtek Business Credit, which is providing DIP Financing to the Debtor.

17. The Debtor is not aware of any prejudice that will result from continuing to use its primary account instead of opening a new debtor-in-possession (DIP) account. If the Debtor is forced to open a new DIP account and close its current account, then all payers would have to change the account information for the Debtor. There would be risk that payments could be delayed, and there would further be additional administrative oversight and management of the accounts receivable to ensure timely payment.

**RELIEF REQUESTED**

18. The Debtor hereby seeks authority to maintain its "Capstone Pediatrics PLLC Operating Account", its "Capstone Pediatrics PLLC Payroll Account, and the The Debtor further seeks authority to continue to make, receive, and process payments as it did prior to the petition date. The Debtor's system is efficient, transparent, and not prejudicial to any creditors. Changing the Debtor's system for accounting and using cash would be disruptive, cause undue burden, and increase administrative costs for the Debtor.

4

19. Bankruptcy courts routinely permit Chapter 11 debtors to continue using their existing cash management systems, generally treating requests for such relief as a relatively "simple matter." *In re Baldwin-United Corp.,* 79 B.R. 321, 327 (Bankr. S.D. Ohio 1987); *see also Official Comm. Of Unsecured Creditors v. Columbia Gas Sys. Inc. (In re Columbia Gas Sys. Inc.)*, 997 F.2d 1039, 1061 (3rd Cir. 1993) (noting with approval the bankruptcy court's finding that a requirement to maintain all accounts separately "would be a huge administrative burden and economically inefficient."); *Charter Co. v. Prudential Ins. Of Am. (In re Charter Co.)*, 778 F.2d 617, 621 (11th Cir. 1985) (holding that the debtors' post-petition use of their pre-petition "routine cash management system" was "entirely consistent" with applicable provisions of the Bankruptcy Code).

20. The Debtor further seeks the authority to implement ordinary course changes to its cash management system in the event the Debtor concludes that changes in the cash management system are beneficial to its business, and/or to ensure compliance with its DIP Financing Agreement, including the establishment of a third banking account with Bank of America, the sole purpose of which is to hold funds earmarked for professionals within the Bankruptcy who are representing and/or acting on behalf of the Debtor, and whose fees are included in the DIP Financing budget and carve-out  The Debtor seeks authority to make such changes without further order of the Court so long as such changes are consistent with the Bankruptcy Code.  This includes, but is not limited to, acceptance and processing of bank fees and charges associated with the Debtor's maintenance of its cash management system, provided that such fees and charges were specifically set forth in the terms and conditions of an agreement executed by both the Debtor and respective banking institution, and/or establishing any protocols required by Newtek under the DIP Financing Agreement.

5

**WHEREFORE**, for the reasons set forth herein, the Debtor respectfully requests that the Court enter an order (a) authorizing the Debtor to continue using its cash management system and bank accounts.

Respectfully submitted,

/s/ David W. Houston, IV
David W. Houston, IV (20802)
Emily C. Taube (019323)
BURR & FORMAN LLP
222 Second Avenue South, Suite 2000
Nashville, Tennessee 37201
Telephone: (615) 724-3215
Facsimile: (615) 724-3315
etaube@burr.com
dhouston@burr.com

*Counsel for Debtor Capstone Pediatrics, PLLC*

**CERTIFICATE OF SERVICE**

On March 28 2019, the foregoing was served via CM/ECF on all parties consenting to electronic service in this case, and by regular mail, fax, or email (as applicable) to (i) the Debtor's twenty largest unsecured creditors, (ii) the Office of the United States Trustee, and (iii) all secured creditors.

/s/ David W. Houston, IV
David W. Houston, IV (20802)
