IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No: 3:19-bk-1971 |
| CAPSTONE PEDIATRICS, PLLC, | ) | Chapter 11 |
| | ) | Judge _____ |
| Debtor. | ) | |

## ORDER AUTHORIZING MAINTENANCE AND USE OF EXISTING BANK ACCOUNTS, AND CASH MANAGEMENT SYSTEM

On _____, 2019, a hearing was conducted on the Debtor's *Expedited Motion for Entry of Order Authorizing Maintenance and Use of Existing Bank Accounts, and Cash Management System* (Docket No. \_\_) (the "Motion"). The Court, having reviewed the Motion and having determined that the relief requested in the Motion is in the best interest of the Debtor, its estate, its creditors, and other parties in interest, in is hereby ORDERED as follows:

1. The Motion is GRANTED.

2. Notice of the Motion was served in accordance with all applicable rules. No objections were filed in opposition to the Motion.

3. The Debtor is specifically authorized to continue to use as its debtor-in-possession account the primary operating account at Bank of America, Account No. _____ and its _____ account at Bank of America, Account No. _____. All other accounts shall be closed on an expedited bases.

5. Bank of America is authorized to continue service and administer the Debtor's existing bank accounts without interruption and in the ordinary course, and to receive, process, honor and pay any and all checks, drafts, wires and automated clearing house transfers issued and

drawn on the Debtor's bank accounts after the Petition Date by the holders or makers thereof, as the case may be.

6.   The Debtor is authorized to establish an additional account with Bank of America for the purpose of holding funds earmarked for professionals within the Debtor's bankruptcy who are representing or acting on behalf of the Debtor, and included in the DIP Financing budget and carveout.

7.   The Debtor is authorized, without seeking further order of the Court, to implement ordinary course changes to its cash management system in the event the Debtor concludes that changes in the cash management system are beneficial to its business and in order to comply with the terms of its DIP Financing Agreement, including, but not limited to, acceptance and processing of bank fees and charges associated with the Debtor's maintenance of its cash management system, provided that such fees and charges were specifically set forth in the terms and conditions of an agreement executed by both the Debtor and respective banking institution, and/or establishing any protocols required by Newtek under the DIP Financing Agreement.

IT IS SO ORDERED

*This Order was signed and entered electronically as indicated at the top of the first page.*

APPROVED FOR ENTRY:

/s/ David W. Houston, IV
David W. Houston, IV (20802)
Emily C. Taube (019323)
BURR & FORMAN LLP
222 Second Avenue South, Suite 2000
Nashville, Tennessee 37201
Telephone: (615) 724-3215
Facsimile: (615) 724-3315
etaube@burr.com
dhouston@burr.com

*Counsel for Debtor Capstone Pediatrics, PLLC*