IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 3:19-bk-1971 |
| CAPSTONE PEDIATRICS, PLLC, ) | Chapter 11 |
| ) | Judge _____ |
| Debtor. ) | |

**EXPEDITED MOTION FOR AUTHORIZATION TO
PAY PREPETITION WAGES, COMPENSATION AND EMPLOYEE BENEFITS**

The Debtor hereby moves this Court for entry of an Order pursuant to Sections 105 (a) and 363(b) of Title 11 of the United States Code (the "Bankruptcy Code") authorizing the Debtor to pay prepetition wages, compensation and employee benefits. The Debtor offers the following in support of this motion:

**SUMMARY OF RELIEF REQUESTED**

1. <u>Expedited Relief Requested</u>. The Debtor respectfully requests the Court to authorize the Debtor to pay wages, compensation and employee benefits that accrued before the petition date.

2. <u>Basis for Urgency</u>. This Motion must be considered on an expedited basis to ensure that all employees are allowed to be compensated for the pre-petition work they performed for the Debtor. If employees are not compensated for work they performed, it is likely that they will vacate their positions and leave the Debtor unable to provide patient care to appropriate standards. It is extremely important that the Debtor maintains a "business as usual" image to its employees, and granting this Motion is consistent with that goal.

3. <u>Notice</u>. This motion has been served on (i) all parties consenting to electronic service via the Court's CM/ECF system, (ii) the Office of the United States Trustee via email, (iii) the 20 largest unsecured creditors and all secured creditors via email, fax, or U.S. mail. On

March 28, 2019, the Debtor informed the Office for the United States Trustee that first day motions would be filed in this case.

4. Suggested Hearing Date. The Debtor requests a hearing date on Tuesday, April 2, 2019 at 10:00 a.m., or as soon as practicable.

5. Supporting Argument. The Debtor supports this Motion as set forth below.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334. The Court has subject matter jurisdiction over this motion pursuant to 28 U.S.C. § 157(b)(2).

7. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8. The statutory predicates for the relief requested herein are sections 105(a) and 363(b).

## BACKGROUND

9. The Debtor filed its Chapter 11 petition on March 28, 2019. The Debtor is operating its business and managing its locations as debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No creditors' committee, trustee or examiner has been appointed in this case.

10. The Debtor has filed a declaration of its Chief Operating Officer, Winnie Toler (the "Toler Declaration"), which includes the history of the Debtor, a summary of the Debtor's operations, and the reasons for filing Chapter 11. *See* Docket No. 12. The Toler Declaration filed in this case is incorporated herein by reference.

# WAGES AND BENEFITS

### A. Wages

11. The Debtor has approximately 58 employees, although the exact number may fluctuate based on attrition.

12. The Debtor uses a 2-week payroll cycle such that begins on a Sunday and ends on a Saturday. Payments are made on the Friday following the end of the cycle. The most recent payroll period ended March 16, 2019. The Debtor then paid its employees on March 22, 2019. Some checks that were issued have not yet been cashed by all of the Debtor's employees. The Debtor seeks authority to allow such checks to be cashed and to clear the Debtor's bank account.

13. No bonuses accrued or were unpaid as of the petition date. Accordingly, the Debtor does not seek authority to pay any bonuses.

14. A portion of the Debtor's workforce is comprised of hourly employees. These employees use a "clock-in/clock-out" system via a web-based ADP Workforce Management Portal. A portion of the Debtor's workforce are salaried and paid based on a standard 80 hours per pay period schedule. Paid Time Off (PTO) for eligible employees is accrued in the aforementioned portal. The wages and benefits owed to employees were determined based upon a review of the Debtor's compensation management systems.

15. As of the filing of this Motion, checks issued to employees but not yet cashed total $295,628.76. A breakdown of this amount, with the name of the employee that corresponds with each amount owed, is attached hereto as Exhibit A. All amounts were earned and became due and payable prior to the petition date.

16. No employee, irrespective of the amount owed, shall be paid in excess of $12,850.00 which represents the maximum amount any such employee would be entitled to receive as a priority claimant pursuant to 11 U.S.C. § 507(a)(4).

17. All of the obligations for which the Debtor seeks authorization to honor were earned by individuals employed by the Debtor and are for services rendered prior to the petition date.

**B. Benefits**

18. The benefits provided by the Debtor include (i) employee insurance and (ii) a 401k retirement savings plan.

   a. <u>Employee Insurance</u>. The Debtor offers dental and vision (Guardian), and life/short-term disability (Companion Life) insurance.

   b. <u>401k</u>. The Debtor uses ERISA Partners as its third party 401k administrator. Twenty-one employees participate in the plan. As of the petition date, ERISA Partners was owed $15,537.53, which is an accrual from all payroll periods from September 15, 2018 to March 21, 2019. A breakdown of how much the Debtor pays into the plan for each participating employee is attached hereto as Exhibit B.

**RELIEF REQUESTED**

19. By this Motion, the Debtor requests that, pursuant to Bankruptcy Code §§ 105(a) and 363(b), the Court authorize the Debtor to pay the wages and benefits described above. The Debtor further requests to continue its practices, programs, and policies with respect to the wages and benefits as such practices, programs, and policies were in effect as of the petition date.

## BASIS FOR RELIEF

20. Unless an order approving payment of the wages and benefits is entered, the Debtor will be prohibited from paying its employees. If the Debtor does not pay its employees in a timely fashion, the employees would immediately quit, become disgruntled, suffer personal financial distress, and/or question their job security. Any of these reactions is detrimental to the Debtor's reorganization efforts. It is imperative that the Debtor is able to keep its employees, as the lifeblood of the business, on good terms. The relief requested herein supports its attempts to restructure without causing concern among the Debtor's workforce.

21. To the extent necessary, the Debtor further requests that the Court authorize Bank of America to honor and pay all pre-petition and post-petition checks issued or to be issued, and fund transfers requested or to be requested, by the Debtor in respect of the wages and benefits that were not paid as of the petition date.

23. Finally, authorization of the payment of the prepetition obligations should not be deemed to constitute post-petition assumption or adoption of any policy, plan, program, or employment agreement pursuant to Bankruptcy Code § 365. The Debtor is in the process of reviewing these matters and reserves all of its rights under the Bankruptcy Code with respect thereto.

**WHEREFORE**, the Debtor respectfully requests this Court enter an order granting the Debtor authorization to: (a) pay the wages and benefits described herein, (b) continue its practices, programs, and policies with respect to the wages and benefits as such practices, programs, and policies were in effect as of the petition date, and (c) such other and further relief as this Court may deem just and proper.

Respectfully submitted,

/s/ David W. Houston, IV
David W. Houston, IV (20802)
Emily C. Taube (019323)
BURR & FORMAN LLP
222 Second Avenue South, Suite 2000
Nashville, Tennessee 37201
Telephone: (615) 724-3215
Facsimile: (615) 724-3315
etaube@burr.com
dhouston@burr.com

*Counsel for Debtor Capstone Pediatrics, PLLC*

## CERTIFICATE OF SERVICE

On March 28, 2019, the foregoing was served via CM/ECF on all parties consenting to electronic service in this case, and by regular mail, fax, or email (as applicable) to (i) the Debtor's twenty largest unsecured creditors, (ii) the Office of the United States Trustee, and (iii) all secured creditors.

/s/ David W. Houston, IV
David W. Houston, IV (020802)