# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

In re:                                    )
                                          )      Case No: 3:19-bk-1971
CAPSTONE PEDIATRICS, PLLC,                )      Chapter 11
                                          )      Judge _____
    Debtor.                               )

## ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF JIM DAVIS AS CHIEF RESTRUCTURING OFFICER AND CHIRON ADVISORY SERVICES, LLC AS TURNAROUND ADVISORY FIRM

This matter having come before the Court upon an expedited motion (the "Motion") pursuant to Bankruptcy Rule 9014 and LBR 9075-1 for an order under Section 363(b)(1) of the Bankruptcy Code authorizing the Debtor's employment of Jim Davis and Chiron Advisory Services, LLC ("Chiron"), and the Court having reviewed and considered the Motion and the Declaration of Jim Davis in support of the Motion and being otherwise sufficiently advised, it is hereby

ORDERED that the Motion is GRANTED;

ORDERED that the above-captioned Debtor (the "Debtor") be authorized to employ and retain Jim Davis as chief restructuring officer and Chiron Advisory Services, LLC as turnaround advisory firm, pursuant to section 363(b) of the Bankruptcy Code for the purpose of allowing Mr. Davis and Chiron to provide the services to the Debtor as described and outlined in the Motion; and, it is further

ORDERED that Davis and Chiron's fees and expenses (the "Fees") described in the terms of proposed engagement attached as Exhibit A to the Motion (the "Engagement Agreement") are reasonable and appropriate under the circumstances; and it is further

ORDERED that the Debtor, by and through Mr. Davis, in his capacity as CRO, is authorized, but not directed, to pay, in the ordinary course of business, all Fees invoiced by Chiron incurred in connection with Mr. Davis's and Chiron's retention; and it is further

ORDERED that Mr. Davis and Chiron shall file reports of compensation earned and expenses incurred and payed on a monthly basis (the "Monthly Reports") and provide notice to the Office of the United States Trustee and counsel to any unsecured creditors committee, the proposed DIP Lender and the IRS. Such reports will (a) summarize the services provided to the Debtors, (b) summarize the compensation earned by Mr. Davis and Chiron (if applicable), and (c) itemize the expenses incurred. Notice for the Monthly Reports will provide for a time period of at least 14 days for objections by parties-in-interest and any timely filed objection will be set by hearing and determined by the Court.

ORDERED that the Fees, including any success fees or incentive compensation set forth in the Engagement Agreement, shall be subject to a reasonableness standard, as may be raised by parties with standing at the conclusion of the case; and it is further

ORDERED that Davis and Chiron shall have the authority to:

   (i)    Open and close bank accounts for the Company, including separate payroll accounts;

   (ii)   Write checks for the Company and transfer funds of the Company;

(iii) Monitor and insure timely payment of all payroll and other taxes due to applicable taxing authorities;

(iv) Cause the Company to modify, amend, terminate and/or enforce any of its any contractual rights;

(v) Cause the Company to enter into any agreement or contract that is reasonably necessary to the completion of the 363 Sale or exit financing;

(vi) Cause the Company to comply with all Guidelines of the Office of the United States Trustee;

(vii) Cause the Company to pursue, settle or compromise any litigation, controversy or other dispute involving the Company;

(viii) Make employment-related decisions following consultation with the Company's counsel;

(ix) Collect, account for, and pay all taxes as required by applicable law, including 26 U.S.C. §§ 3102 and 3402, and assume responsibility for such tax payments during the course of the CRO's approved engagement, as set forth by applicable law including 26 U.S.C. § 6672;

(x) Cause the Company to exercise the Company's rights under the Company's agreements and other agreements in favor of the Company;

(xi) Negotiate and enter into agreements with potential DIP lenders;

(xii) Complete a 363 sale of the Company's assets and/or an exit financing;

(xiii) Act on behalf of the Company, as may be specifically ordered by the Bankruptcy Court, including with respect to having the sole authority to write checks, otherwise make payments, and schedule accounts receivable in official reports filed in the Bankruptcy Court and any other reports provided to relevant stakeholders;

(xiv) Cause the Company to prepare one or more plans of reorganization;

(xv) Take all such other acts as may be reasonably necessary and appropriate in the management or operation of the Company or its bankruptcy estate;

(xvi) Use additional personnel as may be necessary at its reasonable discretion; and it is further

ORDERED that all compensation and reimbursement due to Mr. Davis and Chiron in accordance with the Easement Agreement, including without limitation any indemnification obligations, shall be treated and allowed (subject to the compensation review procedures identified in this Order) as administrative expenses in accordance with section 503 of the Bankruptcy Code and shall be paid in accordance with the Engagement Agreement; and it is further

ORDERED that notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

ORDERED that the Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order.

*THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.*

Submitted for entry:

*/s/ David W. Houston, IV*
David W. Houston, IV
Emily C. Taube
Payton M. Bradford
BURR & FORMAN LLP
222 Second Avenue South, Suite 2000
Nashville, Tennessee 37201
Phone: (615) 724-3215
Fax: (615) 724-3315
Email: dhouston@burr.com

*Counsel for Debtor*

Date: March ___, 2019