# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No: 3:19-bk-1971 |
| CAPSTONE PEDIATRICS, PLLC, ) | Chapter 11 |
| ) | Judge Mashburn |
| Debtor. ) | |

## INTERIM AGREED ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF JIM DAVIS AS CHIEF RESTRUCTURING OFFICER AND CHIRON ADVISORY SERVICES, LLC AS TURNAROUND ADVISORY FIRM

This matter having come before the Court upon an expedited motion (the "Motion") pursuant to Bankruptcy Rule 9014 and LBR 9075-1 for an order under Section 363(b)(1) of the Bankruptcy Code authorizing the Debtor's employment of Jim Davis and Chiron Advisory Services, LLC ("Chiron"), and the Court having reviewed and considered the Motion and the Declaration of Jim Davis in support of the Motion and being otherwise sufficiently advised, it is hereby

1. ORDERED that the Motion is GRANTED as set forth herein;

2. ORDERED that the Debtor is authorized to employ and retain Jim Davis as chief restructuring officer and engage Chiron as turnaround advisory firm, pursuant to section 363(b) of the Bankruptcy Code for the purpose of allowing Mr. Davis and Chiron to provide the services to the Debtor on the terms described in the Motion and Engagement Agreement, subject to the following terms, which apply notwithstanding anything in the Motion or the Engagement Agreement to the contrary:

33181744 v1
33181744 v2

(a) Davis and Chiron shall have the sole authority (subject to Bankruptcy Court approval where necessary under the Bankruptcy Code) to:

(i) Open and close bank accounts for the Company, including separate payroll accounts;

(ii) Write checks for the Company and transfer funds of the Company;

(iii) Monitor and insure timely payment of all payroll and other taxes due to applicable taxing authorities;

(iv) Cause the Company to modify, amend, terminate and/or enforce any of its any contractual rights;

(v) Cause the Company to enter into any agreement or contract that is reasonably necessary to the completion of the 363 Sale or exit financing;

(vi) Cause the Company to comply with all Guidelines of the Office of the United States Trustee;

(vii) Cause the Company to pursue, settle or compromise any litigation, controversy or other dispute involving the Company;

(viii) Make employment-related decisions following consultation with the Company's counsel;

(ix) Collect, account for, and pay all taxes as required by applicable law, including 26 U.S.C. §§ 3102 and 3402, and shall assume responsibility for such tax payments during the course of the CRO's approved engagement, as set forth by applicable law including 26 U.S.C. § 6672;

(x) Cause the Company to exercise the Company's rights under the Company's agreements and other agreements in favor of the Company;

(xi) Negotiate and enter into agreements with potential DIP lenders;

(xii) Complete a 363 sale of the Company's assets and/or an exit financing;

(xiii) Act on behalf of the Company, as may be specifically ordered by the Bankruptcy Court, including with respect to having the sole authority to write checks, otherwise make payments, and schedule accounts receivable in official reports filed in the Bankruptcy Court and any other reports provided to relevant stakeholders;

(xiv) Cause the Company to prepare one or more plans of reorganization;

(xv) Take all such other acts as may be reasonably necessary and appropriate in the management or operation of the Company or its bankruptcy estate;

(xvi) Use additional personnel as may be necessary at its reasonable discretion; and it is further

(b) Except as expressly provided in the Motion and Engagement Agreement, Chiron and its affiliates shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with the above-captioned cases.

(c) In the event the Debtor seek to have Chiron personnel assume executive officer positions that are different than the position(s) disclosed in the Motion and Engagement Agreement, or to materially change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new personnel, or (iii) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed.

(d) Chiron shall file with the Court with copies to the United States Trustee ("U.S. Trustee"), CDS, IRS, and any official committees a report of staffing on the engagement

for the previous month. Such report shall include the names and functions filled of the individuals assigned. All staffing shall be subject to review by the Court in the event an objection is filed.

(e) No principal, employee or independent contractor of Chiron and its affiliates shall serve as a director of any of the Debtor during the pendency of the above-captioned case.

