**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 3:19-bk-1971 |
| **CAPSTONE PEDIATRICS, PLLC** ) | |
| ) | Chapter 11 |
| **Debtor.** ) | |

**THE DEADLINE FOR FILING A TIMELY RESPONSE IS:**
Thursday, May 2, 2019 by 5:00 p.m. Central Time
**IF A RESPONSE IS TIMELY FILED, THE HEARING WILL BE:**
Tuesday, May 14, 2019 at 8:30 a.m. Central Time,
Courtroom No. 1, Customs House, 701 Broadway, Nashville, TN 37203

**NOTICE OF DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF BURR & FORMAN LLP AS COUNSEL TO DEBTOR, *NUNC PRO TUNC* TO THE PETITION DATE**

The Debtor and Debtor-in-Possession, CAPSTONE PEDIATRICS, PLLC ("Debtor") has filed its *Application for Entry of an Order Authorizing Retention and Employment of BURR & FORMAN LLP as Counsel to Debtor, Nunc Pro Tunc to the Petition Date* (the "Application").

**YOUR RIGHTS MAY BE AFFECTED.** If you do not want the Court to approve the attached Application, or to enter the attached Order, or if you want the Court to consider your views on the Application or Order, then on or before May 2, 2019, you or your attorney must:

1. File with the Court your response or objection explaining your position. **PLEASE NOTE: THE BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE REQUIRES ELECTRONIC FILING. ANY RESPONSE OR OBJECTION YOU WISH TO FILE MUST BE SUBMITTED ELECTRONICALLY. TO FILE ELECTRONICALLY, YOU OR YOUR ATTORNEY MUST GO TO THE COURT WEBSITE AND FOLLOW THE INSTRUCTIONS AT: https://ecf.tnmb.uscourts.gov>.**

    If you need assistance with Electronic Filing you may call the Bankruptcy Court at (615) 736-5584. You may also visit the Bankruptcy Court in person at: 701 Broadway, 1st Floor, Nashville, TN (Monday-Friday, 8:00 a.m. - 4:00 p.m.).

2. **Your response must state that the deadline for filing a response is May 2, 2019, the date of the scheduled hearing is May 14, 2019, and the Application to which you are responding is Application for Entry of an Order Authorizing Retention and Employment of BURR & FORMAN LLP as Counsel to Debtor, Nunc Pro Tunc to the Petition Date.**

1

33200711 v3

3. You must serve your response or objection **by electronic service through the Electronic Filing system** described above. You must also mail a copy of your response or objection to:

> David W. Houston, IV (BPR #20802)
> Emily C. Taube (BPR #19323)
> BURR & FORMAN LLP
> 222 Second Avenue South, Suite 2000
> Nashville, TN 37201
> *Proposed Counsel for Debtor*

If a response is filed before the deadline stated above, the hearing will be held at the time and place indicated above. ***THERE WILL BE NO FURTHER NOTICE OF THE HEARING DATE.*** You may check whether a timely response has been filed by calling the Clerk's Office at (615) 736-5584 or viewing the case on the Court's website at: https://ecf.tnmb.uscourts.gov.

If you or your attorney do not take steps, the Court may decide that you do not oppose the relief sought in the Application and may enter the proposed Order attached hereto granting that relief.

Date: April 11, 2019

> Respectfully submitted,
>
> */s/ David W. Houston, IV*
> David W. Houston, IV (BPR #20802)
> Emily C. Taube (BPR #19323)
> BURR & FORMAN LLP
> 222 Second Avenue South, Suite 2000
> Nashville, TN 37201
> Telephone: (615) 724-3215
> Facsimile: (615) 724-3315
> E-mail: dhouston@burr.com
> etaube@burr.com
> *Proposed Counsel for the Debtor*

## CERTIFICATE OF SERVICE

I certify that I have caused a copy of the foregoing document to be filed pursuant to CM/ECF and served pursuant LBR 2014-1 by first class mail on the Debtor, the U.S. Trustee, all secured claim holders, the 10 largest unsecured creditors, and all parties who, as of the filing of this Application, have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. Parties may access this filing through the Court's electronic filing system.

This 11th day of April, 2019.

