## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Case No. 3:19-bk-1971** |
| **CAPSTONE PEDIATRICS, PLLC** | ) | |
| | ) | **Chapter 11** |
| Debtor. | ) | |

**DECLARATION OF DAVID W. HOUSTON, IV IN SUPPORT OF DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF BURR & FORMAN LLP AS COUNSEL TO DEBTOR, *NUNC PRO TUNC* TO THE PETITION DATE**

David W. Houston, IV, under penalty of perjury, states as follows:

1. I am an attorney at law and a partner of the law firm of BURR & FORMAN LLP ("B&F"). B&F is a law firm with 19 offices. Its Nashville, Tennessee office is located at 222 Second Avenue South, Suite 2000, Nashville, Tennessee 37201.

2. I submit this declaration in support of the Application (the "Application") of the above-captioned debtor and debtor in possession (the "Debtor") for entry of an order approving the retention and employment of B&F as its counsel in the Debtor's chapter 11 case, in compliance with and to provide disclosure pursuant to sections 329 and 504 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") and rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Middle District of Tennessee (the "Local Rules"). Unless otherwise stated in this declaration, I have personal knowledge of the facts hereinafter set forth. To the extent that any information disclosed herein requires amendment or modification upon B&F's completion of further analysis, or as additional creditor information becomes available to it, a supplemental declaration will be submitted to the Court.

3. B&F will (i) provide bankruptcy law and Tennessee law expertise to the Debtor, including advising the Debtor on issues of local practice and the Local Rules; (ii) communicate with the Court and Office of the United States Trustee for the Middle District of Tennessee with respect to the Debtor's filing and the chapter 11 case; (iii) draft, review,

comment on and coordinate the filing of various documents and pleadings in the chapter 11 case; and (iv) appear in Court on behalf of the Debtor.

4. Subject to the approval of this Court and in compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules and the Local Rules, B&F intends to apply for compensation for professional services rendered in connection with this chapter 11 case, plus reimbursement of actual, necessary expenses and other charges incurred by B&F during the case.

5. The principal professionals and paraprofessionals designated to represent the Debtor and their current standard hourly rates are as follows:

| Attorney | Status | Hourly Rate |
|---|---|---|
| David W. Houston, IV | Partner | $475 |
| Emily C. Taube | Partner | $450 |
| J. Patrick Warfield | Partner | $375 |
| Payton M. Bradford | Associate | $275 |
| Nicole Keefe | Associate | $275 |
| Melanie Mayes | Paralegal | $225 |

6. The hourly rates set forth above are B&F's standard hourly rates for work of this nature. These rates are set at a level designed to compensate B&F fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions (which adjustments will be reflected in the first B&F fee application following such adjustments) and are consistent with the rates charged elsewhere. Other than these potential periodic adjustments, B&F does not expect any changes during the pendency of this chapter 11 case.

7. B&F's hourly rates and financial terms for the services performed prior to the Petition Date are identical to the hourly rates and financial terms of the postpetition engagement proposed herein. These hourly rates are consistent with the rates that B&F

charges other comparable chapter 11 clients and are not significantly different from the rates that B&F charges in non-bankruptcy representations. None of B&F's professionals included in this engagement have varied their rate based on the geographic location of the chapter 11 case. Notwithstanding the consistent hourly rates, B&F as a practice reviews all time charges and makes adjustments as necessary to correct any inefficiencies that may appear before billing.

8. As described in the Toler Declaration, the Debtor has reviewed and approved B&F's standard rate structure and believes that it is appropriate and is not significantly different from (a) the rates that B&F charges for other non-bankruptcy representations or (b) the rates of other comparably skilled professionals. B&F and the Debtors have not agreed to any variations from, or alternatives to, B&F's standard or customary billing arrangements for this engagement, other than the understanding that B&F will review all time charges and make adjustments as necessary to correct any inefficiencies.

