IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 3:19-bk-1971 |
| **CAPSTONE PEDIATRICS, PLLC** ) | |
| ) | **Chapter 11** |
| Debtor. ) | |

**DECLARATION OF WINNIE TOLER IN SUPPORT OF DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF BURR & FORMAN LLP AS COUNSEL TO DEBTOR, *NUNC PRO TUNC* TO THE PETITION DATE**

The declarant, under penalty of perjury, states as follows:

1. My name is Winnie Toler. I am over the age of 21 and am competent in all respect to make this Declaration. I am the Chief Operating Officer of CAPSTONE PEDIATRICS, PLLC (the "Debtor").

2. I make this declaration in support of the *Debtor's Application for Entry of an Order Authorizing the Retention and Employment of BURR & FORMAN LLP as Counsel to Debtor, Nunc Pro Tunc to the Petition Date* (the "Application"). Except as otherwise noted, all facts in this Declaration are based on my personal knowledge of the matters set forth herein, information gathered from my review of relevant documents and information supplied to me by other members of the Debtor's management and the Debtor's advisors.

**THE DEBTOR'S SELECTION OF COUNSEL**

3. The Debtor recognizes that a comprehensive review process is necessary when selecting and managing restructuring counsel to ensure that restructuring professionals are subject to the same client-driven market forces, scrutiny and accountability as professionals in non-restructuring engagements.

4. Upon determining that this chapter 11 case would likely be filed in the United States Bankruptcy Court for the Middle District of Tennessee, the Debtor selected BURR & FORMAN LLP ("B&F") to serve as its bankruptcy counsel. B&F was selected because of

the firm's extensive experience and knowledge in the field of debtor's and creditor's rights, business reorganizations and liquidations under chapter 11 of the Bankruptcy Code, its expertise, experience and knowledge in practicing before this Court, its proximity to the court and its ability to respond quickly to emergency hearings and other emergency matters. The Debtor continues to believe that B&F is uniquely qualified to represent it in this chapter 11 case.

## RATE STRUCTURE

5. B&F has informed the Debtor that it believes that B&F's rate structure for this engagement is comparable to the rate structure that would apply in a non-restructuring engagement. In my experience working with other outside law firms for the Debtor and on other matters, I believe that B&F's rates are comparable to those of firms similar to B&F.

6. As discussed below, I am also responsible for reviewing the invoices regularly submitted by B&F, and can confirm that the rates B&F charged the Debtor prior to the Petition Date, subject to permitted periodic rate increases, are the same as the rates B&F will charge the Debtor in the postpetition period, as set forth in the Application.

## COST SUPERVISION

7. The Debtor and B&F expect to develop a prospective budget and staffing plan to reasonably comply with any requests for information and additional disclosures, and any other orders of the Court, recognizing that in the course of a chapter 11 case, it is possible that there may be a number of unforeseen fees and expenses that will need to be addressed by the Debtor and B&F. The Debtor further recognizes that it is its responsibility to monitor closely the billing practices of its counsel to ensure the fees and expenses paid by the estate remain consistent with the Debtor's expectations and the exigencies of this chapter 11 case. The Debtor will continue to review the invoices that B&F regularly submits and, together with B&F, amend the budget and staffing plans periodically as the case develops.

33200711 v3

Case 3:19-bk-01971    Doc 71-3    Filed 04/11/19    Entered 04/11/19 11:09:04    Desc
Exhibit Exhibit C- Toler Declaration    Page 2 of 3

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

April 10, 2019

                                            */s/ Winnie Toler*
                                            Winnie Toler
                                            Chief Operating Officer
                                            CAPSTONE PEDIATRICS, PLLC

33200711 v3

Case 3:19-bk-01971    Doc 71-3    Filed 04/11/19    Entered 04/11/19 11:09:04    Desc Exhibit Exhibit C- Toler Declaration    Page 3 of 3