IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 3:19-bk-0971 |
| CAPSTONE PEDIATRICS, PLLC, | ) | Chapter 11 |
| | ) | Judge Mashburn |
| Debtor. | ) | |

**MOTION FOR ENTRY OF ORDER DETERMINING THAT
THE APPOINTMENT OF A PATIENT CARE OMBUDSMAN IS NOT NECESSARY**

Capstone Pediatrics, PLLC (the "Debtor") respectfully submits this *Motion for Entry of Order Determining that the Appointment of a Patient Care Ombudsman is Not Necessary* (the "Motion") pursuant to Local Bankruptcy Rule 2007.2-1, 11 U.S.C. § 333 and Rule 2007.2 of the Federal Rules of Bankruptcy Procedure. The following is offered in support of this Motion:

**INTRODUCTION**

4. On March 28, 2019 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

5. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334. The subject matter of this motion is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(A) and (M). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**COMPANY BACKGROUND**

6. The Debtor is a pediatric health care provider and operates multiple locations throughout Middle Tennessee. The Debtor is a "health care business" under 11 U.S.C. § 101(27A).

7. The Debtor is one of the largest independent privately held pediatric practices in the Middle Tennessee region. Its mission is to deliver personalized, quality care to improve and maintain its patients' health and wellbeing. The Debtor employs 15 medical professionals, and

has between 25,000 and 35,000 patients. In 2017, it experienced gross revenues of $22,817,640.00 and patient visits of approximately 120,000.

8. The Debtor's Chief Operating Officer Winnie Toler has filed a Declaration in Support of certain Motions (the "Toler Declaration"), which includes the history of the Debtor, a summary of the Debtor's operations, and the reasons for filing Chapter 11. (*See* Docket No. 12). The Toler Declaration is incorporated herein by reference.

9. The Debtor is subject to the Health Insurance Portability and Accountability Act (HIPAA). The Debtor complies with HIPAA and Tennessee law regarding the retention of patient records. The Debtor secures and maintains patient records in the office for a minimum of 20 years. Most of the patient information that is used in the day-to-day operations of the practice is stored electronically, and hard copy printouts of patient information are used sparingly to help safeguard patients' privacy. Prior to employment, the Debtor's employees sign an acknowledgement that the practice is subject to HIPAA and that they will not disclose patient information.

10. The Debtor is fully licensed to operate its facilities. The Debtor's insurance policies in connection with the practice are current.

11. The Debtor is owned by Dr. Gary Griffieth. The curriculum vitae for Dr. Griffieth is attached hereto as part of collective Exhibit A.

12. The Debtor is not under investigation by any governmental or regulatory authorities, and all systems, procedures, and protocol is compliant with applicable law. There have not been any reports made against the Debtor regarding any professional malfeasance or abuse.

13. There is little likelihood of tension between the patient and the Debtor, as the Debtor does not propose to reduce services or shut down during the bankruptcy. It is in the best interests of the estate to maintain a high standard of patient care.

14. The Debtor's bankruptcy filing was caused by issues entirely unrelated to patient care.

## REQUESTED RELIEF

15. By this Motion, the Debtor requests a determination that appointment of an Ombudsman is not necessary.

16. Pursuant to 11 U.S.C. § 333, an Ombudsman must be appointed in health care business cases unless the Court finds that appointment of an Ombudsman is not necessary to protect patients under the specific facts of the case.

18. In *In re Alternate Family Care*, the Court established a comprehensive test for evaluating whether an Ombudsman is necessary in a particular case. 377 B.R. 754 (S.D. Fla. 2007). *See also In re William L. Saber M.D., P.C.*, 369 B.R. 631, 637 (Bankr. D. Colo. 2007) (holding that Ombudsman unnecessary in part because Debtor's bankruptcy was not caused by concerns related to patient care or patient records); *In re The Total Woman Healthcare Center, P.C.*, 2006 Bankr. LEXIS 3411 (Bankr. M.D. Ga. Dec. 14, 2006) (holding that Ombudsman was not necessary because Debtor's bankruptcy was not caused by concerns about patient care or patient records, and Debtor performed no major surgeries on site).

