## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 3:19-01971 |
| Capstone Pediatrics, PLLC, | ) | |
| | ) | Judge Randal S. Mashburn |
| Debtor. | ) | |

## MOTION OF HEALTHSPRING LIFE AND HEALTH INSURANCE COMPANY, INC. FOR RELIEF FROM THE AUTOMATIC STAY AS NECESSARY TO PERMIT TERMINATION OF A CERTAIN SERVICE AGREEMENT

HealthSpring Life and Health Insurance Company, Inc. ("HealthSpring"), by and through its undersigned counsel, hereby moves this Court for the entry of an order granting relief from the automatic stay to the extent necessary to permit a certain Service Agreement with the debtor Capstone Pediatrics, PLLC ("Debtor") to terminate. In support of this Motion, HealthSpring states as follows:

### Background

1. On March 28, 2019 ("Petition Date"), Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2. As of the Petition Date, HealthSpring and Debtor were parties to a certain Multi-Specialty Physician Group Service Agreement, including any schedules and amendments thereto ("Service Agreement"), pursuant to which Debtor provides Medicare Advantage healthcare services to eligible participants within the HealthSpring Network.

3. Prior to the Petition Date, The Centers for Medicare and Medicaid Services ("CMS"), a federal agency within the United States Department of Health and Human Services, placed Debtor on the Medicare Preclusion List. Under CMS regulations, HealthSpring is required to remove Debtor from its provider Network.

4. The Service Agreement provides that either party may terminate the Service Agreement without cause upon ninety (90) days advanced written notice. By letter dated January 30, 2019, Cigna advised Debtor in writing that it was terminating the Service Agreement as of 12:01 a.m., May 1, 2019. To the extent that Debtor had a right to appeal that termination, such right expired on March 1, 2019, prior to the Petition Date.

5. HealthSpring seeks relief as necessary to permit the Service Agreement to terminate as of May 1, 2019.

## Jurisdiction

6. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicate for the relief sought herein is section 362(d) of the Bankruptcy Code.

## Relief Requested and Basis Therefor

7. Written notice of termination of the Service Agreement was issued by Cigna to Debtor on January 30, 2019, prior to the Petition Date. Issuance of that written notice terminated the Service Agreement as of May 1, 2019. Once the written notice was issued, there remained nothing more to be done except the running of time. *See, I/M New Media Irjax, Inc.*, 19 B.R. 199, 200-201 (M.D. Fla. 1982). This contractually-triggered result does not require relief from the automatic stay under section 362 of the Bankruptcy Code.

8. It is well established that the cancellation of a contract according to its terms does not violate the stay. *See, e.g., Advisory Information & Management Systems, Inc. v. Prime Computer, Inc.*, 40 B.R. 1001, 1006 (M.D. Tenn. 1984) ("[t]he Bankruptcy Code neither enlarges the rights of the debtor under a contract, nor prevents the termination of a contract by its own terms"); *In re New England Marine Services, Inc.*, 174 B.R. 391 (Bankr. E.D.N.Y. 1994) ("nothing in the Bankruptcy Code . . . enlarges the rights of the debtor . . . or . . . prevents the

2

61833858.1
Case 3:19-bk-01971    Doc 96    Filed 05/01/19    Entered 05/01/19 16:21:13    Desc Main
Document    Page 2 of 5

termination of the insurance under the policy's own cancellation provisions. . . . To require an insurance carrier to abandon its contractual rights as the Debtors' request, is tantamount to sending notice to all insurance companies that when dealing with a debtor-in-possession, contractual provisions are of no import"). A debtor in bankruptcy has no greater rights or powers under a contract than the debtor would have outside of bankruptcy. *See, Valley Forge Plaza Assocs. v. Schwartz*, 114 B.R. 60, 62-63 (E.D. Pa. 1990); *see also, In re Tudor Motor Lodge Assoc. Ltd. P'ship*, 102 B.R. 936, 942 (Bankr. D.N.J. 1989) (Bankruptcy "is not intended to expand the Debtors' rights against others more than they exist at the commencement of the case").

9. However, out of an abundance of caution, HealthSpring respectfully requests that this Court grant relief from the automatic stay to the extent that such relief is necessary to allow the Service Agreement to terminate pursuant to its terms.

10. To the extent that relief from the automatic stay is necessary to permit automatic termination, section 362(d)(1) of the Bankruptcy Code provides for the lifting of the automatic stay where "cause" exists:

> On request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay – (1) for cause....

*See* 11 U.S.C. § 362(d)(1). The Bankruptcy Code, however, does not define "cause." Therefore, what constitutes cause must be determined on a case-by-case basis. *Pursifull v. Eakin*, 814 F.2d 1501, 1506 (10th Cir. 1987). Sufficient "cause" under section 362(d)(1) of the Bankruptcy Code is certainly present in this case.

11. Due to its own violations of applicable laws and/or regulations, Debtor was placed on the Medicare Preclusion List. Permitting the Service Agreement to continue would materially alter the terms of the Service Agreement, and effectively force HealthSpring to keep

3

61833858.1
Case 3:19-bk-01971    Doc 96    Filed 05/01/19    Entered 05/01/19 16:21:13    Desc Main
                                Document    Page 3 of 5

Debtor within its Network, despite CMS' mandate to the contrary. This constitutes "cause" to grant HealthSpring the relief requested.

WHEREFORE, HealthSpring respectfully requests that this Court enter an order granting (i) HealthSpring relief from the automatic stay to the extent necessary to allow the termination of the Service Agreement as of May 1, 2019, and (ii) such other and further relief to HealthSpring as is just and equitable.

Dated: May 1, 2019

WYATT TARRANT & COMBS LLP

/s/ B. Anthony Saunders
B. Anthony Saunders
333 Commerce Street
Suite 1400
Nashville, TN 37201
Telephone: (615) 251-6670
Facsimile: (615) 256-1726
Email: tsaunders@wyattfirm.com

and

CONNOLLY GALLAGHER, LLP

/s/ Jeffrey C. Wisler
Jeffrey C. Wisler (DE Bar No. 2795)
1201 North Market Street, 20th Floor
Wilmington, DE 19081
Telephone: (302) 757-7300
Facsimile: (302) 658-0380
Email: jwisler@connollygallagher.com

Counsel for HealthSpring Life and Health Insurance Company, Inc.

#05458624

## CERTIFICATE OF SERVICE

I hereby certify that, on May 1, 2019, a copy of the foregoing document was transmitted electronically to the parties consenting to electronic service in this case through the ECF system maintained by the United State Bankruptcy Court for the Middle District of Tennessee.

/s/ B. Anthony Saunders
B. Anthony Saunders