Form prelimhr

# United States Bankruptcy Court

## MIDDLE DISTRICT OF TENNESSEE

In re:
    Capstone Pediatrics, PLLC

Case No. **3:19–bk–01971**
Chapter: 11    Judge: Randal S Mashburn

    Movant:    HEALTHSPRING LIFE AND HEALTH INSURANCE COMPANY, INC.
  v.
    Respondents:    CAPSTONE PEDIATRICS, PLLC

## NOTICE OF PRELIMINARY HEARING AND PREHEARING ORDER

THIS IS NOTICE THAT A PRELIMINARY HEARING OF THE MOTION FOR RELIEF FROM STAY HAS BEEN SET ON **5/28/19 AT 08:30 AM IN Courtroom 1, 2nd Floor Customs House, 701 Broadway, Nashville, TN 37203**.

RESPONDENT SHALL FILE AND SERVE A RESPONSE TO THE MOTION FOR RELIEF FROM STAY AT LEAST 7 DAYS BEFORE THE PRELIMINARY HEARING. FAILURE TO TIMELY FILE AND SERVE A RESPONSE TO THE MOTION SHALL BE DEEMED A STATEMENT OF NO OPPOSITION. **IF NO TIMELY RESPONSE IS FILED, THE PRELIMINARY HEARING SCHEDULED ABOVE WILL NOT BE HELD AND THE MOVANT SHALL SUBMIT AN ORDER GRANTING THE REQUESTED RELIEF.** IF A TIMELY RESPONSE IS FILED, THE PRELIMINARY HEARING SCHEDULED ABOVE WILL BE HELD AND ALL PARTIES SHALL COMPLY WITH THE PROVISIONS BELOW.

In the event a final hearing is necessary, the final hearing will be scheduled by the court at the preliminary hearing.

**COUNSEL FOR EACH PARTY IS ORDERED** to file **no later than 4:00 p.m. on the 3rd business day before the preliminary hearing,** a **"PREHEARING STATEMENT"** containing the following:

### FOR MOVANT

1. A brief statement of each cause for relief from the stay.
2. A brief summary of movant's contentions of fact in support of each cause for relief from the stay and the evidence to be relied upon to establish those facts.

### FOR RESPONDENT

1. A brief statement of each defense.
2. A brief summary of respondent's contentions of fact in support of each defense, and the evidence to be relied upon to establish those facts.

### FOR ALL PARTIES

1. A statement of all admitted uncontested facts.
2. Each Party's brief statement of contested facts.
3. Each party's brief statement of contested legal issues.
4. The affidavits or other documentary proof which each party submits in support of its contentions. Any creditor asserting a lien or security interest shall include proof of its lien or security interest and **proof of perfection.** All such affidavits or documents shall be exchanged by the parties at or before the time of filing of the PREHEARING STATEMENT.

### PROCEDURE AT PRELIMINARY HEARING

At the preliminary hearing, the Court will consider the motion and response, the PREHEARING STATEMENT and attachments and the arguments of counsel. Upon the motion of a party filed and served at least 72 hours prior to the preliminary hearing, the Court may permit the questioning of witnesses at the preliminary hearing.

## APPLICATION OF LBR 9014–1

1. If no timely response is filed and served, LBR 9014–1c shall not apply.
2. If a timely response is filed and served and if a final hearing is scheduled by the court:
   a. The Required Disclosures in LBR 9014–1d(1)(a) and (b) shall be completed by all parties no later than 7 days after the preliminary hearing.
   b. The Required Disclosures in LBR 9014–1d(1)(c) shall be completed no later than 14 days before any final hearing.
   c. The Pretrial Disclosures in LBR 9014–1d(2) shall be completed no later than 7 days before any final hearing.

Failure to comply with this order may result in dismissal of the action, default, the assessment of costs and attorneys fees or other appropriate remedies.

Dated: 5/2/19     /s/ Randal S Mashburn
United States Bankruptcy Judge

For a Chapter 7, 12 or 13 case, the clerk shall mail a copy of this order to the debtor(s), attorney for the debtor(s), trustee, U.S. trustee, any committee elected (§ 705) and attorney for movant.

In a Chapter 11 case, the clerk shall mail a copy to the attorney for movant. The attorney for the movant shall mail a copy of this order to the debtor(s), the trustee (if appointed), the U.S. trustee, any committee appointed pursuant to § 1102 or the 20 largest unsecured creditors, if no committee is appointed.