## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 3:19-01971 |
| Capstone Pediatrics, PLLC, | ) | |
| | ) | Judge Randal S. Mashburn |
| Debtor. | ) | |

## MOTION OF CIGNA FOR RELIEF FROM THE AUTOMATIC STAY AS NECESSARY TO PERMIT TERMINATION OF CERTAIN MANAGED CARE AGREEMENTS

Cigna HealthCare of Tennessee, Inc. ("Cigna Tennessee") and Connecticut General Life Insurance Company ("CGLIC," and jointly with Cigna Tennessee, "Cigna"), by and through their undersigned counsel, hereby move this Court for the entry of an order granting relief from the automatic stay to the extent necessary to permit certain Group Practice Managed Care Agreements with the debtor Capstone Pediatrics, PLLC ("Debtor") to terminate. In support of this Motion, Cigna states as follows:

### Background

1. On March 28, 2019 ("Petition Date"), Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2. As of the Petition Date, Cigna Tennessee and Debtor were parties to a certain Group Practice Managed Care Agreement, including all schedules and amendments thereto ("Tennessee Agreement"), pursuant to which Debtor provided healthcare services to eligible participants within the Cigna Network through Debtor's healthcare facilities ("Facilities").

3. As of the Petition Date, CGLIC and Debtor were parties to a certain Group Practice Managed Care Agreement, including all schedules and amendments thereto ("CGLIC Agreement," and jointly with the Tennessee Agreement, the "Managed Care Agreements"),

pursuant to which Debtor provided healthcare services to eligible participants within the Cigna Network through the Facilities.

4.　　The Managed Care Agreements each provide that either party may terminate the Agreements without cause upon sixty (60) days advanced written notice.

5.　　The Facilities are closed. These closures effectively ended the function and purpose of the Managed Care Agreements.

6.　　In accordance with the terms of the Tennessee Agreement, by letter dated September 6, 2019, Cigna Tennessee provided Debtor with written notice of termination of the Tennessee Agreement, effective as of 12:01 a.m., November 5, 2019.

7.　　In accordance with the terms of the CGLIC Agreement, by letter dated September 6, 2019, CGLIC provided Debtor with written notice of termination of the CGLIC Agreement, effective as of 12:01 a.m. November 5, 2019.

8.　　Cigna seeks relief as necessary to permit the Managed Care Agreements to terminate as of November 5, 2019.

## Jurisdiction

9.　　This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicate for the relief sought herein is section 362(d) of the Bankruptcy Code.

## Relief Requested and Basis Therefor

10.　　Sixty days' written notice of termination of both of the Managed Care Agreements was properly issued by Cigna to Debtor in accordance with the Managed Care Agreements. Issuance of that written notice terminated the Managed Care Agreements as of November 5, 2019. This contractually-triggered result does not require relief from the automatic stay under section 362 of the Bankruptcy Code.

2

11.      It is well established that the cancellation of a contract according to its terms does not violate the stay. *See*, *e.g.*, *Advisory Information & Management Systems, Inc. v. Prime Computer, Inc.*, 40 B.R. 1001, 1006 (M.D. Tenn. 1984) ("[t]he Bankruptcy Code neither enlarges the rights of the debtor under a contract, nor prevents the termination of a contract by its own terms"); *In re New England Marine Services, Inc.*, 174 B.R. 391 (Bankr. E.D.N.Y. 1994) ("nothing in the Bankruptcy Code . . . enlarges the rights of the debtor . . . or . . . prevents the termination of the insurance under the policy's own cancellation provisions. . . . To require an insurance carrier to abandon its contractual rights as the Debtors' request, is tantamount to sending notice to all insurance companies that when dealing with a debtor-in-possession, contractual provisions are of no import"). A debtor in bankruptcy has no greater rights or powers under a contract than the debtor would have outside of bankruptcy. *See*, *Valley Forge Plaza Assocs. v. Schwartz*, 114 B.R. 60, 62-63 (E.D. Pa. 1990); *see also*, *In re Tudor Motor Lodge Assoc. Ltd. P'ship*, 102 B.R. 936, 942 (Bankr. D.N.J. 1989) (Bankruptcy "is not intended to expand the Debtors' rights against others more than they exist at the commencement of the case").

12.      However, out of an abundance of caution, Cigna respectfully requests that this Court grant relief from the automatic stay to the extent that such relief is necessary to allow the Managed Care Agreements to terminate pursuant to their terms.

13.      To the extent that relief from the automatic stay is necessary to permit termination, section 362(d)(1) of the Bankruptcy Code provides for the lifting of the automatic stay where "cause" exists:

> On request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay – (1) for cause....

61873335.1

*See* 11 U.S.C. § 362(d)(1).  The Bankruptcy Code, however, does not define "cause."  Therefore, what constitutes cause must be determined on a case-by-case basis.  *Pursifull v. Eakin*, 814 F.2d 1501, 1506 (10th Cir. 1987).  Sufficient "cause" under section 362(d)(1) of the Bankruptcy Code is certainly present in this case.

14.     The Facilities are closed.  Permitting the Managed Care Agreements to continue would materially alter the terms thereof, and will, *inter alia*, force Cigna to keep the Facilities listed in its Network, despite the fact that the Facilities are closed.  Further, the estate has no need for payor contracts relating to closed facilities.  This constitutes "cause" to grant Cigna the relief requested.

15.     Counsel for Cigna contacted counsel for the Debtor in writing in advance of filing this Motion in an effort to determine the necessity of the Motion.  However, the issue was not resolved.

WHEREFORE, Cigna respectfully requests that this Court enter an order granting (i) Cigna relief from the automatic stay to the extent necessary to allow the termination of the Managed Care Agreements as of November 5, 2019, and (ii) such other and further relief to Cigna as is just and equitable.

Dated:  September 6, 2019          WYATT TARRANT & COMBS LLP

                                   /s/ B. Anthony Saunders
                                   B. Anthony Saunders
                                   333 Commerce Street
                                   Suite 1400
                                   Nashville, TN  37201
                                   Telephone:     (615) 251-6670
                                   Facsimile:     (615) 256-1726
                                   Email: tsaunders@wyattfirm.com


                                        and

4

CONNOLLY GALLAGHER, LLP
Jeffrey C. Wisler (DE Bar No. 2795)
1201 North Market Street, 20th Floor
Wilmington, DE  19081
Telephone: (302) 757-7300
Facsimile:  (302) 658-0380
Email: jwisler@connollygallagher.com

Counsel for Cigna HealthCare of Tennessee, Inc. and
Connecticut General Life Insurance Company

## CERTIFICATE OF SERVICE

  I hereby certify that, on September 6, 2019, a copy of the Motion of Cigna for Relief from the Automatic Stay as Necessary to Permit Termination of Certain Managed Care Agreements was transmitted electronically to the parties consenting to electronic service in this case through the ECF system maintained by the United State Bankruptcy Court for the Middle District of Tennessee.

    /s/ B. Anthony Saunders
    B. Anthony Saunders