**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| IN RE: CAPSTONE PEDIATRICS, PLLC | ) | |
| | ) | |
| | ) | |
| LAVON HOUSE, | ) | |
| | ) | |
|     Movant, | ) | |
| | ) | |
| vs. | ) | **CASE NO: 3:19-bk-01971** |
| | ) | **(CHAPTER 11)** |
| | ) | |
| CAPSTONE PEDIATRICS, PLLC, | ) | |
| | ) | |
|     Respondent. | ) | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

Comes now LaVon House, by and through the undersigned counsel, and moves this Court for Relief from Automatic Stay, stating:

### JURISDICTION

1.      This proceeding was initiated by the filing of a voluntary petition for relief by Capstone Pediatrics, PLLC ("Debtor") filed under Chapter 11 of Title 11 of the Unites States Code, 11 U.S.C. §§ 101-1532, et seq., on March 28, 2019.

2.      This court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. § 1334(b). Venue is proper pursuant to 28 U.S.C. § 1409(a). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (G) and (O). This court has the authority and the power to enter a final order in this matter.

### BACKGROUND FACTS

3.      On April 20, 2018, LaVon House filed a lawsuit against Capstone Pediatrics, PLLC, Gary Griffieth, M.D., and Lauren Fincher Devine (collectively, "Defendants"). A copy of

the Complaint is attached hereto as Exhibit "A" and incorporated by reference.

4.      The lawsuit was filed in the Davidson County, Tennessee Circuit Court as Case No. 18C1014 ("State Court Suit") and seeks damages against Defendants for health care liability for alleged torts arising under Tennessee state law. The State Court Suit also seeks damages to be determined by a jury.

5.      On or about March 28, 2019, Debtor filed a voluntary petition for relief pursuant to Chapter 11 of Title 11, United States Code ("Petition") (Case No. 3:19-bk-01971).

6.      Since April, 2018, the parties to the State Court Suit have undergone significant litigation and discovery. However, because of the filing of the above-styled bankruptcy case, LaVon House is stayed from further action against the three defendants in the State Court Suit. LaVon House should be allowed to move forward with discovery in the State Court Suit and proceed to trial against all Defendants, including the Debtor.

## ARGUMENT

7.      LaVon House seeks relief from the automatic stay to proceed to trial. Although 11 U.S.C. § 362 does not attempt define "cause," courts have identified several nonexclusive factors which may be considered in making a determination of whether or not to modify the stay to permit litigation against a debtor to proceed in another forum. *See, e.g., In re Curtis,* 40 B.R. 795, 799800 (Bankr. Utah 1984).

8.      LaVon House is entitled to relief from the automatic stay because: (1) the State Court Suit promotes judicial economy and the expeditious and economical determination of litigation for the parties; (2) the State Court Suit has progressed to the point where the parties have participated in significant discovery, have taken depositions, and had a scheduling order in

place; (3) the State Court Suit seeks a trial by jury; and (4) the impact of the stay on the parties and the "balance of hurt" favors LaVon House.

9. The State Court Action seeks to liquidate LaVon House's claim upon which a portion (or all) of such claim should be covered by Debtor's insurance. Any issue as to non-dischargeability will be reserved for this Court's jurisdiction.[1]

10. All of the claims involved in the State Court Suit arise under non-bankruptcy law[2] and do not require the application of any bankruptcy law to resolve.

11. Given the procedural history of the State Court Action and _two_ co-defendants, which are not before this Court, the Davidson County, Tennessee Circuit Court is in the best position to proceed to trial and liquidate LaVon House's claim. The State Court Suit has been pending for more than a year, and the parties have participated in significant discovery and depositions. The State Court Suit has progressed to the point where it would be a waste of the parties' and court's resources to begin anew in this Court. The Davidson County, Tennessee Circuit Court is familiar with the suit and is in the best position to proceed to trial. *See In re Tapia,* 271 B.R. 213 (10th Cir. BAP 2000).

