# EXHIBIT A

| CIRCUIT COURT SUMMONS | | NASHVILLE, TENNESSEE |
|---|---|---|

**STATE OF TENNESSEE
DAVIDSON COUNTY
20TH JUDICIAL DISTRICT**

FILED
2018 APR 20 PM 3:54
RICHARD R. ROOKER, CLERK
D.C.

☒ First
☐ Alias
☐ Pluries

LaVon House, Individually, and on behalf of and as Parent and Next of Kin of her infant son, Kelan House, deceased

_____ Plaintiff

CIVIL ACTION
DOCKET NO. _____

Vs.

Capstone Pediatrics, PLLC
c/o Winnie R. Toler
1420 Donelson Pike, Suite B17
Nashville, TN 37217

_____ Defendant

**Method of Service:**
☐ Davidson County Sheriff
☐ Out of County Sheriff
☐ Secretary of State
☒ Certified Mail
☐ Personal Service
☐ Commissioner of Insurance

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: _____

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Jenney S. Keaty |
|---|---|
| | 810 Broadway, Suite 105 |
| | Address |
| | Nashville, TN 37203 |

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

**RICHARD R. ROOKER**
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

_____
**SHERIFF**

♿ To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 20_____, I:

☐ served this summons and complaint/petition on _____

_____ in the following manner:

_____

☐ failed to serve this summons within 90 days after its issuance because _____

_____

_____
Sheriff/Process Server

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20_____ I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Docket No. _____ to the defendant, _____. On the _____ day of _____, 20_____, I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20_____. Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS
_____ DAY OF _____, 20_____.

_____
_____NOTARY PUBLIC or _____DEPUTY CLERK
MY COMMISSION EXPIRES: _____

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON
AUTHORIZED BY STATUTE TO SERVE PROCESS

### NOTICE

TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH

RETURN

RECEIPT

HERE

(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF DAVIDSON

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

RICHARD R. ROOKER, CLERK

(To be completed only if
copy certification required.)

By: _____D.C.

| CIRCUIT COURT SUMMONS | | NASHVILLE, TENNESSEE |
|---|---|---|

**FILED**
2018 APR 20 PM 3:54
RICHARD R. ROOKER, CLERK

# STATE OF TENNESSEE
# DAVIDSON COUNTY
# 20TH JUDICIAL DISTRICT

☒ First
☐ Alias
☐ Pluries

LaVon House, Individually, and on behalf of and as Parent and Next of Kin of her infant son, Kelan House, deceased

Plaintiff

CIVIL ACTION DOCKET NO. _____

Vs.

Lauren Fincher DeVine
Children's Hospital at Vanderbilt
VUCH Pediatric ENT
2200 Children's Way, Nashville, TN 37232

Defendant

**Method of Service:**
☐ Davidson County Sheriff
☐ Out of County Sheriff
☐ Secretary of State
☒ Certified Mail
☐ Personal Service
☐ Commissioner of Insurance

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: _____

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Jenney S. Keaty |
|---|---|
| | 810 Broadway, Suite 105 |
| | Address |
| | Nashville, TN 37203 |

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

**RICHARD R. ROOKER**
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

_____
**SHERIFF**

♿ To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 20_____, I:

☐ served this summons and complaint/petition on _____
_____ in the following manner:

☐ failed to serve this summons within 90 days after its issuance because _____
_____

_____
Sheriff/Process Server

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20 _____ I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Docket No. _____ to the defendant, _____. On the _____ day of _____, _____, I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20 ____. Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS
_____ DAY OF _____, 20_____.

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON
AUTHORIZED BY STATUTE TO SERVE PROCESS

_____NOTARY PUBLIC or _____DEPUTY CLERK
MY COMMISSION EXPIRES: _____

### NOTICE
TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF DAVIDSON

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

RICHARD R. ROOKER, CLERK

(To be completed only if
copy certification required.)

By: _____ D.C.

| CIRCUIT COURT SUMMONS | NASHVILLE, TENNESSEE |

**STATE OF TENNESSEE
DAVIDSON COUNTY
20TH JUDICIAL DISTRICT**

FILED
2018 APR 20 PM 3:54
RICHARD R. ROOKER, CLERK

☒ First
☐ Alias
☐ Pluries

LaVon House, Individually, and on behalf of and as Parent and Next of Kin of her infant son, Kelan House, deceased

Plaintiff

Vs.

Gary Griffieth, M.D.
5247 Harding Place
Nashville, TN 37217

Defendant

CIVIL ACTION DOCKET NO. _____

**Method of Service:**
☐ Davidson County Sheriff
☐ Out of County Sheriff
☐ Secretary of State
☒ Certified Mail
☐ Personal Service
☐ Commissioner of Insurance

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: _____

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Jenney S. Keaty
810 Broadway, Suite 105
Nashville, TN 37203 |

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

**RICHARD R. ROOKER**
Circuit Court Clerk

Received this summons for service this ____ day of _____, 20____.

