IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 3:19-bk-1971 |
| CAPSTONE PEDIATRICS, PLLC, ) | |
| ) | Chapter 11 |
| Debtor. ) | |

EXPEDITED MOTION FOR ENTRY OF AGREED ORDER AMENDING FINAL DIP ORDER TO ALLOW FOR ADDITIONAL POST-PETITION SECURED FINANCING AND EXTENSION OF MATURITY DATE

Capstone Pediatrics, PLLC ("**Debtor**"), debtor in possession in the above-captioned case (the "**Case**") before the United States Bankruptcy Court for the Middle District of Tennessee (the "**Court**") hereby move the Court, for entry of the Proposed Agreed Order attached hereto as **_Exhibit A_** amending the *Final Agreed Order (1) Authorizing the Debtor to Obtain Post-Petition Financing on a Senior Secured Superpriority Basis, (2) Authorizing the Use of Collateral and Granting Adequate Protection, and (3) Granting Related Relief* (Docket No. 104) (the "**Final DIP Order**") to increase the advance limit under the DIP financing and to extend the Termination Date of Debtor's post-petition financing to October 4, 2020 unless terminated earlier by the DIP Lender as set forth herein (the "**Amended Final DIP Order**"). In support of this Motion, Debtor respectfully represents as follows:

## REQUEST FOR EXPEDITED PROCEDURES

1. **Expedited Relief Requested**: That the Court enter an agreed order amending the Final DIP Order to (i) allow for additional post-petition financing and (ii) to extend the Termination Date of the DIP Loan Agreement.

1

2. **Basis for Urgency**: The DIP Loan Agreement was entered into as of April 4, 2019 in accordance with the Final DIP Order. The Initial Term of the DIP Loan Agreement is set to expire by its terms on April 3, 2020. Pursuant to Section 1.1 of the DIP Loan Agreement, the Court must approve any extension of the Termination Date beyond the one year anniversary of the DIP Loan Agreement. Debtor, a pediatric healthcare company serving thousands of patients in underserved communities around the greater Nashville area, is currently in final discussions with a buyer of substantially all of its assets and anticipates filing a motion in the coming weeks. It is necessary to have this Motion heard on an expedited basis so that Debtor can obtain the necessary funding to cover its ongoing expenses and maintain its operations during this critical time while it works through the sale process.

3. **Notice**: Notice of this Motion was served electronically to all parties consenting to electronic service in the Case and by First-Class U.S. Mail to all creditors and parties-in-interest.

4. **Suggested Hearing Date**: Debtor requests that the Court set this matter for hearing on **March 31, 2020**, with the deadline to object to said motion set for **March 30, 2020**, with any such objection to be served so as to be delivered to the undersigned counsel before 4:00 p.m. central time on that date. In light of the issues created by CORVID-19, counsel for the Debtor and for the DIP Lender are willing to work with the Court to conduct any necessary hearing in whatever manner is most suitable under the circumstances.

5. **Supporting Argument**: Debtor supports this Motion as set forth below:


2

43150408 v2
Case 3:19-bk-01971   Doc 193   Filed 03/20/20   Entered 03/20/20 16:00:40   Desc Main
Document    Page 2 of 8

## JURISDICTION AND VENUE

6. On March 28, 2019 (the "**Petition Date**"), Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Debtor continues to operate its business and manage its properties as debtor in possession pursuant to §§ 1107 and 1108.

7. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

8. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

9. The bases for the relief requested herein are Sections 105, 361, 362, 363, 364, 503, and 507 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001, and 9014.

## RELIEF REQUESTED IN THE AMENDED FINAL DIP ORDER

10. The primary terms of the Amended Final DIP Order are as follows:

(a) **Extension of Term.** The "Termination Date" set forth in Section 1.1 of the DIP Loan Agreement will be extended through and including the earlier of (i) October 4, 2020; or (ii) the date of termination by CDS pursuant to Sections 3.1 or 9.1 of the DIP Loan Agreement.

