# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 3:19-bk-1971 |
| CAPSTONE PEDIATRICS, PLLC, ) | |
| ) | Chapter 11 |
| Debtor. ) | |

## CORRECTED AGREED ORDER AMENDING FINAL DIP ORDER

This matter coming before the Court on the *Expedited Debtor's Motion to Amend Final DIP Order to Allow for Additional Post-Petition Secured Financing and Extend Maturity Date* (Docket No. 193) (the "**Motion**"); the Court having reviewed the Motion; and reference hereby being made to that certain *Final Agreed Order (1) Authorizing the Debtor to Obtain Post-Petition Financing on a Senior Secured Superpriority Basis, (2) Authorizing the Use of Collateral and Granting Adequate Protection, and (3) Granting Related Relief (*Docket No. 104) (the "**Final DIP Order**"),[1] which, *inter alia,* approved the terms and conditions of the DIP Facility through the Maturity Date; and the Court having found that (a) this Court has jurisdiction over the Case commenced on March 28, 2019 (the "**Commencement Date**"), the Motion, and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157 and 1334; (b) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (c) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (d) under the circumstances, the notice given by Debtor of the Motion and the relief requested therein,

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Final DIP Order

1

constitutes due and sufficient notice thereof and (c)(2), and no further notice of the relief granted herein is necessary or required; (d) the Motion is in full compliance with all applicable provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure; and (e) entering this Order is reasonable under the circumstances. The Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

**IT IS FOUND, DETERMINED, ORDERED AND ADJUDGED**, that:

1. The request in the Motion to amend the Final DIP Order is GRANTED as specifically limited herein, and without prejudice to the ability of Debtor and/or CDS to move this court to further amend the Final DIP Order.

2. The Termination Date, as defined in Section 1.1 of the DIP Loan Agreement, as amended is hereby extended through and including through and including the earlier of (i) June 15, 2020, (ii) termination of the Dip Facility by CDS pursuant to Sections 3.1 or 9.1 of the DIP Loan Agreement, or as otherwise set forth below, (iii) dismissal of the Case, or (iv) the conversion of the Chapter 11 Case into liquidation proceedings under Chapter 7 of the Bankruptcy Code.

3. The Advance Limit under the DIP Loan Agreement is increased by $215,000.00 (plus additional interest, fees and expenses) to accommodate additional funding needs set forth in the supplemental budget attached as Exhibit A, without the need to further amend the DIP Loan Agreement which shall be deemed amended by virtue of this order. However, without limiting or impairing in any way the discretionary nature of any advances already afforded to CDS under the DIP Loan Agreement and the Final DIP Order, the parties acknowledge and agree that CDS will be under no obligation, implied or otherwise, to advance more than $100,000.00 (exclusive of costs, fees and expenses), or make any advances on or after April 30, 2020, whichever occurs first,

if by that time Debtor has not procured a signed stalking horse bid for a §363 sale acceptable to CDS, in its sole and absolute discretion.

4. In the event that CDS decides to terminate the DIP Facility pursuant to Sections 3.1 or 9.1 of the DIP Loan Agreement, or to refrain from making any additional advances as set forth above, CDS shall file with the court a notice of said termination with two (2) business days of said decision.

5. Debtor's Counsel's Carve-out is increased to $275,000.00. The additional $75,000 added to Debtor's Counsel's Carve-out will be shared by any professionals hired by an unsecured creditor's committee in the event one is formed. Unless otherwise agreed in writing by the parties, any payments made under the additional carve-out will be *pari-passu* with the repayment of the DIP Loan.

6. With the exception of the foregoing, all provisions of the Final DIP Order and the DIP Facility (including, without limitation, the DIP Loan Agreement, as amended by this order) shall remain in full force and effect, and the parties thereto do not waive any rights related thereto. For the elimination of any doubt, and without limitation, any additional sums advanced by CDS in accordance with this increase, and any interest, fees and expenses incurred by CDS, are also secured by the Post-Petition Priming Lien set forth in paragraph 9 of the Final DIP Order, the Super-Priority Claim set forth in paragraph 10 of the Final DIP Order, and the automatic perfection of liens set forth in paragraph 20 of the Final DIP Order.

7. Upon entry of this Order, and to the extent requested by CDS, Debtor shall execute such documents as shall be reasonably required by CDS to amend the DIP Loan Agreement as provided herein.

8. This Order shall be effective immediately upon entry.

*This Order was signed and entered electronically as indicated at the top of the first page.*

Approved for entry:

/s/ David W. Houston, IV
David W. Houston, IV, No. 20802
Emily C. Taube, No. 19323
Burr & Forman, LLP
222 Second Avenue South, Suite 2000
Nashville, TN 37201
615-724-32165 (phone)
615-724-3315 (fax)
dhouston@burr.com
etaube@burr.com

*Counsel for Capstone Pediatrics, PLLC*

/s/ Daniel H. Puryear (w/permission)
Daniel H. Puryear; No. 18190
Puryear Law Group, PLLC
102 Woodmont Boulevard, Suite 520
Nashville, TN 37205
(615) 630-6601 – Telephone
(615) 630-6602 – Facsimile
dpuryear@puryearlawgroup.com

*Attorney for CDS Business Services, Inc., d/b/a Newtek Business Credit and Newtek Small Business Finance, LLC*