## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No: 3:19-bk-1971 |
| CAPSTONE PEDIATRICS, PLLC, | ) | Chapter 11 |
| | ) | Judge Randal S. Mashburn |
| Debtor. | ) | |

## ORDER (I) APPROVING THE SALE OF CERTAIN OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, (II) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (III) EXTENDING POST-PETITION PRIMING LIEN, DETERMINING CLAIM AND LIEN PRIORITY IN SALE PROCEEDS, AND DIRECTING DISBURSEMENT OF SALE PROCEEDS, AND (IV) GRANTING RELATED RELIEF

Upon consideration of *Debtors' EXPEDITED MOTION FOR ENTRY OF AN ORDER (I) APPROVING BIDDING PROCEDURES FOR THE SALE OF THE DEBTOR'S ASSETS, (II) SCHEDULING BID DEADLINES, AN AUCTION AND SALE, (III) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (IV) APPROVING CONTRACT ASSUMPTION AND ASSIGNMENT PROCEDURES, (V) EXTENDING POST-PETITION LIEN, DETERMINING CLAIM AND LIEN PRIORITY IN SALE PROCEEDS, AND DIRECTING DISBURSEMENT OF SALE PROCEEDS AND (VI) GRANTING RELATED RELIEF* (Dkt. No. ) (the "Motion") of the above-captioned debtor for entry of an order (this "Order") (i) approving the Sale of substantially all of the Debtor's (as defined below) Assets (as defined below) free and clear of all liens, claims, encumbrances, and other interests, including, without limitation, all rights of setoff, recoupment, netting and deductions, rights of first offer, first refusal and other similar contractual property, legal or equitable rights, and any successor or successor-in-interest liability theories (collectively,

"Encumbrances") to the fullest extent allowable under section 363(f) of the Bankruptcy Code, except as expressly set forth in the Asset Purchase Agreement; (ii) authorizing the assumption and assignment of certain executory contracts and unexpired leases pursuant to section 365 of the Bankruptcy Code; and (iii) granting related relief; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; the Court having considered the Motion, the arguments of counsel and the evidence presented at the hearing on the Motion (the "Sale Hearing") and the entire record; and the Court having found that the Debtor provided due and sufficient notice of the Motion and Sale Hearing and the relief sought in the Motion having been given under the particular circumstances, and it appearing no other or further notice need be provided; and the Court having reviewed the Motion, the filings in support of the Motion, and all objections to the relief sought in the Motion (the "Objections"); and the Court having found that the relief requested in the Motion is in the best interest of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation and good and sufficient cause appearing for the relief sought in the Motion, it is hereby,

**FOUND AND DETERMINED THAT:**

I.    **Determination with Respect to Findings of Fact and Conclusions of Law**.

A.        The findings of fact and conclusions of law set forth in this Order constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this case pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are hereby adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are hereby adopted as such. Any findings of fact

or conclusions of law stated by the Court on the record at the Sale Hearing are hereby incorporated, to the extent they are not inconsistent with this Order.

## II.   **Successful Bidder; Successful Bid.**

B.        In accordance with the Bidding Procedures attached as <u>Exhibit 1</u> to the Bidding Procedures Order (as defined below), on        , 2020, the Debtor filed a notice with this Court identifying _____ as the successful bidder (the "<u>Successful Bidder</u>") for the Assets (as defined in that certain Asset Purchase Agreement dated as of _____, 2020 (the "<u>Asset Purchase Agreement</u>"), by and between the Debtor Capstone Pediatrics, PLLC as "<u>Seller</u>," and _____, as "<u>Buyer</u>," a copy of which is attached hereto as <u>Exhibit A</u> and is incorporated herein by reference), as the highest or otherwise best bid for the Assets (the "<u>Successful Bid</u>").

## III.    **Jurisdiction, Final Order, and Statutory Predicates.**

C.        This Court has jurisdiction to hear and determine the Motion, and over the Debtor, the Debtor's estates, and the Assets pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

D.        The statutory and legal bases for the relief requested in the Motion are sections 105(a), 363(b), 363(f), 363(m), 365, 503, and 507 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 2002, 6004, 6006, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Local Rule 9013-1 of the Local Rules of Court for the United States Bankruptcy Court for the Middle District of Tennessee (the "<u>Local Rules</u>").

E.        This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Rules 6004(h) and 6006(d) of the Bankruptcy Rules, and to any extent necessary under Rule 9014 of the Bankruptcy Rules and Rule 54(b) of the Federal Rules of Civil

Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Order, and expressly directs entry of judgment as set forth in this Order.

F.      Following a hearing held on_____ , 2020 (the "Bid Procedures Hearing"), this Court entered the *ORDER (I) APPROVING BIDDING PROCEDURES FOR THE SALE OF THE DEBTOR'S ASSETS, (II) SCHEDULING BID DEADLINES, AN AUCTION AND SALE, (III) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (V) APPROVING CONTRACT ASSUMPTION AND ASSIGNMENT PROCEDURES, AND (VI) GRANTING RELATED RELIEF* (Dkt. No._____(the "Bidding Procedures Order") on _____, 2020.

