IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No: 3:19-bk-1971 |
| CAPSTONE PEDIATRICS, PLLC, ) | Chapter 11 |
| ) | Judge Randal S. Mashburn |
| Debtor. ) | |

**EXPEDITED ORDER (I) APPROVING BIDDING PROCEDURES
FOR THE SALE OF THE DEBTOR'S ASSETS, (II) SCHEDULING BID DEADLINES, AN
AUCTION AND SALE, (III) APPROVING THE FORM AND MANNER OF NOTICE
THEREOF, (IV) APPROVING CONTRACT ASSUMPTION AND ASSIGNMENT
PROCEDURES, AND (V) GRANTING RELATED RELIEF**

Upon consideration of the expedited motion (the "**Motion**")[1] of the debtor (the "**Debtor**") for the entry of an order (this "**Order**"): (a) approving the proposed bidding procedures attached as **Exhibit 1** to this Order (the "**Bidding Procedures**"); (b) scheduling bid deadlines, an auction and sale hearing in connection with the sale of all or substantially all the Debtor's assets (the "**Sale**"); (c) approving the form and manner of notice thereof; (d) approving procedures for assuming and assigning the Debtor's executory contracts and unexpired leases (the "**Assumption Procedures**"); (e) granting related relief; all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28

---

[1] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the Motion or the Bidding Procedures, as applicable.

U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion, solely with respect to the procedures for conducting the proposed sale as set forth in detail below, is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, THE COURT FINDS THAT:

  A. The findings of fact and conclusions of law herein constitute the Court's findings of fact and conclusions of law for the purpose of Bankruptcy Rule 7052, made applicable pursuant to Bankruptcy Rule 9014. To the extent any findings of facts are conclusions of law, they are adopted as such. To the extent any conclusions of law are findings of fact, they are adopted as such.

  B. <u>Jurisdiction and Venue</u>. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

  C. The statutory bases for the relief requested in the Motion are sections 105, 363 and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004 and 6006.

  D. <u>Notice of the Bidding Procedures Motion</u>. Notice of the Motion, the Hearing, and the proposed entry of this Order was adequate and sufficient under the circumstances of this chapter 11 case, and such notice complied with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules. Notice of the Motion has been given to: (a) the Office of the United States Trustee for the Middle District of Tennessee; (b) all parties who have expressed a written interest in some or all of the Assets; (c) all known holders of liens, encumbrances, and other claims secured by the Assets; (d) each governmental agency that is an interested party with respect to the Sale and transactions proposed thereunder; (e) the counterparties to any executory contract or unexpired lease to which a Debtor is a party (the

34086582 v4

2

Case 3:19-bk-01971 Doc 215 Filed 05/27/20 Entered 05/27/20 10:03:23 Desc Main
Document Page 2 of 9

"**Contract Counterparties**"); (f) all known creditors of the Debtor; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002. Accordingly, no further notice of the Motion, the Hearing, or this Order is necessary or required.

E. The Debtor has articulated good and sufficient reasons for this Court to: (a) approve the Bidding Procedures attached hereto as **Exhibit 1**; (b) schedule the Bid Deadline, the Auction, the Sale Objection Deadline, and the Sale Hearing; and (c) approve the form of the Sale Notice attached hereto as **Exhibit 2**; (d) approve the Assumption Procedures and the form and manner of notice of the Cure Notice attached hereto as **Exhibit 3**.

F. <u>Bidding Procedures</u>. The Bidding Procedures are reasonable and appropriate and represent the best available method for maximizing value for the benefit of the Debtor's estate.

G. The Bidding Procedures balance the Debtor's interests in emerging from the chapter 11 cases while preserving the opportunity to attract value-maximizing proposals beneficial to the Debtor's estates, their creditors, and other parties in interest.

H. <u>The Sale Notice</u>. The Sale Notice, substantially in the form attached hereto as **Exhibit 2**, and incorporated herein by reference as if fully set forth in this Order, is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Auction.

I. <u>The Cure Notice</u>. The Cure Notice, substantially in the form attached hereto as **Exhibit 3,** and incorporated herein by reference as if fully set forth in this Order, is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Assumption and Assignment Procedures.

**IT IS HEREBY ORDERED THAT:**

A. The Motion is granted as provided herein.

B. Objections to any aspect of the proposed sale including the proposed extension of the post-petition priming lien, determining claim and lien priority in sale proceeds, and directing disbursement of sale proceeds, shall be filed no later than noon on June 17, 2020 (prevailing central time) and shall be heard at the sale hearing scheduled hererin. Such objections may include objections to the proposed sale order, which was attached as an exhibit to the sale motion. The proposed sale order is being revised based on discussions held at the bid procedures hearing and may be further revised based on input from the successful bidder and other parties in interest prior to the sale hearing.

