# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No: 3:19-bk-1971 |
| CAPSTONE PEDIATRICS, PLLC, ) | Chapter 11 |
| ) | Judge Randal S. Mashburn |
| Debtor. ) | |

**BIDDING PROCEDURES FOR THE SALE OF
SUBSTANTIALLY ALL ASSETS OF CAPSTONE PEDIATRICS**

On May ___, 2020, the United States Bankruptcy Court for the Middle District of Tennessee (the "Court") entered the *EXPEDITED ORDER (I) APPROVING BIDDING PROCEDURES FOR THE SALE OF THE DEBTOR'S ASSETS, (II) SCHEDULING BID DEADLINES, AN AUCTION AND SALE, (III) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (IV) APPROVING CONTRACT ASSUMPTION AND ASSIGNMENT PROCEDURES, AND (V) GRANTING RELATED RELIEF* [Dkt. No. __] (the "Bidding Procedures Order"),[1] by which the Court approved the following procedures. These Bidding Procedures set forth the process by which the Debtor is authorized to conduct an auction (the "Auction"), if any, for the sale (the "Sale") of all or substantially all of the Debtor's assets (the "Assets").

## Key Dates

These Bidding Procedures provide interested parties with the opportunity to qualify for and participate in the Auction to be conducted by the Debtor and to submit competing bids for the Assets. The Debtor shall assist interested parties in conducting their respective due diligence investigations and shall accept Bids until June 10, 2020 at 4:00 p.m. (prevailing Central Standard Time) (the "Bid Deadline").

The key dates for the sale process are as follows:[2]

| | |
|---|---|
| June 10, 2020 at 4:00 p.m. (Prevailing Central Standard Time) | Bid Deadline – Due Date for Bids and Deposits |
| June 11, 2020 at 4:00 p.m. (Prevailing Central Standard Time) | Debtor to determine which Bids are Qualified Bids and notify each Potential Bidder in writing whether such Potential Bidder is a Qualified Bidder. |

---

[1] All capitalized terms used, but not otherwise defined herein, shall have the meaning ascribed to them in the Bidding Procedures Order.

[2] These dates are subject to extension or adjournment as provided for herein.

| | |
|---|---|
| June 11, 2020 at 4:00 p.m. (Prevailing Central Standard Time) | Debtor to provide each Qualified Bidder a schedule setting forth (i) the highest or otherwise best fully binding offer for the for the Assets and/or (ii) the highest or otherwise best fully binding offer(s) for all or any portion of the Assets. |
| June 12, 2020 at 10:00 a.m. (Prevailing Central Standard Time) | Auction (if necessary), which will be held at Burr & Forman LLP, 222 Second Avenue South, Suite 2000, Nashville, Tennessee 37201 or via telephonic or online method as designated by the Debtor. |
| June 13, 2020 | Debtor shall file a notice with the Court identifying the successful bidder and final form of the asset purchase agreement with the successful bidder and provide adequate assurance information to non-Debtor counterparties (or their counsel). |
| June 17, 2020 at 12:00 p.m. (Noon) (Prevailing Central Standard Time) | Deadline by which all objections to the Sale must be filed with the Court and served so as to be actually received by the appropriate notice parties. |
| June 18, 2020 at 10:30 a.m. (Prevailing Central Standard Time) | Sale Hearing, which will be held at the United States Bankruptcy Court for the Middle District of Tennessee, Nashville Division, 701 Broadway, Courtroom I, Nashville, TN 37203 or via telephone, as directed by the Court. |

Unless otherwise approved by the Court, no modification, extension, waiver or addition to these Bidding Procedures shall be inconsistent with the Bidding Procedures Order, or any other Order of the Bankruptcy Court, unless otherwise ordered by the Court.