(f) Chiron shall file with the Court, and provide notice to the U.S. Trustee, CDS, IRS, and any official committees, reports of compensation earned and expenses incurred on a monthly basis. Such reports shall contain summary charts which describe the services provided, identify the compensation earned by each executive officer and staff employee provided, and itemize the expenses incurred. Time records shall (i) be appended to the reports, (ii) contain detailed time entries describing the task(s) performed, and (iii) be organized by project category. Where personnel are providing services at an hourly rate, the time entries shall identify the time spent completing each task in 1/10/hour increments and the corresponding charge (time multiplied by hourly rate) for each task; where personnel are providing services at a "flat" rate, the time entries shall be kept in hourly increments. All compensation shall be subject to review by the Court in the event an objection is filed.

(g) Subject to the rights to object as set forth in paragraph (f. ) above, the Debtor is authorized, but not directed, to pay, in ordinary course of business, all amounts invoiced by Chiron for fees and expenses incurred in connection with Chiron's retention.

(h) Success fees, transaction fees, or other back-end fees shall be approved by the Court at the conclusion of the case on a reasonableness standard and are not being pre-approved by entry of this Order, with the exception that Chiron may seek approval of the DIP Financing Fee (as defined in the Engagement Agreement) prior to the conclusion of the case, and the Sale Fee (as

4

defined in the Engagement Agreement) at the closing of an approved sale. Neither the DIP Financing Fee nor the Sale Fee are being pre-approved by entry of this Order and both remain subject to review on a reasonableness standard. No success fee, transaction fee or back-end fee shall be sought upon conversion of the case, dismissal of the case for cause, or appointment of a trustee, unless such fee was earned prior to such conversion of the case, dismissal of the case for cause, or appointment of a trustee.

(i) The Debtor is permitted to indemnify those persons serving as executive officers, including the CRO, on the same terms as provided to the Debtor's other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtor's D&O policy.

(j) There shall be no indemnification of Chiron or its affiliates.

(k) For a period of three years after the conclusion of the engagement, neither Chiron nor any of its affiliates shall make any investments in the Debtor or the Reorganized Debtor.

(l) Chiron shall disclose any and all facts that may have a bearing on whether the firm, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtor, its creditors, or other parties in interest. The obligation to disclose identified in this subparagraph is a continuing obligation.

(m) In furtherance of the objectives of this Engagement Agreement, the Debtor agrees that the DIP Lender, CDS, will be able to communicate with Mr. Davis in his role as CRO for the Debtor and with Chiron in its role as turnaround advisory firm to the Debtor and shall have reasonable access to Debtor records and documents that are appropriate for disclosure, including reports generated by the CRO.

5

3. ORDERED that notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further.

4. ORDERED that the Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order.

5. ORDERED that a final hearing on approval of the Employment and Retention of Jim Davis as Chief Restructuring Officer and Chiron Advisory Services, LLC as Turnaround Advisory Firm shall be conducted on **April 30, 2019 at 10 a.m. in Court Room 1** of the United States Customs House, 701 Broadway, Nashville, TN 37203. Any objections to entry of a final order shall be filed no later than 4:00 p.m., Thursday, April 25, 2019.

*THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.*

Submitted for entry:

*/s/ David W. Houston, IV*
David W. Houston, IV
Emily C. Taube
Payton M. Bradford
BURR & FORMAN LLP
222 Second Avenue South, Suite 2000
Nashville, Tennessee 37201
Phone: (615) 724-3215
Fax: (615) 724-3315
Email: dhouston@burr.com

*Counsel for Debtor*


*/s/ Daniel H. Puryear (w/permission)*
Daniel H. Puryear; No. 18190
Puryear Law Group
102 Woodmont Boulevard, Suite 520
Nashville, TN 37205
(615) 630-6601 – Telephone
(615) 630-6602 – Facsimile
dpuryear@puryearlawgroup.com

*Attorney for CDS Business Services, Inc.,
 d/b/a Newtek Business Credit and Newtek
Small Business Finance, LLC*

*/s/ Natalie M. Cox (w/permission)*
Natalie M. Cox
US DEPARTMENT OF JUSTICE
OFFICE OF THE US TRUSTEE
701 Broadway, Ste. 318
Nashville, TN 37203
Phone: 615-736-2259
Fax: 615-736-2260
Email: natalie.cox@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing was filed electronically on April 4, 2019. Notice of this filing was sent by operation of the Court's electronic filing system to all those parties specifically requesting electronic service and as indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system

                              /s/ David W. Houston, IV

33181744 v2
Case 3:19-bk-01971   Doc 42   Filed 04/04/19   Entered 04/04/19 13:29:25   Desc Main Document   Page 8 of 8