> */s/ David W. Houston, IV*
> David W. Houston, IV (BPR #20802)

# MAILING LIST

DEBTOR - CAPSTONE PEDIATRICS, PLLC
1420 DONELSON PIKE, SUITE B-17
NASHVILLE, TN 37217

NATALIE M. COX
US DEPT OF JUSTICE
OFFICE OF THE US TRUSTEE
701 BROADWAY, STE 318
NASHVILLE, TN 37203

**Secured creditors**:

INTERNAL REVENUE SERVICE
P.O. BOX 7346
PHILADELPHIA, PA 19101-7346

NEWTEK SMALL BUSINESS
FINANCE LLC
P. O. BOX 297
LAUREL, NY 11948

CDS BUSINESS SERVICES
60 HEMPSTEAD AVE
WEST HEMPSTEAD NY 11552

**Top 10 Unsecured Creditors:**

DR. EDDIE D. HAMILTON
4822 POST ROAD
NASHVILLE, TN 37205

MERCK SHARP & DOHME, CORP.
P. O. BOX 5254
CAROL STREAM, IL 60197-5254

MCKESSON CORPORATION
P. O. BOX 634404
CINCINNATI, OH 45263-4404

SANOFI PASTEUR, INC.
12458 COLLECTIONS CENTER DR.
CHICAGO, IL. 60693

ATHENAHEALTH, INC.
311 ARSENAL STREET
WATERTOWN, MA 02472

CAM REALTY, LLC C/O REALTY GROUP NORTH
109 MONTGOMERY AVENUE SUITE 102
SCARSDALE, NY 10583

NEXTGEN HEALTHCARE C/O QUALITY SYSTEMS
P. O. BOX 809390
CHICAGO, IL 60680

NOVAGEN
10245 WEST LITTLE YORK RD. SUITE 400
HOUSTON TX 77040

VIII FS-NASHVILLE, LLC C/O CTCRES
4678 WORLD PARKWAY CIRCLE
ST. LOUIS, MO 63134

MCCURRY CONSTRUCTION, LLC
2207 SAINT JOSEPH'S COURT
BRENTWOOD, TN 37027

**Parties Filing Request for Service**:

MICHAEL G ABELOW
Sherrard Roe Voigt & Harbison, PLC
150 3rd Avenue South Suite 1100
NASHVILLE, TN 37201

SEAN CHARLES KIRK
Bone McAllester Norton PLLC
511 Union Street Suite 1600
NASHVILLE, TN 37219

WARD W BENSON
U.S. DEPARTMENT OF JUSTICE
PO BOX 227
WASHINGTON, DC 20044

DANIEL HAYS PURYEAR
PURYEAR LAW GROUP
104 Woodmont Boulevard
The Woodmont Centre, Suite 201
NASHVILLE, TN 37205

RYAN K COCHRAN
WALLER LANSDEN DORTCH & DAVIS LLP
511 UNION STREET SUITE 2700
NASHVILLE, TN 37219

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 3:19-bk-1971 |
| CAPSTONE PEDIATRICS, PLLC ) | |
| ) | Chapter 11 |
| Debtor. ) | |

**APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING RETENTION AND
EMPLOYMENT OF BURR & FORMAN LLP
AS COUNSEL TO DEBTOR, *NUNC PRO TUNC* TO THE PETITION DATE**

The above-captioned debtor and debtor in possession (the "Debtor") hereby applies (the "Application") to the Court for entry of an order substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to, among other things, section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Middle District of Tennessee (the "Local Rules"), authorizing it to employ and retain BURR & FORMAN LLP ("B&F"), as their bankruptcy counsel *nunc pro tunc* to the Petition Date (as defined below). In support of this application (the "Application"), the Debtor submits (i) the declaration of David W. Houston, IV, a Partner at B&F (the "Houston Declaration") attached hereto as Exhibit B, and the Declaration of Winnie Toler, the Debtors' Chief Operating Officer (the "Toler Declaration"), attached hereto as Exhibit C, both in Support of the Application. In further support of the Application, the Debtor respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334 and venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b).

3

33200711 v3

## BACKGROUND

2. On March 28, 2019 (the "Petition Date"), the Debtor filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code.

3. The Debtor manages and operates its business as a debtor in possession under sections 1107(a) and 1108 of the Bankruptcy Code.