9. It is B&F's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, photocopying, facsimiles, travel, business meals, computerized research, regular mail and express mail charges, special or hand delivery charges, witness fees, and other fees related to trials and hearings. Internal costs or overhead cost and document production services (including regular secretarial and word processing time), will not be charged for separately. B&F will charge the Debtor for these expenses in a manner and at rates consistent with charges made generally to B&F's other clients or as previously fixed by this Court. B&F believes that it is fair to charge these expenses to the clients incurring them instead of increasing hourly rates and spreading these expenses among all clients.

33200711 v3

Case 3:19-bk-01971    Doc 71-2    Filed 04/11/19    Entered 04/11/19 11:09:04    Desc Exhibit Exhibit B- Houston Declaration    Page 3 of 9

10. Neither I, B&F, nor any partner, counsel, associate or other attorney at B&F, insofar as I have been able to ascertain, has in the past represented the Debtor's largest creditors other than McKesson as disclosed in the application, any significant beneficiaries of the Debtor (holding 5% or more of the beneficial interest in the Debtor), or any Potential Party in Interest (as defined below), except as hereinafter set forth.

11. In preparing this declaration, B&F used a set of procedures established by B&F to ensure compliance with the requirements of the Bankruptcy Code and the Bankruptcy Rules regarding retention of professionals by debtors in possession under the Bankruptcy Code. In that regard, B&F requested and obtained a list of names and entities who may be parties in interest in the chapter 11 case, including *inter alia*, the Debtor's secured creditors, if any, the Debtor's largest unsecured creditors, present and former officers and directors of the Debtor, and parties holding equity interests in the Debtor (the "<u>Potential Parties in Interest</u>").

12. B&F maintains and systematically updates its conflict check system in the regular course of its business, and it is the regular practice of B&F to make and maintain these records. The conflict system maintained by B&F is designated to include (i) every matter on which it is now or has been engaged, (ii) the entity by which it is now or has been engaged, (iii) the identity of related parties, (iv) the identity of adverse parties, and (v) the attorney at B&F that is knowledgeable about the matter. It is the policy of B&F that no new matter may be accepted or opened within the firm without completing and submitting to those charged with maintaining the conflict check system the information necessary to check each such mater for conflicts, including the identity of the prospective client, the matter and the related and adverse parties. Accordingly, the database is updated for every new matter undertaken by B&F. The scope of the system is a function of the completeness and accuracy of the information submitted to the attorney opening a new matter.

33200711 v3

Case 3:19-bk-01971    Doc 71-2    Filed 04/11/19    Entered 04/11/19 11:09:04    Desc Exhibit Exhibit B- Houston Declaration    Page 4 of 9

13. B&F has in the past represented, currently represents, and/or may in the future represent, in matters wholly unrelated to the Debtor or the chapter 11 case, certain Potential Parties in Interest (including, without limitation, those entities set forth on Exhibit 1 attached hereto, who are current clients or are affiliates thereof, or who have been represented by B&F within the last five (5) years). Moreover, B&F will not represent any of the Potential Parties in Interest in any facet of the Debtor's case. With respect to McKesson Corporation and its affiliates, a Potential Party in Interest who B&F has represented in the past and currently in unrelated matters, B&F has obtained a conflict waiver from McKesson Corporation.

14. I do not believe there is any connection or interest (as such terms are used in section 101(14) of the Bankruptcy Code and Bankruptcy Rule 2014(a)) between B&F and any attorney employed by the Office of the United States Trustee for the Middle District of Tennessee or any counsel, accountants, financial consultants, and investment bankers who represent or may represent claimants or other parties in interest in this case. In addition, as part of its practice, B&F appears in cases, proceedings, and transactions involving many different attorneys, counsel, accountants, financial consultants, and investment bankers, some of which now or may in the future represent claimants and parties in interest in this case. B&F has not and will not represent any such entities in relation to the Debtor and its chapter 11 case nor does B&F have any relationship with any such entities that would be adverse to the Debtor or its estate in the matters upon which B&F is to be employed.