19. The *Alternate Family* Court delineated nine non-exclusive factors which must be considered in the totality of the circumstances: (1) the cause of the bankruptcy; (2) the presence and role of licensing or supervising entities; (3) the debtor's past history of patient care; (4) the ability of

the patients to protect their rights; (5) the level of dependency of the patients on the facility; (6) the likelihood of tension between the interests of the patients and debtor; (7) the potential injury to the patients if the debtor drastically reduced its level of patient care; (8) the presence and sufficiency of internal safeguards to ensure appropriate level of care; and (9) the impact of the cost of an Ombudsman on the likelihood of a successful reorganization. Evaluation of these factors in this case demonstrates that an Ombudsman is not necessary.

20. Evaluation of these factors in this case demonstrates that an Ombudsman is not necessary for the following reasons: (1) the cause of the bankruptcy filing was unrelated to patient care issues and there is no evidence the financial difficulties have impacted the Debtor's ability to provide quality patient care; (2) the physicians, nurse practitioners, and medical staff employed by the Debtor are in good standing with the State of Tennessee and all licenses are current; (3) the Debtor is not aware of unresolved patient complaints, and the Debtor is not under investigation for any issues related to patient care; (4) the Debtor's patients are typically minors, but such patients have parents or guardians who assert rights on behalf of the patients; (5) the Debtor's patients have choices as to their pediatric care provider in the Nashville area and are not required to be seen at the Debtor's facilities; (6) there is no evidence that the Debtor's interests and the patient's interests are not aligned; (7) the Debtor does not provide invasive surgery or critical care and safeguards its patient records; therefore, patients are minimally exposed to potential injury in the unlikely event that Debtor reduces its level of patient care; (8) the Debtor has internal mechanisms and safeguards to ensure the patients receive proper care; and (9) the impact of the cost of an Ombudsman would be detrimental to the likelihood of a successful reorganization.

21. In support of the evaluation of these factors, attached hereto as <u>Exhibit A</u> is the

Declaration of Dr. Gary Griffieth and Winnie Toler, Ph.D.

22. In addition to the *Alternate Family* factors, there are additional factors which also evidence that appointment of an Ombudsman are unnecessary. These additional factors include the following: (1) the primary issues in the Chapter 11 will involve financial reorganization rather than operational matters; and (2) the Debtor is managing its affairs as a debtor-in-possession, and no Chapter 11 trustee has been appointed.

23. Additionally, the Debtor's budget is limited such that it simply cannot afford the expense associated with the appointment of an Ombudsman

24. Finally, if the Court agrees that an Ombudsman is not required for the protection of patients, nothing precludes the Court from revisiting patient care issues if circumstances warrant. Bankruptcy Rule 2007.2(b) provides that the U.S. Trustee or any party in interest can move for the appointment of an Ombudsman during a case if appointment of an Ombudsman becomes necessary to protect patients.

**WHEREFORE**, the Debtor respectfully requests the entry of an Order: (a) finding that the appointment of an Ombudsman is not necessary in this case; and (b) granting such other and further relief as is just and appropriate.

Respectfully Submitted,

/s/ David W. Houston, IV
David W. Houston, IV (20802)
Emily C. Taube (019323)
**BURR & FORMAN LLP**
222 Second Avenue South, Suite 2000
Nashville, Tennessee 37201
Telephone: (615) 724-3215
Facsimile: (615) 724-3315
dhouston@burr.com;etaube@burr.com

*Proposed Counsel for Debtor Capstone Pediatrics, PLLC*

## **CERTIFICATE OF SERVICE**

       I hereby certify that a true and correct copy of the foregoing was filed electronically on April 24, 2019. Notice of this filing was sent by operation of the Court's electronic filing system to all those parties specifically requesting electronic service and as indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

                                                /s/ David W. Houston, IV
                                                David W. Houston, IV (020802)

33252254 v1
Case 3:19-bk-01971   Doc 91   Filed 04/24/19   Entered 04/24/19 12:50:03   Desc Main
Document   Page 6 of 6