12. In addition, any judgment's preclusive effect on this bankruptcy will undeniably be

---

[1] If, after further investigation, it is determined that LaVon House's claim against Debtor is a nondischargeable claim under 11 U.S.C. § 523(c). To the extent such claim is discovered, while this Court has exclusive jurisdiction of nondischargeability claims under 11 U.S.C. § 523(c), it does not have exclusive jurisdiction to determine the amount of the debt. When there are multiple parties involved in the non-bankruptcy litigation, as are in this matter (the State Court Suit involves three defendants), considerations of judicial economy support relief from the automatic stay to continue litigation in the non-bankruptcy forum. In these situations, the Bankruptcy Court may exercise its discretion to grant relief from the automatic stay and exercising discretionary abstention while simultaneously imposing appropriate conditions to prevent prejudice to the bankruptcy estate or the Debtor until the remaining bankruptcy issues are resolved by the Bankruptcy Court. Thus, the Bankruptcy Court may permit the non-bankruptcy action to proceed, but restrain execution on any judgment until the dischargeability of the debt has been determined in the Bankruptcy Court. After the conclusion of the non-bankruptcy action, it may be possible, through the application of collateral estoppel, to streamline the additional Bankruptcy Court proceedings that are necessary to determine dischargeability. *See, e.g., In re Glunk,* 342 B.R. 717, 742 & n. 38 (Bankr. E.D. Pa. 2006); *In re Brown,* 951 F.2d 564, 570 (3d Cir. 1991).

[2] Tennessee state law applies.

in the best interest of judicial economy and obviate the need for this Court to preside over a complete re-litigation of the issues that will be presented and tried in Davidson County, Tennessee.

13.     Further, the State Court Suit involves two other co-defendants and this court lacks jurisdiction over those co-defendants.

14.     Mandatory abstention applies to the State Court Suit pursuant to 28 U.S.C. § 1334(c)(2). 28 U.S.C. § 1334(c)(2) requires bankruptcy courts to abstain from hearing non-core, state law claims. Specifically, in cases "related to a case under title 11 but not arising under title 11 or arising in a case under title 11" that "could not have been commenced in a court of the United States absent jurisdiction under" 28 U.S.C. § 1334, the Court is required to abstain from hearing the case if the action was "commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction." 28 U.S.C. § 1334(c)(2). The State Court Suit has been pending in Davidson County, Tennessee Circuit Court for more than a year, involves Tennessee state law claims, seeks a trial by jury, does not involve a federal question, and diversity jurisdiction does not exist.

15.     Alternatively, this Court, by recognizing the doctrine of comity and based on respect for State law, should abstain from issues raised in the State Court Suit. *See* 28 U.S.C. § 1334(c)(1); *see also Bellotti v. Baird,* 428 U.S. 132, 143, n. 10 (1976); *Scherer v. Carroll,* 150 B.R. 546, 552 (D. Vt. 1993).

## RELIEF REQUESTED

16.     This Court should grant relief from the automatic stay for cause under 11 U.S.C. § 362(d)(1) of the Bankruptcy Code to permit the State Court Suit to proceed to a final determination of all issues therein.

17.     LaVon House avers that, under the circumstances of this case, any order entered approving this motion should also waive the ten-day stay provisions of Fed. R. Bankr. P. 4001(a)(3).

WHEREFORE, LaVon House moves this Court to enter an order granting immediate relief from stay to permit the parties to proceed to a final determination of all issues in the State Court Suit in the non-bankruptcy forum, that the ten-day stay provisions of Fed. R. Bankr. P. 4001(a)(3) not apply to the order, and for all other just and proper relief to which they are entitled.

Respectfully submitted,

 /s/ Burke Keaty
Jenney S. Keaty (TN BPR#027554)
Burke Keaty (TN BPR#027342)
**Morgan & Morgan- Nashville, PLLC**
810 Broadway, Suite 105
Nashville, TN 37203
Phone: 615-986-6235
Fax: 615-514-4196
Email: JKeaty@forthepeople.com
Counsel for Movant

**CERTIFICATE OF SERVICE**

       I hereby certify that a true and exact copy of the foregoing document has been served upon the following parties via U.S. Mail, electronic notification, facsimile, or otherwise:

Walter W. Bates
Allison J. Adams
STARNES DAVS FLORIE, LLP
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, AL 35259

*Counsel for State Court Suit Defendant*

Marty R. Phillips
Rainey Kizer Reviere & Bell, PLC
105 South Highland Ave.
Jackson, TN 38301

*Counsel for State Court Suit Defendant*

David W. Houston, IV
Burr & Forman, LLP
222 Second Avenue South
Suite 2000
Nashville, TN 37201

*Counsel for Bankruptcy Debtor Capstone Pediatrics, PLLC*

U.S. Trustee
Natalie M. Cox
Office of the United States Trustee
701 Broadway, Ste. 318
Nashville, TN 37203-3966

on this 30th day of September, 2019.

                     MORGAN & MORGAN, PLLC

                     By: */s/ Burke Keaty*_____
                         Jenney S. Keaty (TN BPR#027554)
                         Burke Keaty (TN BPR#027342)