_____
**SHERIFF**

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.

# RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 20_____, I:

☐ served this summons and complaint/petition on _____
_____ in the following manner:

☐ failed to serve this summons within 90 days after its issuance because _____
_____

_____
Sheriff/Process Server

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20_____ I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Docket No. _____ to the defendant, _____. On the _____ day of _____, 20_____, I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20_____. Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS

_____ DAY OF _____, 20_____.

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON
AUTHORIZED BY STATUTE TO SERVE PROCESS

_____NOTARY PUBLIC or _____DEPUTY CLERK
MY COMMISSION EXPIRES: _____

## NOTICE

TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF DAVIDSON

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

RICHARD R. ROOKER, CLERK

(To be completed only if
copy certification required.)

By: _____ D.C.

IN THE CIRCUIT COURT OF DAVIDSON COUNTY, TENNESSEE

LAVON HOUSE, INDIVIDUALLY, )
and on behalf of and )
as Parent and Next of Kin of her infant )
son KELAN HOUSE, Deceased, )
)
Plaintiffs, )
) JURY DEMAND
vs. ) Case No._____
)
CAPSTONE PEDIATRICS, PLLC; )
GARY GRIFFIETH, M.D.; and )
LAUREN FINCHER DEVINE, )
)
Defendants. )

FILED
2018 APR 20 PM 3:54
RICHARD R. ROOKER, CLERK
_____ D.C.

## COMPLAINT

LaVon House hereby files this Complaint against the defendants and state as follows for her cause of action:

### The Parties

1. LaVon House is a citizen and resident of Davidson County, Tennessee. LaVon House is the natural parent and next of kin of Kelan House, deceased.

2. Defendant Capstone Pediatrics, PLLC (hereinafter "Capstone" or "Capstone Pediatrics") is an active Tennessee corporation with its principal place of business located at 310 25th Ave., Suite 201, Nashville, Tennessee.

3. The Defendant, Gary Griffieth, M.D. is a physician licensed to practice as such in the state of Tennessee. At the time of the matters complained of herein, the Defendant Gary Griffieth, M.D., provided medical care or services to and/or on behalf of Kelan House, deceased, and/or supervised or maintained responsibility for the medical care or services provided by other providers to and/or on behalf of Kelan House, deceased, including but not limited to care and services provided by nurse practitioners and other staff of Capstone Pediatrics, LLC.

4. At the time of the matters complained of herein, the defendant Gary Griffieth, M.D., was an employee, agent, partner, and/or member of Capstone Pediatrics, PLLC.

5. Whenever the defendant Gary Griffieth, M.D. provided any medical care or services whatsoever to and/or on behalf of Kelan House, deceased, and/or supervised or maintained responsibility for the medical care or services provided by any other providers to and/or on behalf of Kelan House, deceased, including but not limited to nurse practitioners, it was being done within the course and scope of his employment and/or agency for and on behalf of the defendant Capstone Pediatrics, PLLC.

6. Defendant Lauren Fincher DeVine is a nurse practitioner licensed to practice as such in the state of Tennessee who, at the time of the matters complained of herein, practiced at Capstone Pediatrics, PLLC in Nashville, Tennessee.

7. Whenever the defendant Lauren Fincher DeVine provided any medical care or services whatsoever to and/or on behalf of Kelan House, deceased, she did so within the course and scope of her employment and/or agency for and on behalf of the defendant Capstone Pediatrics, PLLC.

### Jurisdiction and Venue

8. All of the events that form the basis of this Complaint occurred in Tennessee.

9. Venue is properly situated in Davidson County, Tennessee pursuant to Tenn. Code. Ann. §20-4-101 and 20-4-104.

10. This Court has jurisdiction over this matter pursuant to Tenn. Code. Ann. §16-10-101.

### Compliance With Tenn. Code. Ann. §29-26-101, et seq.

11. Ms. House, through counsel, has fully complied with the provisions of Tenn. Code. Ann. §29-26-121 by properly serving the defendants with written notice of this claim at least 60 days before filing this Complaint.

2

12. On December 20, 2017, notice was given to all defendants by sending it to them via certified mail with a certificate of mailing, in accordance with Tenn. Code. Ann. §29-26-121. Copies of the affidavit of service and written notices, demonstrating compliance with Tenn. Code. Ann. §29-26-121, are attached as **Exhibit A.**

13. In accordance and compliance with Tenn. Code. Ann. §29-26-122 attached as **Exhibit B** is a Certificate of Good Faith asserting that Plaintiffs' counsel has consulted with one (1) or more experts who provided a signed written statement confirming that upon information and belief they: a) are competent under §29-26-115 to express opinion(s) in the case; and b) believe, based on the information available from the medical records concerning the care and treatment of Kelan House for the incident(s) at issue, that there is a good faith basis to maintain the action consistent with the requirements of §29-26-115.