(b) **Increase of Advance Limit and Debtor's Counsel's Carve-out.** The Advance Limit under Section 2.1 of the DIP Loan Agreement will be extended to the amount of Two Million and No/100 Dollars ($2,000,000.00) plus the sum of interest, fees and expenses, and the Debtor's Counsel's Carve-out will be increased to $275,000.00. The additional $75,000 added to Debtor's Counsel's Carve-out will be available to any professionals hired by an unsecured credtior's committee if one were formed. Unless otherwise agreed in writing by the parties, any payments made under the additional carve-out will be *pari-passu* with the repayment of the DIP Loan.

43150408 v2
Case 3:19-bk-01971    Doc 193    Filed 03/20/20    Entered 03/20/20 16:00:40    Desc Main
Document    Page 3 of 8

(c) **Continuation of Final DIP Order.** All other provisions of the Final DIP Order and the DIP Loan Agreement, including the adequate protection provisions thereof, will remain in full force and effect.

## BACKGROUND

11. On March 28, 2019 (the "**Petition Date**"), Debtor commenced the Case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

12. Debtor is in possession of its property and is managing its affairs as a debtor in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No Trustee has been appointed, nor has a committee of unsecured creditors been appointed.

13. Debtor is a pediatric and healthcare operation with multiple locations and a sizeable committed patient base.

14. On March 28, 2019, Debtor moved for entry of interim and final orders authorizing certain post-petition secured financing and other extensions of credit from CDS Business Services, Inc. d/b/a Newtek Business Credit ("**CDS**") and authorizing Debtor's use of collateral of CDS, Newtek Small Business Finance, LLC ("**NSBF**") and the United States of America, in this Case acting through its agency the Internal Revenue service (the "**IRS**") (Docket No. 03) ("**DIP Financing Motion**"). The Court entered the final DIP Order on May 13, 2019 and granted the relief on a final basis. (Final DIP Order, Docket No. 104.) The Final DIP Order authorized a maximum outstanding amount of $1,000,000.00 plus the sum of interest, fees and expenses in advances under the DIP Loan Agreement.

15. Debtor has drawn the full amount of the advances permitted under the DIP Loan Agreement.

16. Debtor does not have sufficient funding pursuant to the existing Budget to remain administratively solvent while it continues to work through its current sale process for the sale of substantially all of its assets.

17. There continues to be value in Debtor's General Intangibles, primarily consisting of goodwill associated with the ability to take over Debtor's existing substantial patient base as a going concern, and the location and identification of its facilities. However, if Debtor's operations cease for any extended period of time as a result of its inability to obtain the additional DIP financing necessary to support a §363 sale, the value associated with the various components of General Intangibles will bring appreciably less funds if sold on a piecemeal basis in Chapter 7. In short, given the nature of Debtor's business, continued operation and servicing of the existing customer base is essential to maintain the ongoing business/enterprise value in order to capture the maximum sale price, as well as to serve its patient base during this critical time of public health crisis.

18. In order to maximize the sale price of Debtor's assets and for a potential purchaser to receive the benefits of the sale, CDS has agreed to extend the Termination Date in the DIP Loan Agreement and to provide additional post-petition financing in the amount of $1,000,000.00 plus interest, fees and expenses on the same terms as set forth in the Final DIP Order.

19. Debtor believes that, under the circumstances, the terms and conditions provided for in the Amended Final DIP Order are fair and reasonable, and requests approval thereof by the Court.

**CONCLUSION**

WHEREFORE, based on the foregoing, Debtor respectfully request that the Court enter the proposed agreed order and granting such other and further relief as is just under the circumstances.

Respectfully submitted,

/s/ David W. Houston, IV
David W. Houston, IV, No. 20802
Emily C. Taube, No. 19323
**BURR & FORMAN LLP**
222 Second Avenue South, Suite 2000
Nashville, TN 37201
615-724-32165 (phone)
615-724-3315 (fax)
dhouston@burr.com
etaube@burr.com

*Counsel for Capstone Pediatrics, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing was filed electronically on March 20, 2020. Notice of this filing was sent by operation of the Court's electronic filing system to all those parties specifically requesting electronic service and as indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

                                                    /s/ David W. Houston, IV

# EXHIBIT A

## Amended Final DIP Order

*[See attached.]*