G.      Except to the extent assigned in conjunction with the DIP Financing Orders in this case. the Assets constitute property of the Debtor's estates and title to the Assets is vested in the Debtor's estates, within the meaning of section 541(a) of the Bankruptcy Code. The Debtor has articulated good and sufficient reasons for this Court to grant the relief requested in the Motion.

**IV.      Notice of the Sale, Sale Hearing, and Cure Amounts.**

H.      As evidenced by the affidavits of service previously filed with the Court, proper, timely, adequate, and sufficient notice of the Motion, Asset Purchase Agreement, Bidding Procedures, Auction, Sale Hearing, and Sale has been provided in accordance with sections 102(1), 363, 364, and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001, 6004, 6006, and 9014, and 9013-1 of the Local Rules. The Debtor has also complied with all obligations to provide notice of the Auction, the Sale Hearing, the Asset Purchase Agreement, and the Sale as required by the Bidding Procedures Order.

I.      Actual written notice of the Motion and a reasonable opportunity to object or be heard with respect to the Motion and the relief requested in the Motion have been afforded to the following parties: (a) all parties who have expressed a written interest in some or all of the Assets; (b) all known

holders of liens, encumbrances, and other claims secured by the Assets; (c) each governmental agency that is an interested party with respect to the Sale and transactions proposed thereunder; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").

J.　　　In accordance with the provisions of the Bidding Procedures Order, the Debtor served the *Notice of Auction and Sale Hearing* Dkt. No. __, Exhibit __ (the "Auction and Sale Notice") on the Notice Parties within three (3) Business Days (or as soon as reasonably practicable thereafter) after the entry the Bidding Procedures Order (the "Mailing Date"), in accordance with Bankruptcy Rules 2002(a) and (c), by first-class mail or, for those parties who have consented to receive notice by Electronic Case Files ("ECF") system, by ECF (collectively, the "Mailing Notice").

K.　　The Auction and Sale Notice also indicated the proposed deadline for objecting to the Sale to the Successful Bidder and the anticipated date and time of the Sale Hearing, and provided notice that the Debtor will seek to assume and assign certain executory contracts to be identified in accordance with the Assumption and Assignment Procedures (as described further below) at the Sale Hearing.

L.　　　In accordance with the Bidding Procedures Order, the Debtor served the *Notice of (I) Cure Amounts With Respect to Executory Contracts and Unexpired Leases to Potentially Be Assumed and Assigned and (II) Potential Assumption and Assignment of Executory Contracts and Unexpired Leases*, Dkt. No. __, Exhibit __ (the "Assignment and Assumption Notice"), on all known counterparties to executory contracts and unexpired leases that potentially would be assumed and assigned in connection with a sale of the Assets. The Assignment and Assumption Notice specified: (i) each of the Debtors' executory contracts and unexpired leases that may be assumed and assigned in connection with the sale (the "Assumed Contracts"), including the name of each non-Debtor counterparty to such Assumed Contracts (each, an "Assumed Contract Counterparty"); (ii) the proposed amount necessary, if any, to cure all monetary defaults, if any,

under the Assumed Contracts (the "<u>Cure Costs</u>"); and (iii) the deadline by which any Assumed Contract Counterparty shall have filed an objection to the Cure Costs or to assumption and assignment of the applicable Assumed Contract. Pursuant to Bankruptcy Rule 6006(c), the Court finds that the service of the Assignment and Assumption Notice was adequate, sufficient, and appropriate under the circumstances and in compliance with the Bidding Procedures Order, and no further or other notice need be given in respect of establishing the Cure Costs. Each Assumed Contract Counterparty has had an opportunity to object to the Cure Costs set forth in the Assignment and Assumption Notice.

M.       The Assignment and Assumption Notice provided the Successful Bidder and each Assumed Contract Counterparty with proper notice of the potential assumption and assignment of the Assumed Contracts and any Cure Costs relating thereto, and the procedures established by this Court and undertaken by the Debtors with regard to any Cure Costs satisfy section 365 of the Bankruptcy Code and Bankruptcy Rule 6006.

N.       The notices described in paragraphs H through N of this Order were adequate, sufficient, and appropriate under the circumstances, and no other or further notice of the Motion, Sale, the commencement of these Chapter 11 Cases, the Bidding Procedures, Auction, Sale Objection Deadline, assumption and assignment of the Assumed Contracts, or Sale Hearing is necessary or required. The Auction and Sale Notice provided all interested parties with timely and proper notice of the Sale of the Assets, Bidding Procedures, Bid Deadline, Auction, Sale Objection Deadline, and Sale Hearing.