**I. Important Dates and Deadlines**

C. The following dates and deadlines are hereby approved (and may be amended from time to time by the Debtor by filing an appropriate notice on the Court's docket):

a. **Bid Deadline**: **June 10, 2020, at 4:00 p.m. (Prevailing Central Time)** is the deadline by which Potential Bidders must submit all Bids and Deposits, and the date by which the same must be **_actually received_** by the parties specified in the Bidding Procedures (the "**Bid Deadline**").

b. **Determination Deadline**: **June 11, 2020, at 4:00 p.m. (Prevailing Central Time)** is the date by which the Debtor will determine which Bids are Qualified Bids and notify each Potential Bidder in writing whether such Potential Bidder is a Qualified Bidder.

c. **Auction**: The Auction, if necessary, will be held on **June 12, 2020, at 10:00 a.m. (Prevailing Central Time)** at the offices of counsel to the Debtor, Burr & Forman LLP, 222 Second Avenue South, Suite 2000, Nashville, Tennessee 37201 (such Auction may be conducted by video or telephonically depending on the then current health guidelines and as determined by the Debtor and Chiron in consultation with the United Stated Trustee's Office.)

d. **Notice of Auction Results:** No later than **June 13, 2020**, the Debtor shall file a notice with the Court identifying the successful bidder and final form of the asset purchase agreement with the successful bidder. On or before **June 13, 2020,** the Debtor shall deliver, to the non-Debtor counterparties (or their counsel), all information and documents that evidence the adequate assurance of future performance by the Successful Bidder under such contracts and leases, within the meaning of Sections 365(b)(1)(C) and 365(f)(2)(B).

e. **Sale Objection Deadline**: The deadline by which all objections to the Sale (including to any Successful Bids or any Assigned Contract Objection (as defined below)) must be filed with the Court and served so as to be *actually received* by the appropriate notice parties (the "**Sale Objection Deadline**"), is **June 17, 2020, at noon. (Prevailing Central Time)**.

f. **Sale Hearing**: The hearing approving the Sale to the Successful Bidder shall take place before the Court on **June 18, 2020, at 10:30 a.m. (Prevailing Central Time).**

D. Notwithstanding the foregoing, the Court's approval of the foregoing schedule is without prejudice to all parties' rights to object to the approval of any sale contemplated under this Order at the Sale Hearing on any grounds.

## II. The Bidding Procedures.

E. The Bidding Procedures, substantially in the form attached hereto as **Exhibit 1,** are hereby approved in their entirety, and the Bidding Procedures shall govern the submission, receipt, and analysis of all bids relating to the proposed sale of the Assets. Any party desiring to bid on one or more individual Assets or all or substantially all of the Assets shall comply with the Bidding Procedures and this Order. The Debtor is authorized to take any and all actions necessary to implement the Bidding Procedures.

F. Each bidder participating at the Auction shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale, as set forth in the Bidding Procedures.

G. The Bidding Procedures and the notice thereof provide all parties in interest with notice of, and the opportunity to participate in, any potential Sale and/or Auction.

## III. Notice Procedures

H. The form of Sale Notice substantially in the form attached hereto as **Exhibit 2** is approved.

34086582 v4

5

Case 3:19-bk-01971    Doc 215    Filed 05/27/20    Entered 05/27/20 10:03:23    Desc Main
Document    Page 5 of 9

I.  On or before three business days after the entry of this Order, the Debtors shall serve the Bidding Procedures Order and Bidding Procedures by first-class mail or courier service upon: (a) the Office of the United States Trustee (b) counsel to DIP Lender (c) counsel to the IRS (d) the United States Attorney's Office for Middle District of Tennessee (e) the Internal Revenue Service (f) all parties who have expressed a written interest in some or all of the Assets; (g) all known holders of liens, encumbrances, and other claims secured by the Assets; (h) each governmental agency that is an interested party with respect to the Sale and transactions proposed thereunder; (i) the counterparties to any executory contract or unexpired lease to which a Debtor is a party (the "Contract Counterparties"); (j) all known creditors of the Debtors; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002.