1. **SUBMISSIONS TO THE DEBTOR.**

These Bidding Procedures set forth the terms by which prospective bidders, if any, may qualify for and participate in an Auction, thereby competing to make the highest or otherwise best offer for all or substantially all of the Assets. The Debtor may consider bids from multiple bidders (including multiple bids submitted by the same bidder) for the Assets in any combination.

2. **POTENTIAL BIDDERS.**

To participate in the bidding process or otherwise be considered for any purpose under these Bidding Procedures, a person or entity interested in consummating a Sale (a "Potential Bidder") must deliver or have previously delivered to the Debtor:

(i) an executed confidentiality agreement on terms acceptable to the Debtor (a "Confidentiality Agreement"), to the extent not already executed;

(ii) in a form acceptable to the Debtor and their advisors: (x) evidence of the financial capability to consummate the Sale, and (y) a written commitment from the equity holder(s) of the Potential Bidder to be responsible for the Potential Bidder's obligations in connection with the Sale); and

(iii) any other evidence the Debtor may reasonably request to evaluate the buyer.

3. **DUE DILIGENCE.**

Only Potential Bidders shall be eligible to receive due diligence information and access to the Debtor's electronic data room and to additional non-public information regarding the Debtor. **No Potential Bidder will be permitted to conduct any due diligence that includes confidential information without entering into a Confidentiality Agreement with the Debtor.** For all Potential Bidders, the due diligence period will end on the Bid Deadline and subsequent to the Bid Deadline the Debtor shall have no obligation to furnish any due diligence information.

The Debtor shall not furnish any confidential information relating to the Assets, liabilities of the Debtor, or the Sale to any person except to a Potential Bidder or to such Potential Bidder's duly authorized representatives to the extent provided in the applicable Confidentiality Agreement. The Debtor and its advisors shall coordinate all reasonable requests from Potential Bidders for additional information and due diligence access; *provided that* the Debtor may decline to provide such information to Potential Bidders who, at such time and in the Debtor's reasonable business judgment, have not established, or who have raised doubt, that such Potential Bidder intends in good faith to, or has the capacity to, consummate the Sale.

The Debtor also reserves the right to withhold any diligence materials that the Debtor determines is sensitive or otherwise not appropriate for disclosure to a Potential Bidder who the Debtor determines is a competitor of the Debtor or is affiliated with any competitor of the Debtor. Neither the Debtor nor its representatives shall be obligated to furnish information of any kind whatsoever to any person that is not determined to be a Potential Bidder.

**All due diligence requests must be directed to** Burr & Forman LLP, 222 Second Avenue South, Suite 2000, Nashville, Tennessee 37201, Attn: David W. Houston, IV (dhouston@burr.com).

(i) Communications with Potential Bidders.

Notwithstanding anything to the contrary in these Bidding Procedures, all substantive communications related to the Sale between and amongst Potential Bidders shall exclusively be through the Debtor and the Debtor's advisors. Communications between and amongst Potential Bidders is expressly prohibited unless the Debtor expressly consents in writing to such communications.

(ii) <u>Due Diligence from Potential Bidders.</u>

Each Potential Bidder shall comply with all reasonable requests for additional information and due diligence access requested by the Debtor or its advisors, regarding the ability of the Potential Bidder to consummate the Sale. Failure by a Potential Bidder to comply with such reasonable requests for additional information and due diligence access may be a basis for the Debtor to determine that such bidder is no longer a Potential Bidder or that a bid made by such Potential Bidder is not a Bid. The Debtor and each of its respective advisors and representatives shall be obligated to maintain in confidence any confidential information in accordance with any applicable confidentiality agreement, except as otherwise set forth in these Bidding Procedures. Each recipient of confidential information agrees to use, and to instruct its advisors and representatives to use, such confidential information only in connection with the evaluation of Bids during the bidding process or otherwise in connection with the chapter 11 case or in accordance with the terms of any applicable confidentiality agreement.