4. No official committee of unsecured creditors has yet been appointed in this case.

## RELIEF REQUESTED

5. Pursuant to section 327(a) of the Bankruptcy Code, Rules 2014(a) and 2016 of the Bankruptcy Rules and Local Rules 2014-1 and 2016-1, the Debtor hereby files this Application and requests entry of an order authorizing the Debtor to employ and retain B&F as its bankruptcy counsel *nunc pro tunc* to the Petition Date.

## SERVICES TO BE PROVIDED

6. The Debtor requires B&F to render a variety of legal services during the pendency of this chapter 11 case and to assist the Debtor in addressing the myriad of issues that may arise in this chapter 11 case. Subject to further order of the Court, the Debtor requests the employment and retention of B&F to render professional services, including, but not limited to:

   a. advising the Debtor of its rights, powers, and duties as debtor and debtor in possession under chapter 11 of the Bankruptcy Code;

   b. taking action to protect and preserve the Debtor's estate, including the prosecution of actions on the Debtor's behalf, the defense of actions commenced against the Debtor in this chapter 11 case, the negotiation of disputes in which the Debtor is involved and the preparation of objections to claims filed against the Debtor;

   c. preparing on behalf of the Debtor all motions, applications, answers, orders, reports and papers in connection with the administration of the Debtor's estates;

4

d.  assisting the Debtor with the sale of any of their assets pursuant to section 363 of the Bankruptcy Code;

e.  preparing the Debtor's plan of reorganization;

f.  preparing the Debtor's disclosure statement and any related documents and pleadings necessary to solicit votes on the Debtor's plan of reorganization;

g.  prosecuting on behalf of the Debtor the proposed plan and seeking approval of any transaction(s) contemplated therein and in any amendments thereto;

h.  performing other necessary or desirable legal services in connection with this chapter 11 case; and

## BASIS FOR RELIEF REQUESTED

7.  Under section 327(a) of the Bankruptcy Code, a debtor in possession "with the court's approval, may employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor in possession] in carrying out [its] duties under this title." 11 U.S.C. § 327(a). Such employment may be based on "any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on fixed percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

8.  The Debtor believes that B&F is well qualified to represent it in its chapter 11 case in an efficient and timely manner. The Debtor has selected B&F as its counsel because of the firm's extensive experience and knowledge in the fields of debtor's and creditors' rights, business reorganizations, restructurings, and liquidations under chapter 11 of the Bankruptcy Code, its expertise, experience, and knowledge in practicing before this Court, its proximity to this Court, and its ability to respond quickly to emergency hearings and other emergency matters. B&F's services will enable the Debtor to execute faithfully its duties as debtor in possession.

9.  To that end, B&F has stated its desire and willingness to act in this chapter 11 case and to render the necessary processional services as counsel to the Debtor.

5

**PROFESSIONAL COMPENSATION**

**A.  Professional Fees**

10. B&F intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court. Subject to those provisions, the Debtor proposes to pay B&F its customary hourly rates in effect from time to time as set forth in the Houston Declaration. The Debtor submits that these rates are reasonable. The principal professionals and paraprofessionals designated to represent the Debtor and its current standard hourly rates are as follows:

| **Attorney** | **Status** | **Hourly Rate** |
|---|---|---|
| David W. Houston, IV | Partner | $475 |
| Emily C. Taube | Partner | $450 |
| J. Patrick Warfield | Partner | $375 |
| Payton M. Bradford | Associate | $275 |
| Nicole Keefe | Associate | $275 |
| Melanie Mayes | Paralegal | $225 |

11. The Debtor understands that B&F's hourly rates are set at a level designed to compensate B&F fairly for the work of its attorneys and paralegals and to cover fixed and routine expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions (which adjustments will be reflected in the first B&F application following such adjustments) and are consistent with the rates charged elsewhere.

12. Other than the periodic adjustments described above, B&F's hourly rates and financial terms for the services performed prior to the petition date are identical to the hourly rates and financial terms of the postpetition engagement proposed herein. The Debtor understands that these hourly rates are consistent with the rates that B&F charges

6

33200711 v3

other comparable chapter 11 clients and are not significantly different from the rates that B&F charges in non-bankruptcy representations. Notwithstanding the consistent hourly rates, B&F as a practice reviews all time charges and makes adjustments as necessary to correct any inefficiencies that may appear before billing.