15. Prior to the Petition Date, B&F rendered legal services to the Debtor in connection with and in contemplation of the Debtor's chapter 11 filing. B&F received $50,000.00 (the "Retainer") to cover fees and expenses actually incurred, as well as anticipated to occur, prior to the commencement of the bankruptcy case. Prior to the Petition Date, B&F drew down the Retainer for work performed and expenses incurred

33200711 v3
Case 3:19-bk-01971    Doc 71-2    Filed 04/11/19    Entered 04/11/19 11:09:04    Desc
Exhibit Exhibit B- Houston Declaration    Page 5 of 9

pursuant to B&F's representation of the Debtor. An accounting summary of payments made to B&F is attached hereto as <u>Exhibit 2</u>. To the extent any amount of the Retainer has not been expended for prepetition services and disbursements, the Debtor proposes that B&F hold the balance of the Retainer as an evergreen retainer in this chapter 11 case as discussed in the Application.

16. Except as set forth herein, and based upon the information available to me, neither I, B&F, nor any Partner, Counsel or Associate thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtor or its estate in the matters upon which B&F is to be employed in this case. Based upon the information available to me, I believe that B&F is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

17. No promises have been received by B&F, or by any Partner, Counsel or Associate thereof, as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. B&F has no agreement with any other entity to share with such entity any compensation received by B&F.

18. To the best of my knowledge, no attorney at B&F is a relative of, currently has, or previously has had any connection with the any United States Bankruptcy Judge for the Middle District of Tennessee, any of the District Court Judges for the Middle District of Tennessee who handle bankruptcy cases, the United States Trustee for Region 8, the Assistant United States Trustee for the Middle District of Tennessee, the attorney for the United States Trustee assigned to these chapter 11 cases or any other employee of the Office of the United States Trustee. Accordingly, I understand that the appointment of B&F is not prohibited by Bankruptcy Rule 5002.

19. B&F will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. Pursuant to Local Rule 2014-1, to the extent that B&F learns of any additional material information relating to its employment (such as potential or actual conflicts of interest), B&F will file and serve a supplemental declaration with the Court setting forth the additional information.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

April 11, 2019  */s/ David W. Houston, IV*
David W. Houston, IV

33200711 v3

Case 3:19-bk-01971    Doc 71-2    Filed 04/11/19    Entered 04/11/19 11:09:04    Desc
Exhibit Exhibit B- Houston Declaration    Page 7 of 9

# EXHIBIT 1

## Potential Parties-in-Interest

**McKesson Corporation**
**Cigna**
**United Healthcare**
**Stericycle**
**Access**
**Pro Assurance**
**Henry Schein**
**Charter Communications**
**CIT**
**Hanover Insurance**
**Easy Money**
**Harpeth Financial**
**Centennial Medical**
**Mutual of Omaha**
**Mitel Corp.**
**Berkshire Hathaway**
**Vanderbilt University**
**Accent**
**The Middle Tennessee Electric Membership**
**CubeSmart**
**Hanover Insurance Group**
**Franklin Collection**
**Aetna Life**
**Office Depot**

33200711 v3

Case 3:19-bk-01971    Doc 71-2    Filed 04/11/19    Entered 04/11/19 11:09:04    Desc
Exhibit Exhibit B- Houston Declaration    Page 8 of 9

**Exhibit 2 – Accounting Summary of Payments**

| Date | Transaction | Amount | Retainer Balance |
|---|---|---|---|
| 2/20/19 | Wire transfer deposit of retainer | $20,000.00 | $20,000.00 |
| 3/1/19 | Wire transfer deposit of retainer | $5,000.00 | $25,000.00 |
| 3/22/19 | Wire transfer deposit of retainer | $25,000.00 | $50,000.00 |
| 3/28/19 | Invoice for services rendered | $45,737.10 | $4,262.90 |