### Factual Background

14. On or about January 11, 2017, LaVon House took her then ten day-old baby boy Kelan House to Capstone Pediatrics for loss of appetite, vomiting, constipation, and extreme fussiness.

15. Kelan House had vomited green bile that morning before he was seen at Capstone.

16. Kelan House had not had a bowel movement for approximately three (3) days.

17. Kelan House was seen and treated by nurse practitioner Lauren DeVine at Capstone Pediatrics at approximately 10:47a.m. on January 11, 2017.

18. Ms. House informed nurse Lauren DeVine that Kelan had been fussy and vomiting since early that same morning, and that it had been days since he had a bowel movement.

19. Ms. House also informed nurse Lauren DeVine that Kelan had not kept down a feeding since 4:00a.m. that same morning.

3

20. By approximately 10:47a.m., Kelan House had not had any intake for more than six (6) hours.

21. By approximately 10:47a.m., Kelan House had not had a bowel movement for days.

22. Lauren DeVine diagnosed Kelan as having a feeding problem and instructed LaVon House to bring Kelan back for his regularly scheduled New Well Check two days later, on January 13, 2017.

23. Lauren DeVine sent Kelan and LaVon House home.

24. Lauren DeVine did not give Ms. House instructions about when, where, or how to follow- up if Kelan's condition did not improve.

25. After being sent home by Lauren DeVine, Kelan's condition did not improve.

26. On or about January 12, 2017, at approximately 6:45a.m., Ms. House took Kelan to the Emergency Room at Vanderbilt Children's Hospital.

27. Kelan was urgently intubated and sent to the operating room for an exploratory laparotomy on January 12, 2017.

28. It was determined that Kelan had a bowel malrotation and volvulus – a twist in his bowel causing an obstruction – that required a bowel resection.

29. Twenty (20) cm. of Kelan's bowel and 2/3 of his colon were removed during his surgery on January 12, 2017.

30. Kelan House remained on a ventilator, IVF's, antibiotics, and inotropic support until a second look surgery was done on January 13, 2017.

31. During the second look surgery, complete intestinal necrosis was found. Kelan House was returned to the NICU.

32. Kelan House's intestines were dead.

4

33. His condition was incompatible with life.

34. After much pain and suffering, Kelan House died an unnecessary, untimely, and wrongful death on January 13, 2017.

## Cause of Action – Negligence

35. LaVon House incorporates the preceding paragraphs herein, and further alleges as follows:

36. Acting individually and independently and through their employees, agents (actual and/or apparent), and/or servants, the defendants were negligent in their care and treatment of Kelan House.

37. The defendants employed physicians, nurses, technicians, technologists, and other employees, agents (actual and/or apparent), and/or servants who were responsible for rendering care, treatment, and/or services to and/or on behalf of Kelan House, all of whom were acting within the course and scope of their employment, agency (actual and/or apparent), and/or servitude when they provided such care and/or services.

38. The defendants are vicariously liable under the laws of agency and *respondeat superior* for any negligent acts or omissions and negligent medical care, treatment, and/or services of their employees, agents (actual and/or apparent), and/or servants who had responsibilities to Kelan House. Therefore, any negligence of their employees, agents (actual and/or apparent), and/or servants is, by law, imputed to the defendants under the principles of actual and/or apparent agency and/or *respondeat superior*.

39. At all times relevant hereto, the defendants, including the employees, agents (actual and/or apparent), and/or servants of each defendant owed a duty to their patient Kelan House to provide him reasonable medical care and/or treatment and/or services in accordance with the

5

recognized standards of acceptable professional practice in Nashville, Tennessee and/or similar communities.

40. The defendants, acting individually and through their employees, agents (actual and/or apparent), and/or servants, acted with less than and/or failed to act in accordance with the recognized standard of acceptable professional practice in the care and treatment of LaVon House and Kelan House.

41. Without limiting the above allegations of negligence, the defendants were further negligent in the following ways:

    a.) Negligently mismanaged or caused the mismanagement of Kelan House and his medical care;

    b.) Negligently did not communicate necessary information to Lavon House regarding her son Kelan House's medical care;

    c.) Negligently did not send Kelan House to the hospital on January 11, 2017;

    d.) Negligently did not give LaVon House further instruction on Kelan House's condition and the care and treatment of it;

    e.) Negligently did not ensure that Kelan House got appropriate and timely medical attention; and

    f.) Negligently violated the recognized standard of acceptable professional practice.