**V.       <u>Arms' Length Transaction; Good Faith Purchaser</u>.**

O.       The Asset Purchase Agreement and other documents and instruments related to and connected with the Sale (the "<u>Transaction Documents</u>") were all negotiated and entered into after arms' length, good faith negotiations between Debtor, the Successful Bidder, and their respective

counsel and advisors, and without collusion. Neither the Successful Bidder nor any of its affiliates or representatives are insiders of Debtor. None of the Debtor, the Successful Bidder, or their respective representatives engaged in any conduct or acted in any improper manner that would cause or permit the Asset Purchase Agreement, any of the other Transaction Documents or the Sale, to be avoided under section 363(n) of the Bankruptcy Code.

P.        Without limiting the foregoing, the Successful Bidder complied with all of the provisions in the Bid Procedures Order, and in proceeding with the Sale, the Successful Bidder did nothing to interfere with the Debtor's ability to seek higher and better offers for the Assets. All terms and conditions of the Asset Purchase Agreement and the Transaction Documents, including all payments to be made by Successful Bidder, were fully disclosed to the Court and the Notice Parties. The consideration provided by the Successful Bidder is fair, adequate and constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and any other applicable laws of the United States or any of its jurisdictions or subdivisions, including the State of Tennessee.

Q.        Accordingly, the Successful Bidder is a "good faith purchaser" as that term is used in section 363(m) of the Bankruptcy Code and is hereby granted all of the protections and benefits provided to a good faith purchaser under such section. Neither the reversal nor modification on appeal of this Order or the authorization contained herein shall affect the validity of the Sale and the consummation of the transactions contemplated under the Asset Purchase Agreement and other Transaction Documents.

## VI.    <u>Highest or Otherwise Best Offer</u>.

R.        The Debtor solicited offers and noticed the Auction in accordance with the provisions of the Bidding Procedures Order. The Auction was duly noticed, the sale process was conducted in a non-collusive manner, and the Debtor afforded a full, fair, and reasonable opportunity

for any person or entity to make a higher or otherwise better offer to purchase all or a portion of the Assets.

S.  No Qualified Bid other than the Asset Purchase Agreement was received by the Bid Deadline. Accordingly, on _____ , 2020, the Debtor filed the Post-Auction Notice Dkt. No. __, Exhibit __ with this Court.

T.  The Asset Purchase Agreement constitutes the highest and best offer for the Assets and provides a greater recovery for the Debtor's estates than would be provided by any other available alternative. The Debtors' determination that the Asset Purchase Agreement constitutes the highest and best offer for the Assets constitutes a valid and sound exercise of the Debtors' business judgment.

U.  The Asset Purchase Agreement represents a fair and reasonable offer to purchase the Assets, including the Assumed Contracts, under the circumstances of these Chapter 11 Cases. No other person or entity or group of entities has offered to purchase the Assets for greater economic value to the Debtor's estates than the Successful Bidder.

V.  Approval of the Motion and the consummation of the transactions contemplated thereby are in the best interests of the Debtor, its estates, creditors of the Debtor's estates, and other parties in interest.

W.  The Debtor has demonstrated compelling circumstances and a good, sufficient, and sound business purpose and justification for the Sale outside of a plan of reorganization.

## VII.  <u>No Fraudulent Transfer</u>.

X.  The consideration provided by the Successful Bidder pursuant to the Asset Purchase Agreement is fair and adequate and constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, and the District of Columbia. The Asset Purchase Agreement was not entered into and will not be

consummated for the purpose of hindering, delaying or defrauding creditors of the Debtor, and neither the Debtor nor the Successful Bidder have or has entered into the Asset Purchase Agreement or is or are consummating the transactions contemplated thereby with any fraudulent or otherwise improper purpose.

**VIII.**    **Validity of Transfers.**

Y.    The Debtor has full corporate power and authority to execute and deliver the Asset Purchase Agreement, the Transaction Documents and all other documents contemplated thereby, and no further consents or approvals are required for the Debtor to consummate the transactions contemplated by the Asset Purchase Agreement, except as otherwise set forth in the Asset Purchase Agreement.

Z.    The transfer of the Assets, including the Assumed Contracts, to the Successful Bidder, as of the applicable closing date, will be a legal, valid, and effective transfer of such Assets and will vest the Successful Bidder with all right, title, and interest of the Debtor to the Assets free and clear of all Encumbrances, and other interests accruing, arising, or relating to any time prior to the applicable closing date, except as otherwise set forth in the Asset Purchase Agreement.

**IX.**    **Section 363(f) of the Bankruptcy Code is Satisfied.**

AA.    The Sale satisfies section 363(f)(2) of the Bankruptcy Code with respect to the DIP Lender, which has properly perfected liens and security interests in all of the Assets, because the DIP Lender expressly consents to the Sale.