**IV. The Assumption Procedures**

J.  The Assumption and Assignment Procedures set forth in the Bidding Procedures Motion regarding the assumption and assignment of the Assigned Contracts proposed to be assumed by the Debtors and assigned to a Successful Bidder are approved.

  a. **Cure Notice**. On or before June 1, 2020, the Debtors shall file with the Court and serve via first class mail, electronic mail, or overnight delivery, a Cure Notice as described herein.

  b. **Content of Cure Notice**. The Cure Notice shall notify the applicable Contract Counterparties that the Assigned Contracts may be subject to assumption and assignment in connection with a proposed sale transaction, and contain the following information: (i) a list of the Assigned Contracts; (ii) the applicable Contract Counterparties; (iii) the Debtors' good faith estimates of the Cure Costs; and (iv) the deadline by which any Contract Counterparty to an Assigned Contract may file an objection to the proposed assumption, assignment, cure, and/or adequate assurance and the procedures relating thereto; provided that service of a Cure Notice does not constitute an admission that such Assigned Contract is an executory contract or unexpired lease or that such Assigned Contract will be assumed at any point by the Debtors or assumed and assigned pursuant to any Successful Bid.

c. **Objections**. Objections, if any, to a Cure Notice must: (i) be in writing; (ii) comply with the applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, and any order governing the administration of these chapter 11 cases; (iii) state with specificity the nature of the objection and, if the objection pertains to the proposed Cure Costs, state the cure amount alleged to be owed to the objecting Contract Counterparty, together with any applicable and appropriate documentation in support thereof; and (iv) be filed with the Court and served so as to be actually received by counsel to the Debtors prior to June 17, 2020, at noon (prevailing Central Time); provided that the Debtors may modify the Cure Objection Deadline by filing a notice of such modification on the Court's docket.

d. **Effects of Filing an Objection to a Cure Notice**. A properly filed and served objection to a Cure Notice will reserve such objecting party's rights against the Debtors only with respect to the assumption and assignment of the Assigned Contract at issue, and/or objection to the accompanying Cure Costs, as set forth in the objection, but will not constitute an objection to the remaining relief requested in the Sale to the Successful Bidder.

K. If a Contract Counterparty does not file and serve an Assigned Contract Objection in a manner that is consistent with the requirements set forth above, and absent a subsequent order of the Court establishing an alternative Cure Cost, (a) the Cure Costs, if any, set forth in the Cure Notice shall be controlling, notwithstanding anything to the contrary in any Assigned Contract or any other document, and (b) the Contract Counterparty will be deemed to have consented to the assumption and assignment of the Assigned Contract and the Cure Costs, if any, and will be forever barred from objecting to the assumption and assignment of such Assigned Contract and rights thereunder, including the Cure Costs, if any, and from asserting any other claims related to such Assigned Contract against the Debtors or the Successful Bidder, or the property of any of them.

L. The inclusion of an Assigned Contract on the Assigned Contract Schedule will not: (a) obligate the Debtors to assume any Assigned Contract listed thereon or obligate the Successful Bidder to take assignment of such Assigned Contract; or (b) constitute any admission or agreement of the Debtors that such Assigned Contract is an executory contract or unexpired lease. Only those Assigned Contracts that are included on a schedule of assumed and assigned contracts attached to

the definitive sale agreement with the Successful Bidder (including amendments or modifications to such schedules in accordance with such agreement) will be assumed and assigned to the Successful Bidder.

M.  Solely in respect of the procedures for assuming and assigning, or rejecting, Executory Contracts or Unexpired Leases, in the event of any inconsistencies between this Order, the Bidding Procedures Motion, or the Bidding Procedures, this Order shall govern in all respects.

N.  In the event an APA is negotiated, executed and filed prior to the the close of business June 5, 2020, the Debtor, in consultation with the attorney for the United States Trustee and the DIP Lender, may designate the proposed buyer as the "Stalking Horse" buyer and provide minimal bid protections in the form of a "Break-Up Fee" equal to 3% of the proposed purchase price in the Stalking Horse offer, require an initial overbid requirement of $100,000 above the Stalking Horse offer, and require minimum bid increments thereafter of $25,000.

**V. Miscellaneous**

O.  The failure to include or reference a particular provision of the Bidding Procedures specifically in this Order shall not diminish or impair the effectiveness or enforceability of such provision.

P.  In the event of any inconsistency between this Order and the Motion and/or the Bidding Procedures, this Order shall govern in all respects.

Q.  The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

R.  Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

S. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

T. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

*This Order was signed and entered electronically as indicated at the top of the first page.*

Approved for entry:

/s/ David W. Houston, IV
David W. Houston, IV, No. 20802
Emily C. Taube, No. 19323
Burr & Forman, LLP
222 Second Avenue South, Suite 2000
Nashville, TN  37201
615-724-32165 (phone)
615-724-3315 (fax)
dhouston@burr.com
etaube@burr.com

*Counsel for Capstone Pediatrics, PLLC*