Notwithstanding the foregoing and the provisions contained in any applicable confidentiality agreement, the Debtor and its advisors may disclose confidential information: (i) with the prior written consent of such bidder; (ii) to the applicable bidder; (iii) in accordance with these Bidding Procedures; and (iv) as otherwise required or allowed by any applicable confidentiality agreement with respect to a particular bidder or other agreement, law, court or other governmental order, or regulation, including, as appropriate, to regulatory agencies.

4. **QUALIFIED BIDDERS.**

   (a) A "<u>Qualified Bidder</u>" is a Potential Bidder (A) who demonstrates the financial capability to consummate the Sale, as determined by the Debtor, (B) whose Bid is a Qualified Bid (as defined herein), and (C) that the Debtor determines should be considered a Qualified Bidder.

   (b) If any Potential Bidder is determined by the Debtor, not to be a Qualified Bidder, the Debtor will refund such Qualified Bidder's Deposit and all accumulated interest thereon on or within five business days after the Bid Deadline.

   (c) Between the date that the Debtor notifies a Potential Bidder that it is a Qualified Bidder and the Auction, if any, the Debtor may discuss, negotiate, or seek clarification of any Qualified Bid from a Qualified Bidder.

5. **BID REQUIREMENTS.**

   (a) **Assets.** Each Bid must clearly state which Assets that the Qualified Bidder is agreeing to purchase and assume.

   (b) **Assumption of Obligations.** Each Bid must clearly state which liabilities and obligations of the Debtor the Qualified Bidder is agreeing to assume.

(c) **Purchase Price.** Each Bid must clearly set forth the purchase price to be paid for the applicable asset package, including identifying separately any cash and non-cash components (the "Purchase Price").

(d) **Deposit.** Each Bid must be accompanied by a cash deposit in the amount equal to 10 percent of the aggregate cash Purchase Price of the Bid, to be held in an interest-bearing escrow account to be identified and established by the Debtor (the "Deposit").

(e) **Committed Financing.** To the extent that a Bid is not accompanied by evidence of the Qualified Bidder's capacity to consummate the sale set forth in its Bid with cash on hand, each Bid must include unconditional committed financing from a reputable financing institution, documented to the satisfaction of the Debtor, that demonstrates that the Qualified Bidder has: (i) received sufficient debt and/or equity funding commitments to satisfy the Qualified Bidder's Purchase Price and other obligations under its Bid; and (ii) adequate working capital financing or resources to finance going concern operations for the Assets and the proposed transactions. Such funding commitments or other financing must be unconditional and must not be subject to any internal approvals, syndication requirements, diligence, or credit committee approvals, and shall have covenants and conditions reasonably acceptable to the Debtor.

(f) **Contingencies; No Financing or Diligence Outs.** A Bid shall not be conditioned on the obtaining or the sufficiency of financing or any internal approval, or on the outcome or review of due diligence, but may be subject to the accuracy at the closing of specified representations and warranties or the satisfaction at the closing of specified conditions, which shall be acceptable to the Debtor in its business judgment.

(g) **Identity.** Each Bid must fully disclose the identity of each entity that will be bidding or otherwise participating in connection with such Bid (including each equity holder or other financial backer of the Qualified Bidder if such Qualified Bidder is an entity formed for the purpose of consummating the proposed transaction contemplated by such Bid), and the complete terms of any such participation. Each Bid must also fully disclose whether any current or former officer, director or equity holder of the Debtor, or any entity affiliated with any current or former officer, director or equity holder of the Debtor, will be bidding or otherwise participating in connection with such Bid. Under no circumstances shall any undisclosed insiders, principals, equity holders, or financial backers be associated with any Bid (including any Overbid at the Auction). Each Bid must also include contact information for the specific persons and counsel whom Burr & Forman LLP should contact regarding such Bid.

(h) **Demonstrated Financial Capacity.** A Qualified Bidder must have, in the Debtor's business judgment the necessary financial capacity to consummate the proposed transactions required by its Bid.