13. Prior to the Petition Date, the Debtor paid B&F a total retainer of $50,000.00 (the "Retainer") in connection with and in contemplation of this chapter 11 case, which was used to fund B&F's account and to pay fees and expenses incurred, as well as fees and expenses anticipated to be incurred prior to the commencement of the chapter 11 case. Prior to the Petition Date, B&F drew down certain amounts of such funds that corresponded with work performed and expenses incurred pursuant to B&F's representation of the Debtor. To the extent any amount of the Retainer was not expended for prepetition services and disbursements, the Debtor proposes that such amounts be treated as an evergreen retainer to be held by B&F as security throughout this chapter 11 case until B&F's fees and expenses are awarded by final order and paid to B&F.

14. Other than as set forth in the Houston Declaration, no arrangement is proposed between the Debtor and B&F for compensation to be paid in this chapter 11 case. B&F has informed the Debtor that, except for sharing arrangements among the Partners of B&F, it has no agreement with any other entity to share any compensation received, nor will any be made, except s permitted under section 504(b)(1) of the Bankruptcy Code.

**B.     Expenses**

15. It is B&F's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, photocopying, facsimiles, travel, business meals, computerized research, regular mail and express mail charges, special or hand delivery charges, witness fees, and other fees related to trials and hearings. Internal costs or

overhead cost and document production services (including regular secretarial and word processing time), will not be charged for separately. B&F will charge the Debtor for these expenses in a manner and at rates consistent with charges made generally to B&F's other clients or as previously fixed by this Court. B&F believes that it is fair to charge these expenses to the clients incurring them instead of increasing hourly rates and spreading these expenses among all clients.

## DISINTERESTEDNESS

16. To the best of the Debtor's knowledge and except as is disclosed in the Houston Declaration (i) B&F is a "disinterested person" under section 101(14) of the Bankruptcy Code, and (ii) B&F does not hold or represent an interest adverse to the Debtor's estates.

17. While B&F currently represents McKesson Corporation, a potential party in interest set forth on Exhibit 1 to the Houston Declaration in matters unrelated to the Debtor, B&F has obtained a conflict waiver from McKesson with respect to this proceeding and the Debtor is satisfied that B&F's prior representation of McKesson will not pose a conflict in any way in B&F's representation of the Debtor.

## BANKRUPTCY RULE 5002

18. As set forth in the Houston Declaration, no partner, counsel or associate of B&F is a relative of, or has been so connected with, any United States Bankruptcy Judge for the Middle District of Tennessee, any of the District Court Judges for the Middle District of Tennessee who handle bankruptcy cases, the United States Trustee for Region 8, the Assistant United States Trustee for the Middle District of Tennessee, the attorney for the United States Trustee assigned to this chapter 11 case or any other employee of the Office of the United States Trustee. Accordingly, the appointment of B&F is not prohibited by Bankruptcy Rule 5002.

8

33200711 v3

Case 3:19-bk-01971   Doc 71   Filed 04/11/19   Entered 04/11/19 11:09:04   Desc Main
Document      Page 9 of 10

## NOTICE

19. The Debtor will provide notice of this Application on the date hereof via CM/ECF, and via U.S. first class mail to: (i) the Debtor; (ii) the U.S. Trustee; (iii) all secured claim holders; (iv) the ten largest unsecured creditors; and (v) all parties who, as of the filing of this Application, have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.

20. The Debtor respectfully submits that, in light of the nature of the relief requested, no further notice is necessary or required.

## NO PRIOR APPLICATION

21. The Debtor has not made any prior application for the relief requested herein to this Court or any other court.

WHEREFORE, the Debtor hereby respectfully requests that the Court grant the relief requested herein and for such further relief as is deemed just and proper.

April 11, 2019

                                                    */s/ Winnie Toler*
                                                  Winnie Toler
                                                  Chief Operating Officer
                                                  CAPSTONE PEDIATRICS, LLC

**Submitted by:**

*/s/ David W. Houston, IV*
David W. Houston, IV (BPR #20802)
Emily C. Taube (BPR #19323)
BURR & FORMAN LLP
222 Second Avenue South, Suite 2000
Nashville, TN 37201
Telephone: (615) 724-3215
Facsimile: (615) 724-3315
E-mail: dhouston@burr.com;
etaube@burr.com

*Proposed Counsel for the Debtor*

9

33200711 v3