42. The medical care providers involved in the care of Kelan House were the employees, agents (actual and/or apparent), and/or servants of Capstone Pediatrics, PLLC and were at all relevant times acting within the course and scope of their employment, agency (actual and/or apparent), and/or servitude.

6

Case 3:19-bk-01971    Doc 150-1    Filed 09/30/19    Entered 09/30/19 15:49:46    Desc
Exhibit    Page 13 of 16

43. Defendant Capstone Pediatrics, PLLC is vicariously liable for the acts and omissions of its employees, agents (actual and/or apparent), and/or servants who were involved in the medical care of Kelan House at Capstone Pediatrics, PLLC.

44. In addition, Defendant Capstone Pediatrics, PLLC owed a duty to use reasonable care in the hiring, training and supervision of its employees, agents (actual and/or apparent), and/or servants, including Defendant Lauren DeVine as well as other medical care providers who provided care for Kelan House at Capstone Pediatrics, PLLC.

45. Upon information and belief, Defendant Capstone Pediatrics, PLLC did not exercise reasonable care and was negligent in the hiring, training and supervision of its employees, agents (actual and/or apparent), and/or servants who provided medical care for Kelan House during his treatment at Capstone Pediatrics, PLLC.

## DAMAGES

46. As a direct, proximate, and legal result of the negligence of the defendants, including any of their employees, agents (actual and/or apparent), and/or servants, as described herein, Kelan House died an early, unnecessary, painful, and wrongful death on January 13, 2017 for which wrongful death and associated damages the plaintiff Lavon House is entitled to recover by law.

47. As a direct, proximate, and legal result of the negligence of the defendants, Kelan House died an early, unnecessary, painful and wrongful death and the plaintiff LaVon House has suffered serious and severe emotional distress and the loss of the companionship, cooperation, love, affection, and consortium of her son, Kelan House, deceased.

## DECLARATION OF UNCONSTITUTIONALITY OF LEGISLATIVE CAPS ON DAMAGES

48. LaVon House incorporates the preceding paragraphs herein, and further alleges as follows:

7

49. LaVon House respectfully submits that the non-economic damages (as defined by Tenn. Code. Ann §29-26-101(2)) suffered individually and independently by her and by her son as a result of the defendants' choices and conduct described herein, each exceed $750,000. If the qualified jurors of this community agree and deem it appropriate, given the facts and the law, to award non-economic damages to LaVon House and/or Kelan House in excess of $750,000, the Court may be called up by the defendants to reduce the jury's verdict for non-economic damages under Tenn. Code. Ann §29-26-102.

50. Any reduction of the jury's verdict pursuant to §29-26-102, whether sought by the defendants or by act of the Court *sua sponte* or on motion, would violate the following provisions of the Tennessee Constitution: Article I, Sections 6, 8, 17 and 23, Article II, Section 2, Article VI, Section 1, and Article VI, Section 16. Such a reduction of the jury's verdict would furthermore violate the equal protection and due process guarantees afforded to Tennessee citizens, including the Houses, under the constitution of the State of Tennessee and the Constitution of the United States of America, and would violate the right to a jury trial secured by the Seventh Amendment to the Constitution of the United States.

51. For these reasons, LaVon House asks that this Court find and declare that Tenn. Code Ann. §29-26-102 violates one or more of the aforementioned constitutional provisions, are invalid as a matter of law, and can serve as no limitation whatsoever on entry of judgement for the damages and losses sustained by LaVon House and/or Kelan House, as determined by the jurors selected by the parties and empaneled by the Court in this case.

52. LaVon House seeks all recoverable damages arising out of her son's injuries and death, and arising out of her own injuries, including the serious and severe emotional distress caused by the defendants' acts and omissions.

8

53. On behalf of herself and her deceased son, LaVon House sees all recoverable damages caused by the defendants' acts, omissions and neglect.

### PRAYER FOR RELIEF

WHEREFORE LaVon House requests the following relief:

(a) That this matter be set for trial before a jury;

(b) That she be awarded compensatory damages in a fair and reasonable amount to compensate she and her son, to be determined by the jury;

(c) That she be awarded post-judgment interest as allowed by law; and

(d) Such further relief as the Court may deem just and equitable.

Respectfully submitted,

/s/ Jenney Keaty

Kathryn E. Barnett (BPR#015361)
Jenney S. Keaty (BPR#027554)
**MORGAN & MORGAN-NASHVILLE, PLLC**
810 Broadway Suite 105
Nashville, TN 37203
Phone: (615) 986-6235
JKeaty@forthepeople.com
*Counsel for LaVon House*

9