BB.    No other parties who have liens on or security interests in the Assets filed objections to the Sale being free and clear of Encumbrances. Those holders of Encumbrances who did not object, or who withdrew their objections, to the Sale of the Assets or the Motion are deemed to have consented to the Sale, pursuant to section 363(f)(2) of the Bankruptcy Code.

CC.     The Successful Bidder would not have entered into the Asset Purchase Agreement and would not consummated the transactions contemplated thereby if the Sale of the Assets to the Successful Bidder were not, except as otherwise provided in the Asset Purchase Agreement, free and clear of all Encumbrances of any kind or nature whatsoever, or if the Successful Bidder were not free of all successor liability with respect to Debtor's liabilities, except as expressly assumed in the Asset Purchase Agreement.

## X.     Assumption and Assignment of Executory Contracts and Unexpired Leases.

DD.     The assumption and assignment of the Assumed Contracts pursuant to the terms of the Asset Purchase Agreement and this Order is integral to the Asset Purchase Agreement, is in the best interests of the Debtor and its estates, creditors, and other parties in interest, and represents the reasonable exercise of sound and prudent business judgment by the Debtor. Assumed Contracts shall be transferred to, and remain in full force and effect for the benefit of, the Successful Bidder in accordance with their respective terms. The failure of the Debtor or the Successful Bidder to enforce prior to the Closing of the Sale one or more terms or conditions of the Assumed Contracts shall not be a waiver of such terms or conditions of the Debtor or the Successful Bidder's rights to enforce every term and condition of the Assumed Contracts.

EE.     Pursuant to the terms of the Asset Purchase Agreement, the Debtor shall assume and assign to the Successful Bidder each Assumed Contract identified on the Asset Purchase Agreement that is capable of being assumed and assigned. The Successful Bidder shall be solely responsible for the payment of the Cure Costs with respect to the Assumed Contracts specifically identified in the Asset Purchase Agreement. The Successful Bidder shall assume and perform and discharge the Assumed Liabilities, if any, under the Assumed Contracts, including pursuant to any contract or lease assignment agreements, as applicable. The Successful Bidder has

provided adequate assurance of its future performance under the Assumed Contracts within the meaning of sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code to any counterparty to a Assumed Contract that requested such assurance and shall have no further obligation to provide assurance of performance to any counterparty, except to the extent of timely-filed objections to such adequate assurance information.

FF. To the extent any provision in any Assumed Contract (a) prohibits, restricts or conditions, or purports to prohibit, restrict or condition, such assumption or assignment (including, without limitation, any "change of control" provision), or (b) is modified, breached, or terminated, or deemed modified, breached, or terminated by (i) the commencement of these Chapter 11 Cases, (ii) the insolvency or financial condition of the Debtor at any time before the closing of these Chapter 11 Cases, (iii) the Debtor's assumption and assignment of such Assumed Contract, or (iv) the consummation of the Sale, then such provisions shall be deemed modified so as to not entitle the non-Debtor party thereto to prohibit, restrict or condition such assumption or assignment, to modify, terminate or declare a breach or default under such Assumed Contract, or to exercise any other default-related rights or remedies with respect thereto, including, without limitation, any such provision that purports to allow the non-Debtor party thereto to recapture such Assumed Contract, impose any penalty thereunder, condition any renewal or extension thereof, impose any rent acceleration or assignment fee, or increase or otherwise impose any other fees or other charges in connection therewith. For the avoidance of doubt, all foregoing provisions shall be deemed to constitute unenforceable anti-assignment provisions and are void and of no force and effect pursuant to sections 365(b), 365(e), and 365(f) of the Bankruptcy Code.

## XI. **Compelling Circumstances Exist for Immediate Sale**.

GG.     Given the Debtor's lack of access to funding at the expiration of the DIP Loan Agreement it is essential that the Sale of the Assets occur within the time constraints set forth in the Asset Purchase Agreement. Time is of the essence in consummating the Sale.

HH.     Given all of the circumstances of these Chapter 11 Cases and the adequacy and fair value of the Purchase Price, the extension of the DIP Priming Lien to cover the over-advances, as requested in the Motion, the Sale of the Assets to the Successful Bidder and payment of the proceeds thereof to the DIP Lender up to the amount of $_____constitutes a reasonable and sound exercise of the Debtors' business judgment and should be approved.

II.     The Sale does not constitute a *de facto* or *sub rosa* plan of reorganization or liquidation because the Debtor does not propose to (i) impair or restructure existing debt of, or equity interests in, the Debtor, (ii) impair or circumvent voting rights with respect to any plan proposed by the Debtor, (iii) circumvent chapter 11 safeguards, including those set forth in sections 1125 and 1129 of the Bankruptcy Code, or (iv) classify claims or equity interests.

JJ.     The consummation of the Sale is legal, valid, and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105(a), 363(b), 363(f), 363(m), 364, 365(b) and 365(f), and all of the applicable requirements of such sections have been complied with in respect of the Sale.