(i) **Time Frame for Closing.** A Bid by a Qualified Bidder must be reasonably likely (based on availability of financing, antitrust, or other regulatory issues, experience, and other considerations) to be consummated, if selected as the Successful Bid, within a time

frame acceptable to the Debtor which time frame shall include a closing by no later June 19, 2020.

(j) **Binding and Irrevocable.** A Qualified Bidder's Bid for a particular asset package shall be irrevocable unless and until the Debtor accepts a higher Bid for such asset package and such Qualified Bidder is not selected as the Backup Bidder for such asset package.

(k) **Authorization.** Each Bid must contain evidence that the Qualified Bidder has obtained authorization or approval from its board of directors (or a comparable governing body acceptable to the Debtor) with respect to the submission of its Bid and the consummation of the transactions contemplated in such Bid.

(l) **As-Is, Where-Is.** Each Bid must include a written acknowledgement and representation that the Qualified Bidder: (i) has had an opportunity to conduct any and all due diligence regarding the Assets prior to making its offer; (ii) has relied solely upon its own independent review, investigation, and/or inspection of any documents and/or the Assets in making its Bid; and (iii) did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied by operation of law, or otherwise, regarding the Assets or the completeness of any information provided in connection therewith or the Auction, except as expressly stated in the Bidder's Asset Purchase Agreement.

(m) **Consent to Jurisdiction.** The Qualified Bidder must submit to the jurisdiction of the Court and waive any right to a jury trial in connection with any disputes relating to Debtor's qualification of bids, the Auction, if any, the construction and enforcement of these Bidding Procedures, the Sale documents, and the Closing, as applicable.

6. **AUCTION.**

The Debtor shall evaluate Qualified Bids and identify the Qualified Bid that is, in the Debtor's judgment the highest or otherwise best Qualified Bid or combination of Qualified Bids for the Assets (the "Baseline Bid"), and provide copies of the applicable Qualified Bid Documents supporting the applicable Baseline Bid to each Qualified Bidders at or prior to the Auction. When determining the highest or otherwise best Qualified Bid and selecting the winning bidder, as compared to other Qualified Bids, the Debtor may consider the following factors in addition to any other factors that the Debtor deems appropriate: (a) the amount and nature of the total consideration; (b) the likelihood of the Qualified Bidder's ability to close the Sale and the timing thereof; (c) the net economic effect of any changes to the value to be received by the Debtor's estates from the transaction contemplated by the Qualified Bid Documents; (d) the tax consequences of such Qualified Bid; and (e) the Employee Obligations (collectively, the "Bid Assessment Criteria").

The Auction, if any, shall take place at **10:00 a.m. (prevailing Central Standard Time) on Friday June 12, 2020**, at the offices of Burr & Forman LLP, 222 Second Avenue South, Suite 2000, Nashville, Tennessee 37201, or such later date and time or by telephonic or video conference

as selected by the Debtor. The Auction, if any, shall be conducted in a timely fashion according to the following procedures:

(a) **The Debtor Shall Conduct the Auction.**

The Debtor and its professionals shall direct and preside over the Auction, if any. At the start of the Auction, the Debtor shall describe the terms of the Baseline Bid for each asset package. The Debtor explicitly reserves the right, in its business judgment to exercise its discretion, in conducting the Auction, including determining whether assets are to be auctioned separately, together, or any combination thereof, and whether to adjourn the Auction to facilitate separate discussions between Qualified Bidders and the Debtor, as applicable.

Only Qualified Bidders and their legal and financial advisors, shall be entitled to attend the Auction, if any, and the Qualified Bidders shall appear at the Auction in person and may speak or bid themselves or through duly authorized representatives. Only Qualified Bidders shall be entitled to bid at the Auction, if any.