KK.     The terms of the Asset Purchase Agreement, including any amendments, supplements and modifications thereto, are fair and reasonable in all respects.

## IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:

**I.     General Provisions.**

1.      The relief requested in the Motion is GRANTED AND APPROVED as set forth in this Order, and the Sale and payment of the proceeds thereof directly by the Successful Bidder to the DIP Lender contemplated thereby is APPROVED.

2.      This Court's findings of fact and conclusions of law set forth in the Bidding Procedures Order and above are fully incorporated into this Order by reference.

3.      Notice of the Motion, the Sale Hearing, the Bidding Procedures, Sale Objection Deadline, assumption and assignment of the Assumed Contracts, the Auction and the Sale, including, without limitation, the Auction and Sale Notice, the Mailing Notice, and the Assignment and Assumption Notice was adequate, fair, and equitable under the circumstances and complied in all respects with section 102(1) of the Bankruptcy Code, Bankruptcy Rules 2002, 4001, 6004, and 6006. All Objections or the relief requested in the Motion that have not been withdrawn, waived or settled as announced to the Court at the Sale Hearing or by stipulation filed with the Court, and all reservations of rights included therein, are hereby overruled on the merits or have been otherwise satisfied or adequately provided for pursuant to this Order.

**II.     Approval of the Asset Purchase Agreement.**

4.      The Asset Purchase Agreement and the terms and conditions thereof are hereby APPROVED, and the Debtor is authorized and directed to enter into all Transaction Documents and such other ancillary documents consistent with the terms hereof and in furtherance thereof.

5.      Pursuant to section 363(b) of the Bankruptcy Code, the Debtor is authorized and directed to take any and all actions necessary or appropriate to (a) consummate the Sale of the Assets to the Successful Bidder pursuant to and in accordance with the terms and conditions of the Asset Purchase Agreement, (b) close the Sale as contemplated in the Asset Purchase Agreement and this Order, (c) execute and deliver, close, perform under, consummate, and implement the

Asset Purchase Agreement, together with all Transaction Documents and other ancillary documents that may be reasonably necessary or desirable to implement the Asset Purchase Agreement and the Sale or as may be reasonably necessary or appropriate to the performance of the obligations as contemplated by the Asset Purchase Agreement and such Transaction Documents, and (d) remit all sale proceeds up to $_____ to the DIP Lender at the closing.

6. This Order shall be binding in all respects upon the Debtor, its estate, all holders of equity interests in the Debtor, all holders of any Claim(s) (as defined in the Bankruptcy Code) against the Debtor, whether known or unknown, any holders of Encumbrances on all or any portion of the Assets, including, without limitation, the IRS, all Assumed Contract Counterparties, the Notice Parties, the Successful Bidder, all successors and assigns of the Successful Bidder, any other bidders for the Assets, any trustees, if any, subsequently appointed in these Chapter 11 Cases or upon a conversion to chapter 7 under the Bankruptcy Code of the Debtor's case. This Order and the Asset Purchase Agreement shall inure to the benefit of the Debtor, its estate, its creditors, the Successful Bidder, and each of its successors and assigns. Nothing contained in any plan of reorganization or liquidation or order of any type or kind entered in this Chapter 11 Case or any subsequent chapter 7 or chapter 11 case for the Debtor or any related proceedings subsequent to the entry of this Order shall directly conflict with or derogate from the provision of the Asset Purchase Agreement or the terms of this Order.

## III. __Good Faith Purchaser__.

7. The transactions contemplated by and consummated under the Asset Purchase Agreement and the Transaction Documents were undertaken by the Successful Bidder, without collusion and in good faith and at arms-length, as that term is defined in sections 363(m) and 364(e) of the Bankruptcy Code, as applicable. The Asset Purchase Agreement was not entered into and

will not be consummated for the purpose of hindering, delaying or defrauding creditors of the Debtor, and neither the Debtor nor the Successful Bidder have or has entered into the Asset Purchase Agreement or is or are consummating the transactions contemplated thereby with any fraudulent or otherwise improper purpose.

8.      The Successful Bidder is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to the full protections of section 363(m) of the Bankruptcy Code. Accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale of the Assets shall not affect the validity of the Sale (including the assumption and assignment of the Assumed Contracts), unless such authorization and such Sale are duly stayed pending such appeal. The Asset Purchase Agreement and the transactions contemplated thereby cannot be avoided under section 363(n) of the Bankruptcy Code. The Debtor,the Successful Bidder and any other third parties have not engaged in any conduct that would cause or permit the Asset Purchase Agreement or the consummation of the transactions contemplated thereby to be avoided, or costs or damages to be imposed, under section 363(n) of the Bankruptcy Code.