(b) **Closing the Auction.**

The Auction, if any, shall continue until there is one or more Bids for the Assets that the Debtor determines, in its reasonable business judgment, to be the highest or otherwise best Bid or Bids for all Assets, taken as a whole. Each such Bid shall be declared the "Successful Bid" for such asset package and such Qualified Bidder, the "Successful Bidder" for such asset package, at which point the Auction will be closed. The Auction, if any, shall not close unless and until all Qualified Bidders have been given a reasonable opportunity to submit an Overbid at the Auction to the then Prevailing Highest Bid. Such acceptance by the Debtor of the Successful Bid(s) is conditioned upon approval by the Court of the Successful Bid(s).

(c) **No Collusion; Good-Faith *Bona Fide* Offer.**

Each Qualified Bidder participating at the Auction, if any, will be required to confirm on the record at the Auction that: (i) it has not engaged in any collusion with respect to the bidding; and (ii) its Bid is a good-faith *bona fide* offer and it intends to consummate the proposed transaction if selected as the Successful Bidder.

**7. RESERVATION OF RIGHTS.**

The Debtor reserves its rights to modify these Bidding Procedures, in its reasonable business judgment in any manner that will best promote the goals of the bidding process, or impose, at or prior to the Auction, if any, additional customary terms and conditions on the sale of the Assets, including, without limitation: (a) extending the deadlines set forth in these Bidding Procedures; (b) adjourning the Auction, at the Auction and/or adjourning the Sale Hearing in open court without further notice; (c) modifying the Bidding Procedures and/or adding procedural rules that are reasonably necessary or advisable under the circumstances for conducting the Auction; (d) canceling the Auction; (e) waiving, or imposing additional, terms and conditions set forth herein with respect to Potential Bidders and (f) rejecting any or all bids or Bids; provided, however, that

any modification, extension, waiver, or addition to the Bidding Procedures shall not be inconsistent with the Bidding Procedures Order, or any other Order of the Bankruptcy Court, unless otherwise ordered by the Bankruptcy Court.

## 8. APPROVAL OF SALE TRANSACTIONS.

A hearing to consider approval of the Sale of certain of the Assets to the Successful Bidders (the "Sale Hearing") is currently scheduled to take place on or before at 9:00 a.m. (prevailing Central Standard Time) on Tuesday, June 16, 2020, before the Honorable Randal S. Mashburn, at the Court, 701 Broadway, Nashville, TN 37203, Courtroom 1.

**The Sale Hearing may be continued to a later date by the Debtor by sending notice prior to, or making an announcement at, the Sale Hearing. No further notice of any such continuance will be required to be provided to any party.**

At the Sale Hearing, the Debtor shall present the Successful Bid(s) to the Court for approval.

## 9. RETURN OF DEPOSITS.

The Deposits of all Qualified Bidders shall be held in one or more interest-bearing escrow accounts by the Debtor, but shall not become property of the Debtor's estates absent further order of the Court, or as expressly provided herein. The Deposit of any Qualified Bidder that is not the Successful Bidder shall be returned to such Qualified Bidder not later than five business days after the Sale Hearing. If a Successful Bidder timely closes on its winning transaction, its Deposit shall be credited towards the applicable purchase price(s).

## 10. FIDUCIARY OUT.

Nothing in these Bidding Procedures shall require the board of directors, board of managers, or such similar governing body of the Debtor to take any action, or to refrain from taking any action, with respect to these Bidding Procedures, to the extent such board of directors, board of managers, or such similar governing body determines, or based on the advice of counsel, that taking such action, or refraining from taking such action, as applicable, is required to comply with applicable law or its fiduciary obligations under applicable law.

Dated: May __, 2020

Respectfully submitted,

/s/ David W. Houston, IV
David W. Houston, IV, No. 20802
Emily C. Taube, No. 19323
Burr & Forman, LLP
222 Second Avenue South, Suite 2000
Nashville, TN 37201
615-724-32165 (phone)
615-724-3315 (fax)
dhouston@burr.com
etaube@burr.com
*Counsel for Capstone Pediatrics, PLLC*