### IV.    <u>**Highest or Otherwise Best Offer.**</u>

9.      The Debtor solicited offers and noticed the Auction in accordance with the provisions of the Bidding Procedures Order. The Auction was duly noticed, the Sale and sale process was conducted in a non-collusive manner, and the Debtor afforded a full, fair, and reasonable opportunity for any person or entity to make a higher or otherwise better offer to purchase all or a portion of the Assets. No other Qualified Bid was received by the Bid Deadline.

10.      The Asset Purchase Agreement constitutes the highest or otherwise best offer for the Assets and will provide a greater recovery for allowed claims of the Debtor's estate in order of

priority than would be provided by any other available alternative. The Debtor's determination that the Asset Purchase Agreement constitutes the highest or best offer for the Assets constitutes a valid and sound exercise of the Debtor's business judgment. The DIP Lender's insistence that the sale proceeds be paid directly to it is appropriate, given that the DIP Lender has the senior security interest in all assets being sold, will not be paid in full, and without the DIP Lender's consent the sale could not proceed.

11.     In addition, the Asset Purchase Agreement represents a fair and reasonable offer to purchase the Assets, including the Assumed Contracts, under the circumstances of these Chapter 11 Cases. The Debtors have demonstrated compelling circumstances and a good, sufficient, and sound business purpose and justification for the Sale outside of a plan of reorganization, and the payment of the proceeds directly to the DIP Lender. Accordingly, the Motion is hereby APPROVED and the consummation of the transactions contemplated thereby, including the Asset Purchase Agreement and the Transaction Documents are in the best interests of the Debtor, its estates, creditors of the Debtor's estate, and other parties in interest.

**V.     Transfer of Assets Free and Clear of All Encumbrances.**

12.     Pursuant to sections 105(a), 363(b), 363(f), 365(b), and 365(f) of the Bankruptcy Code, the Debtor is authorized and directed to transfer the Assets on the Closing Date (as defined in the Asset Purchase Agreement). The Assets shall be transferred to the Successful Bidder upon and as of the Closing Date, and such transfer shall constitute a legal, valid, binding and effective transfer of the Assets and, upon the Debtor's receipt of the Purchase Price. Upon the Closing, the Successful Bidder shall take title to and possession of the Assets. All sale proceeds up to $_____ shall be paid directly to the DIP Lender, subject to its obligations under the carve-outs set forth in the Final and Amended Dip Orders [ Docs. 104 and 204].  All other Encumbrances

shall attach to any excess proceeds with the same validity, priority, force, and effect that they now have as against the Assets, subject to any claims and defenses the Debtor and its estate may possess with respect thereto.

13.     The Sale of the Assets to the Successful Bidder and the sale and assumption and assignment of the Assumed Contracts to the Successful Bidder, shall be, except as otherwise provided in the Asset Purchase Agreement and this Order, free and clear of all Encumbrances. The Assets shall not be subject to any claims or interests allowed in these Chapter 11 Cases, including, without limitation, any claims allowed under sections 361, 362, 363, 364, 365, 502, 503, 506, or 507 of the Bankruptcy Code, nor shall the Assets be subject to a surcharge or "carve out" that is otherwise agreed to or approved in these Chapter 11 Cases. For the avoidance of doubt and without limiting anything in this Order, the Sale shall be free and clear of any successor liability to the Successful Bidder for any of the Debtor's liabilities, except for the Assumed Liabilities set forth in the Asset Purchase Agreement.

14.     Except as expressly provided by the Asset Purchase Agreement, all persons and entities holding any Encumbrance on all or any portion of the Assets are forever barred, estopped, and permanently enjoined from asserting against the Successful Bidder or its successors or assigns, their property, or the Assets, such Encumbrances and all claims and rights relating thereto. On the Closing Date, each holder of an Encumbrance is authorized and directed to execute such documents and take all other actions as may be deemed by the Successful Bidder to be necessary or desirable to release its Encumbrances on the Assets, as provided for in this Order, as such Encumbrances may have been recorded or may otherwise exist.

15.     All persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Debtor to sell and transfer

the Assets to the Successful Bidder, including the Sale and the assumption and assignment of the Assumed Contracts to the Successful Bidder in accordance with the terms of the Asset Purchase Agreement and this Order.

16.     All persons and entities that are in possession of some or all of the Assets on the Closing Date are directed to surrender possession of such Assets to the Successful Bidder or at Closing.

17.     A certified copy of this Order may be filed with the appropriate clerk and/or recorded with the appropriate recorder to cancel any Encumbrances of record.

18.     If any person or entity that has filed statements or other documents or agreements evidencing Encumbrances on all or any portion of the Assets shall not have delivered to the Successful Bidder prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of Encumbrances and any other documents necessary or desirable to the Successful Bidder for the purpose of documenting the release of all Encumbrances, which the person or entity has or may assert with respect to all or any portion of the Assets, the Debtor is hereby authorized and directed, and the Successful Bidder is hereby authorized, to execute and file such statements, instruments, releases and other documents on behalf of such person or entity with respect to the Assets.

**VI.     Executory Contracts and Unexpired Leases.**

19.     The Debtor is authorized and directed to assume and sell and assign the Assumed Contracts to the Successful Bidder free and clear of all Encumbrances. With respect to each Assumed Contract, the payment of the applicable Cure Cost (if any) shall (a) effect a cure of all monetary defaults existing thereunder as of the Closing Date, (b) compensate the applicable Assumed Contract Counterparty for any actual pecuniary loss resulting from such default, and (c)

together with the assumption of the Assumed Contracts by the Successful Bidder, constitute adequate assurance of future performance thereof. Other than any Cure Cost, the Successful Bidder shall not be liable for any amounts owed prior to the Closing Date under any Assumed Contract. As of the Closing Date, the Successful Bidder shall be deemed to have acquired and assumed the Assumed Contracts pursuant to sections 363 and 365(f) of the Bankruptcy Code. The assignment by the Debtor of such Assumed Contracts shall not be a default thereunder, and the Successful Bidder is entitled to the protections afforded under section 363(m) of the Bankruptcy Code with respect thereto.

20.     Any provision in or effect of any Assumed Contract that prohibits or conditions the assignment of such Assumed Contract or allows the party to such Assumed Contract to terminate, recapture, impose any penalty, condition or renewal or extension or modify any term or condition upon the assignment of such Assumed Contract constitutes an unenforceable anti-assignment provision that is void and of no force and effect pursuant to section 365(f) of the Bankruptcy Code. All other requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption by the Debtor and assignment to the Successful Bidder of the Assumed Contracts have been satisfied, and such assumption and assignment shall not constitute a default thereunder. Upon Closing and the payment of the required Cure Costs, in accordance with sections 363 and 365 of the Bankruptcy Code, the Successful Bidder shall be fully and irrevocably vested with all right, title and interest of the Debtor under each Assumed Contract.

21.     Upon the Closing and the payment of the Cure Costs applicable to any Assumed Contract, the Successful Bidder shall be deemed to be substituted for the Debtor as a party to such Assumed Contract, and the Debtor shall be relieved, pursuant to section 365(k) of the Bankruptcy

Code, from any further liability to the Assumed Contract Counterparties under such Assumed Contracts.

22. Upon the Closing and the payment of the applicable Cure Costs, if any, the Assumed Contracts shall remain in full force and effect, and no default shall exist thereunder nor shall there exist any event or condition which, with the passage of time or giving of notice, or both, would constitute such a default.

23. There shall be no rent accelerations or increases, assignment fees, deposits, increases or any other fees charged to the Successful Bidder or the Debtor as a result of the assumption and assignment (including any change in control) of the Assumed Contracts.

24. Pursuant to sections 105(a), 363 and 365 of the Bankruptcy Code, all Assumed Contract Counterparties are forever barred and permanently enjoined from raising or asserting against the Debtor, its estate, the Successful Bidder, or any of their respective successors and assigns any increased rent or fees, assignment fee, default, breach or claim or pecuniary loss or condition to assignment, arising under or related to the Assumed Contracts existing as of each applicable closing date or arising by reason of these Chapter 11 Cases or the Closing.

25. All counterparties to an Assumed Contract shall cooperate and expeditiously execute and deliver, upon the reasonable requests of the Successful Bidder, and shall not charge the Debtor or the Successful Bidder for any instruments, applications, consents, or other documents which may be required or requested by any public or quasi-public authority or other party or entity to effectuate the applicable transfers of the Assumed Contracts in connection with the Sale. Nothing in this Order or any other document is or shall be deemed an admission by the Debtor that any contract or Assumed Contract is an executory contract or unexpired lease or must

be assumed and assigned pursuant to the Asset Purchase Agreement in order to consummate the Sale.

## VII. __Miscellaneous.__

26.     Effective upon the Closing Date, all persons and entities are forever prohibited and permanently enjoined from commencing or continuing in any manner any action or other proceeding, whether in law or equity, in any judicial, administrative, arbitral or other proceeding against the Successful Bidder, the Assets, including, without limitation the Assumed Contracts, with respect to (a) any Encumbrance arising prior to the Closing Date or (b) any theory of claim or remedy sounding in successor liability.

27.     Except as otherwise provided in this Order and to the maximum extent available under applicable law and to the extent provided for under the Asset Purchase Agreement, the Successful Bidder shall be authorized, as of the Closing Date, to operate under any license, permit, registration and governmental authorization or approval of the Debtor with respect to the Assets, including the Assumed Contracts and, to the maximum extent available under applicable law and to the extent provided for under the Asset Purchase Agreement, all such licenses, permits, registrations and governmental authorizations and approvals are deemed to have been transferred to the Successful Bidder as of the Closing Date. All existing licenses or permits applicable to the Assets shall remain in place for the Successful Bidder's benefit until either new licenses and permits are obtained or existing licenses and permits are transferred in accordance with applicable administrative procedures. To the extent provided by section 525 of the Bankruptcy Code, no governmental unit may revoke or suspend any grant, permit, or license relating to the operation of the Assets sold, transferred or conveyed to the Successful Bidder on account of the filing or pendency of these Chapter 11 Cases or the consummation of the Sale.

28.     The transfer of the assets to the Successful Bidder pursuant to the Asset Purchase Agreement does not require any consents other than as specifically provided for in the Asset Purchase Agreement.

29.     Except for the Assumed Liabilities with respect to the Successful Bidder, the Successful Bidder shall not have any liability for any obligation of the Debtor arising under or related to any of the Assets, including the Assumed Contracts. Without limiting the generality of the foregoing, the Successful Bidder shall not be liable for any Claims against the Debtor or any of their predecessors or affiliates. By virtue of the Sale, the Successful Bidder and its respective affiliates, successors and assigns shall not be deemed or considered to (a) be a legal successor or otherwise be deemed a successor to any of the Debtor, (b) have, de facto or otherwise, merged with or into the Debtor, or (c) be a continuation or substantial continuation, or be holding itself out as a mere continuation, of the Debtor or its estate, businesses or operations, or any enterprise of the Debtor, in each case by any law or equity, and the Successful Bidder has not assumed nor is it in any way responsible for any liability or obligation of the Debtor or the Debtor's estate, except with respect to the Assumed Liabilities with regard to the Successful Bidder. The Successful Bidder shall have no successor or vicarious liabilities of any kind or character, including, but not limited to, any theory of antitrust, environmental, successor or transferee liability, labor law, *de facto* merger or substantial continuity, whether known or unknown as of the closing date, now existing or hereafter arising, whether fixed or contingent, with respect to the Debtor or any obligations of the Debtor arising prior to the Closing Date, including, but not limited to, liabilities on account of any taxes arising, accruing or payable under, out of, in connection with, or in any way relating to the operation of any of the Assets prior to the Closing.

30.     Pursuant to Bankruptcy Rules 4001, 6004(h), 6006(d), 7062, and 9014, this Order shall be effective immediately upon its entry, and the Debtor and the Successful Bidder are authorized to close the Sale immediately. Notwithstanding the provisions of Bankruptcy Rule 6004 or any applicable provisions of the Local Rules, this Order shall not be stayed for fourteen (14) days after the entry hereof, but shall be effective and enforceable immediately upon entry, and the fourteen (14) day stay provided in such rules is hereby expressly waived and shall not apply. Any party objecting to this Order must exercise due diligence in filing an appeal and pursuing a stay within the time prescribed by law and prior to the Closing Date, or risk its appeal will be foreclosed as moot. No bulk sales law or any similar law of any state or other jurisdiction applies in any way to the Sale.

31.     The failure specifically to include any particular provision of the Asset Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Asset Purchase Agreement be authorized and approved in its entirety.

32.     The Asset Purchase Agreement, the Transaction Documents and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the Debtor's estate or on the interests of the Successful Bidder.

33.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

34.     To the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion filed in these Chapter 11 Cases, the terms of this Order shall govern.

35.     The provisions of this Order and the Asset Purchase Agreement and any actions taken pursuant hereto or thereto shall survive entry of any order which may be entered (a) confirming or consummating any plan of reorganization of the Debtor, (b) converting these Chapter 11 Case from chapter 11 to chapter 7 of the Bankruptcy Code, (c) dismissing the case, or (d) pursuant to which this Court abstains from hearing this case.

36.     The Court shall retain jurisdiction to, among other things, interpret, implement and enforce the terms and provisions of this Order, the Asset Purchase Agreement, and all amendments thereto and any releases, waivers, and consents hereunder and thereunder, and each of the agreements executed in connection therewith to which the Debtor is party or which has been assigned by the Debtor to the Successful Bidder, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to any of the foregoing, including any disputes that may arise among the Debtor, the Successful Bidder and any counterparties to the Assumed Contracts. So long as the these Chapter 11 Cases are not closed (or, if closed but then reopened), the Court shall retain jurisdiction to enforce the injunctions and other rights of the Successful Bidder described in this Order, in the event that after the closing date any third parties attempt to or actually interfere with such rights of any Successful Bidder, even if the Debtor is not directly involved or named in any such actions or disputes between the Successful Bidder and such third parties.

*This order was signed and entered electronically as indicated at the top of the first page.*

Approved for entry:

/s/ David W. Houston, IV
David W. Houston, IV, No. 20802
Emily C. Taube, No. 19323
Burr & Forman, LLP
222 Second Avenue South, Suite 2000
Nashville, TN 37201
615-724-32165 (phone)
615-724-3315 (fax)
dhouston@burr.com
etaube@burr.com

*Counsel for Capstone Pediatrics, PLLC*