Randal S. Mashburn
U.S. Bankruptcy Judge

Dated: 5/27/2020

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No: 3:19-bk-1971 |
| CAPSTONE PEDIATRICS, PLLC, | ) | Chapter 11 |
| | ) | Judge Randal S. Mashburn |
| Debtor. | ) | |

**EXPEDITED ORDER (I) APPROVING BIDDING PROCEDURES
FOR THE SALE OF THE DEBTOR'S ASSETS, (II) SCHEDULING BID DEADLINES, AN
AUCTION AND SALE, (III) APPROVING THE FORM AND MANNER OF NOTICE
THEREOF, (IV) APPROVING CONTRACT ASSUMPTION AND ASSIGNMENT
PROCEDURES, AND (V) GRANTING RELATED RELIEF**

Upon consideration of the expedited motion (the "**Motion**")[1] of the debtor (the "**Debtor**") for the entry of an order (this "**Order**"): (a) approving the proposed bidding procedures attached as **Exhibit 1** to this Order (the "**Bidding Procedures**"); (b) scheduling bid deadlines, an auction and sale hearing in connection with the sale of all or substantially all the Debtor's assets (the "**Sale**"); (c) approving the form and manner of notice thereof; (d) approving procedures for assuming and assigning the Debtor's executory contracts and unexpired leases (the "**Assumption Procedures**"); (e) granting related relief; all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28

---

[1] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the Motion or the Bidding Procedures, as applicable.

U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion, solely with respect to the procedures for conducting the proposed sale as set forth in detail below, is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, THE COURT FINDS THAT:

A.      The findings of fact and conclusions of law herein constitute the Court's findings of fact and conclusions of law for the purpose of Bankruptcy Rule 7052, made applicable pursuant to Bankruptcy Rule 9014. To the extent any findings of facts are conclusions of law, they are adopted as such. To the extent any conclusions of law are findings of fact, they are adopted as such.

B.      <u>Jurisdiction and Venue</u>. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C.      The statutory bases for the relief requested in the Motion are sections 105, 363 and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004 and 6006.

D.      <u>Notice of the Bidding Procedures Motion</u>. Notice of the Motion, the Hearing, and the proposed entry of this Order was adequate and sufficient under the circumstances of this chapter 11 case, and such notice complied with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules. Notice of the Motion has been given to: (a) the Office of the United States Trustee for the Middle District of Tennessee; (b) all parties who have expressed a written interest in some or all of the Assets; (c) all known holders of liens, encumbrances, and other claims secured by the Assets; (d) each governmental agency that is an interested party with respect to the Sale and transactions proposed thereunder; (e) the counterparties to any executory contract or unexpired lease to which a Debtor is a party (the

"**Contract Counterparties**"); (f) all known creditors of the Debtor; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002. Accordingly, no further notice of the Motion, the Hearing, or this Order is necessary or required.

E.        The Debtor has articulated good and sufficient reasons for this Court to: (a) approve the Bidding Procedures attached hereto as **Exhibit 1**; (b) schedule the Bid Deadline, the Auction, the Sale Objection Deadline, and the Sale Hearing; and (c) approve the form of the Sale Notice attached hereto as **Exhibit 2**; (d) approve the Assumption Procedures and the form and manner of notice of the Cure Notice attached hereto as **Exhibit 3**.

F.        Bidding Procedures. The Bidding Procedures are reasonable and appropriate and represent the best available method for maximizing value for the benefit of the Debtor's estate.

G.        The Bidding Procedures balance the Debtor's interests in emerging from the chapter 11 cases while preserving the opportunity to attract value-maximizing proposals beneficial to the Debtor's estates, their creditors, and other parties in interest.

H.        The Sale Notice. The Sale Notice, substantially in the form attached hereto as **Exhibit 2**, and incorporated herein by reference as if fully set forth in this Order, is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Auction.

I.        The Cure Notice. The Cure Notice, substantially in the form attached hereto as **Exhibit 3**, and incorporated herein by reference as if fully set forth in this Order, is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Assumption and Assignment Procedures.

**IT IS HEREBY ORDERED THAT:**

A.        The Motion is granted as provided herein.

B. Objections to any aspect of the proposed sale including the proposed extension of the post-petition priming lien, determining claim and lien priority in sale proceeds, and directing disbursement of sale proceeds, shall be filed no later than noon on June 17, 2020 (prevailing central time) and shall be heard at the sale hearing scheduled hererin. Such objections may include objections to the proposed sale order, which was attached as an exhibit to the sale motion. The proposed sale order is being revised based on discussions held at the bid procedures hearing and may be further revised based on input from the successful bidder and other parties in interest prior to the sale hearing.

## I. Important Dates and Deadlines

C. The following dates and deadlines are hereby approved (and may be amended from time to time by the Debtor by filing an appropriate notice on the Court's docket):

a. **Bid Deadline**: **June 10, 2020, at 4:00 p.m. (Prevailing Central Time)** is the deadline by which Potential Bidders must submit all Bids and Deposits, and the date by which the same must be ***actually received*** by the parties specified in the Bidding Procedures (the "**Bid Deadline**").

b. **Determination Deadline**: **June 11, 2020, at 4:00 p.m. (Prevailing Central Time)** is the date by which the Debtor will determine which Bids are Qualified Bids and notify each Potential Bidder in writing whether such Potential Bidder is a Qualified Bidder.

c. **Auction**: The Auction, if necessary, will be held on **June 12, 2020, at 10:00 a.m. (Prevailing Central Time)** at the offices of counsel to the Debtor, Burr & Forman LLP, 222 Second Avenue South, Suite 2000, Nashville, Tennessee 37201 (such Auction may be conducted by video or telephonically depending on the then current health guidelines and as determined by the Debtor and Chiron in consultation with the United Stated Trustee's Office.)

d. **Notice of Auction Results:** No later than **June 13, 2020**, the Debtor shall file a notice with the Court identifying the successful bidder and final form of the asset purchase agreement with the successful bidder. On or before **June 13, 2020,** the Debtor shall deliver, (to the non-Debtor counterparties (or their counsel), all information and documents that evidence the adequate assurance of future performance by the Successful Bidder under such contracts and leases, within the meaning of Sections 365(b)(1)(C) and 365(f)(2)(B).

e. **Sale Objection Deadline**: The deadline by which all objections to the Sale (including to any Successful Bids or any Assigned Contract Objection (as defined below)) must be filed with the Court and served so as to be ***actually received*** by the appropriate notice parties (the "**Sale Objection Deadline**"), is **June 17, 2020, at noon. (Prevailing Central Time)**.

f. **Sale Hearing**: The hearing approving the Sale to the Successful Bidder shall take place before the Court on **June 18, 2020, at 10:30 a.m. (Prevailing Central Time).**

D.     Notwithstanding the foregoing, the Court's approval of the foregoing schedule is without prejudice to all parties' rights to object to the approval of any sale contemplated under this Order at the Sale Hearing on any grounds.

## II.  The Bidding Procedures.

E.      The Bidding Procedures, substantially in the form attached hereto as **Exhibit 1,** are hereby approved in their entirety, and the Bidding Procedures shall govern the submission, receipt, and analysis of all bids relating to the proposed sale of the Assets. Any party desiring to bid on one or more individual Assets or all or substantially all of the Assets shall comply with the Bidding Procedures and this Order. The Debtor is authorized to take any and all actions necessary to implement the Bidding Procedures.

F.      Each bidder participating at the Auction shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale, as set forth in the Bidding Procedures.

G.      The Bidding Procedures and the notice thereof provide all parties in interest with notice of, and the opportunity to participate in, any potential Sale and/or Auction.

## III. Notice Procedures

H.      The form of Sale Notice substantially in the form attached hereto as **Exhibit 2** is approved.

I.      On or before three business days after the entry of this Order, the Debtors shall serve the Bidding Procedures Order and Bidding Procedures by first-class mail or courier service upon: (a) the Office of the United States Trustee (b) counsel to DIP Lender (c) counsel to the IRS (d) the United States Attorney's Office for Middle District of Tennessee (e) the Internal Revenue Service (f) all parties who have expressed a written interest in some or all of the Assets; (g) all known holders of liens, encumbrances, and other claims secured by the Assets; (h) each governmental agency that is an interested party with respect to the Sale and transactions proposed thereunder; (i) the counterparties to any executory contract or unexpired lease to which a Debtor is a party (the "Contract Counterparties"); (j) all known creditors of the Debtors; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002.

## IV. The Assumption Procedures

J.      The Assumption and Assignment Procedures set forth in the Bidding Procedures Motion regarding the assumption and assignment of the Assigned Contracts proposed to be assumed by the Debtors and assigned to a Successful Bidder are approved.

    a.  **Cure Notice**. On or before June 1, 2020, the Debtors shall file with the Court and serve via first class mail, electronic mail, or overnight delivery, a Cure Notice as described herein.

    b.  **Content of Cure Notice**. The Cure Notice shall notify the applicable Contract Counterparties that the Assigned Contracts may be subject to assumption and assignment in connection with a proposed sale transaction, and contain the following information: (i) a list of the Assigned Contracts; (ii) the applicable Contract Counterparties; (iii) the Debtors' good faith estimates of the Cure Costs; and (iv) the deadline by which any Contract Counterparty to an Assigned Contract may file an objection to the proposed assumption, assignment, cure, and/or adequate assurance and the procedures relating thereto; provided that service of a Cure Notice does not constitute an admission that such Assigned Contract is an executory contract or unexpired lease or that such Assigned Contract will be assumed at any point by the Debtors or assumed and assigned pursuant to any Successful Bid.

c. **Objections**. Objections, if any, to a Cure Notice must: (i) be in writing; (ii) comply with the applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, and any order governing the administration of these chapter 11 cases; (iii) state with specificity the nature of the objection and, if the objection pertains to the proposed Cure Costs, state the cure amount alleged to be owed to the objecting Contract Counterparty, together with any applicable and appropriate documentation in support thereof; and (iv) be filed with the Court and served so as to be actually received by counsel to the Debtors prior to June 17, 2020, at noon (prevailing Central Time); provided that the Debtors may modify the Cure Objection Deadline by filing a notice of such modification on the Court's docket.

d. **Effects of Filing an Objection to a Cure Notice**. A properly filed and served objection to a Cure Notice will reserve such objecting party's rights against the Debtors only with respect to the assumption and assignment of the Assigned Contract at issue, and/or objection to the accompanying Cure Costs, as set forth in the objection, but will not constitute an objection to the remaining relief requested in the Sale to the Successful Bidder.

K. If a Contract Counterparty does not file and serve an Assigned Contract Objection in a manner that is consistent with the requirements set forth above, and absent a subsequent order of the Court establishing an alternative Cure Cost, (a) the Cure Costs, if any, set forth in the Cure Notice shall be controlling, notwithstanding anything to the contrary in any Assigned Contract or any other document, and (b) the Contract Counterparty will be deemed to have consented to the assumption and assignment of the Assigned Contract and the Cure Costs, if any, and will be forever barred from objecting to the assumption and assignment of such Assigned Contract and rights thereunder, including the Cure Costs, if any, and from asserting any other claims related to such Assigned Contract against the Debtors or the Successful Bidder, or the property of any of them.

L. The inclusion of an Assigned Contract on the Assigned Contract Schedule will not: (a) obligate the Debtors to assume any Assigned Contract listed thereon or obligate the Successful Bidder to take assignment of such Assigned Contract; or (b) constitute any admission or agreement of the Debtors that such Assigned Contract is an executory contract or unexpired lease. Only those Assigned Contracts that are included on a schedule of assumed and assigned contracts attached to

the definitive sale agreement with the Successful Bidder (including amendments or modifications to such schedules in accordance with such agreement) will be assumed and assigned to the Successful Bidder.

M. Solely in respect of the procedures for assuming and assigning, or rejecting, Executory Contracts or Unexpired Leases, in the event of any inconsistencies between this Order, the Bidding Procedures Motion, or the Bidding Procedures, this Order shall govern in all respects.

N. In the event an APA is negotiated, executed and filed prior to the the close of business June 5, 2020, the Debtor, in consultation with the attorney for the United States Trustee and the DIP Lender, may designate the proposed buyer as the "Stalking Horse" buyer and provide minimal bid protections in the form of a "Break-Up Fee" equal to 3% of the proposed purchase price in the Stalking Horse offer, require an initial overbid requirement of $100,000 above the Stalking Horse offer, and require minimum bid increments thereafter of $25,000.

## V. Miscellaneous

O. The failure to include or reference a particular provision of the Bidding Procedures specifically in this Order shall not diminish or impair the effectiveness or enforceability of such provision.

P. In the event of any inconsistency between this Order and the Motion and/or the Bidding Procedures, this Order shall govern in all respects.

Q. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

R. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

S.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

T.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

> *This Order was signed and entered electronically as indicated at the top of the first page.*

Approved for entry:

/s/ David W. Houston, IV
David W. Houston, IV, No. 20802
Emily C. Taube, No. 19323
Burr & Forman, LLP
222 Second Avenue South, Suite 2000
Nashville, TN  37201
615-724-32165 (phone)
615-724-3315 (fax)
dhouston@burr.com
etaube@burr.com

*Counsel for Capstone Pediatrics, PLLC*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No: 3:19-bk-1971 |
| CAPSTONE PEDIATRICS, PLLC, | ) | Chapter 11 |
| | ) | Judge Randal S. Mashburn |
| Debtor. | ) | |

## BIDDING PROCEDURES FOR THE SALE OF
## SUBSTANTIALLY ALL ASSETS OF CAPSTONE PEDIATRICS

On May ___, 2020, the United States Bankruptcy Court for the Middle District of Tennessee (the "Court") entered the *EXPEDITED ORDER (I) APPROVING BIDDING PROCEDURES FOR THE SALE OF THE DEBTOR'S ASSETS, (II) SCHEDULING BID DEADLINES, AN AUCTION AND SALE, (III) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (IV) APPROVING CONTRACT ASSUMPTION AND ASSIGNMENT PROCEDURES, AND (V) GRANTING RELATED RELIEF* [Dkt. No. ___] (the "Bidding Procedures Order"),[1] by which the Court approved the following procedures. These Bidding Procedures set forth the process by which the Debtor is authorized to conduct an auction (the "Auction"), if any, for the sale (the "Sale") of all or substantially all of the Debtor's assets (the "Assets").

### Key Dates

These Bidding Procedures provide interested parties with the opportunity to qualify for and participate in the Auction to be conducted by the Debtor and to submit competing bids for the Assets. The Debtor shall assist interested parties in conducting their respective due diligence investigations and shall accept Bids until June 10, 2020 at 4:00 p.m. (prevailing Central Standard Time) (the "Bid Deadline").

The key dates for the sale process are as follows:[2]

| | |
|---|---|
| June 10, 2020 at 4:00 p.m. (Prevailing Central Standard Time) | Bid Deadline – Due Date for Bids and Deposits |
| June 11, 2020 at 4:00 p.m. (Prevailing Central Standard Time) | Debtor to determine which Bids are Qualified Bids and notify each Potential Bidder in writing whether such Potential Bidder is a Qualified Bidder. |

---

[1] All capitalized terms used, but not otherwise defined herein, shall have the meaning ascribed to them in the Bidding Procedures Order.

[2] These dates are subject to extension or adjournment as provided for herein.

| | |
|---|---|
| June 11, 2020 at 4:00 p.m. (Prevailing Central Standard Time) | Debtor to provide each Qualified Bidder a schedule setting forth (i) the highest or otherwise best fully binding offer for the for the Assets and/or (ii) the highest or otherwise best fully binding offer(s) for all or any portion of the Assets. |
| June 12, 2020 at 10:00 a.m. (Prevailing Central Standard Time) | Auction (if necessary), which will be held at Burr & Forman LLP, 222 Second Avenue South, Suite 2000, Nashville, Tennessee 37201 or via telephonic or online method as designated by the Debtor. |
| June 13, 2020 | Debtor shall file a notice with the Court identifying the successful bidder and final form of the asset purchase agreement with the successful bidder and provide adequate assurance information to non-Debtor counterparties (or their counsel). |
| June 17, 2020 at 12:00 p.m. (Noon) (Prevailing Central Standard Time) | Deadline by which all objections to the Sale must be filed with the Court and served so as to be actually received by the appropriate notice parties. |
| June 18, 2020 at 10:30 a.m. (Prevailing Central Standard Time) | Sale Hearing, which will be held at the United States Bankruptcy Court for the Middle District of Tennessee, Nashville Division, 701 Broadway, Courtroom I, Nashville, TN 37203 or via telephone, as directed by the Court. |

Unless otherwise approved by the Court, no modification, extension, waiver or addition to these Bidding Procedures shall be inconsistent with the Bidding Procedures Order, or any other Order of the Bankruptcy Court, unless otherwise ordered by the Court.

1. **SUBMISSIONS TO THE DEBTOR.**

These Bidding Procedures set forth the terms by which prospective bidders, if any, may qualify for and participate in an Auction, thereby competing to make the highest or otherwise best offer for all or substantially all of the Assets. The Debtor may consider bids from multiple bidders (including multiple bids submitted by the same bidder) for the Assets in any combination.

2. **POTENTIAL BIDDERS.**

To participate in the bidding process or otherwise be considered for any purpose under these Bidding Procedures, a person or entity interested in consummating a Sale (a "Potential Bidder") must deliver or have previously delivered to the Debtor:

(i) an executed confidentiality agreement on terms acceptable to the Debtor (a "Confidentiality Agreement"), to the extent not already executed;

(ii) in a form acceptable to the Debtor and their advisors: (x) evidence of the financial capability to consummate the Sale, and (y) a written commitment from the equity holder(s) of the Potential Bidder to be responsible for the Potential Bidder's obligations in connection with the Sale); and

(iii) any other evidence the Debtor may reasonably request to evaluate the buyer.

3. **DUE DILIGENCE.**

Only Potential Bidders shall be eligible to receive due diligence information and access to the Debtor's electronic data room and to additional non-public information regarding the Debtor. **No Potential Bidder will be permitted to conduct any due diligence that includes confidential information without entering into a Confidentiality Agreement with the Debtor.** For all Potential Bidders, the due diligence period will end on the Bid Deadline and subsequent to the Bid Deadline the Debtor shall have no obligation to furnish any due diligence information.

The Debtor shall not furnish any confidential information relating to the Assets, liabilities of the Debtor, or the Sale to any person except to a Potential Bidder or to such Potential Bidder's duly authorized representatives to the extent provided in the applicable Confidentiality Agreement. The Debtor and its advisors shall coordinate all reasonable requests from Potential Bidders for additional information and due diligence access; *provided that* the Debtor may decline to provide such information to Potential Bidders who, at such time and in the Debtor's reasonable business judgment, have not established, or who have raised doubt, that such Potential Bidder intends in good faith to, or has the capacity to, consummate the Sale.

The Debtor also reserves the right to withhold any diligence materials that the Debtor determines is sensitive or otherwise not appropriate for disclosure to a Potential Bidder who the Debtor determines is a competitor of the Debtor or is affiliated with any competitor of the Debtor. Neither the Debtor nor its representatives shall be obligated to furnish information of any kind whatsoever to any person that is not determined to be a Potential Bidder.

**All due diligence requests must be directed to** Burr & Forman LLP, 222 Second Avenue South, Suite 2000, Nashville, Tennessee 37201, Attn: David W. Houston, IV (dhouston@burr.com).

(i) Communications with Potential Bidders.

Notwithstanding anything to the contrary in these Bidding Procedures, all substantive communications related to the Sale between and amongst Potential Bidders shall exclusively be through the Debtor and the Debtor's advisors. Communications between and amongst Potential Bidders is expressly prohibited unless the Debtor expressly consents in writing to such communications.

(ii) Due Diligence from Potential Bidders.

Each Potential Bidder shall comply with all reasonable requests for additional information and due diligence access requested by the Debtor or its advisors, regarding the ability of the Potential Bidder to consummate the Sale. Failure by a Potential Bidder to comply with such reasonable requests for additional information and due diligence access may be a basis for the Debtor to determine that such bidder is no longer a Potential Bidder or that a bid made by such Potential Bidder is not a Bid. The Debtor and each of its respective advisors and representatives shall be obligated to maintain in confidence any confidential information in accordance with any applicable confidentiality agreement, except as otherwise set forth in these Bidding Procedures. Each recipient of confidential information agrees to use, and to instruct its advisors and representatives to use, such confidential information only in connection with the evaluation of Bids during the bidding process or otherwise in connection with the chapter 11 case or in accordance with the terms of any applicable confidentiality agreement.

Notwithstanding the foregoing and the provisions contained in any applicable confidentiality agreement, the Debtor and its advisors may disclose confidential information: (i) with the prior written consent of such bidder; (ii) to the applicable bidder; (iii) in accordance with these Bidding Procedures; and (iv) as otherwise required or allowed by any applicable confidentiality agreement with respect to a particular bidder or other agreement, law, court or other governmental order, or regulation, including, as appropriate, to regulatory agencies.

4. **QUALIFIED BIDDERS.**

   (a) A "Qualified Bidder" is a Potential Bidder (A) who demonstrates the financial capability to consummate the Sale, as determined by the Debtor, (B) whose Bid is a Qualified Bid (as defined herein), and (C) that the Debtor determines should be considered a Qualified Bidder.

   (b) If any Potential Bidder is determined by the Debtor, not to be a Qualified Bidder, the Debtor will refund such Qualified Bidder's Deposit and all accumulated interest thereon on or within five business days after the Bid Deadline.

   (c) Between the date that the Debtor notifies a Potential Bidder that it is a Qualified Bidder and the Auction, if any, the Debtor may discuss, negotiate, or seek clarification of any Qualified Bid from a Qualified Bidder.

5. **BID REQUIREMENTS.**

   (a) **Assets.** Each Bid must clearly state which Assets that the Qualified Bidder is agreeing to purchase and assume.

   (b) **Assumption of Obligations.** Each Bid must clearly state which liabilities and obligations of the Debtor the Qualified Bidder is agreeing to assume.

(c) **Purchase Price.** Each Bid must clearly set forth the purchase price to be paid for the applicable asset package, including identifying separately any cash and non-cash components (the "Purchase Price").

(d) **Deposit.** Each Bid must be accompanied by a cash deposit in the amount equal to 10 percent of the aggregate cash Purchase Price of the Bid, to be held in an interest-bearing escrow account to be identified and established by the Debtor (the "Deposit").

(e) **Committed Financing.** To the extent that a Bid is not accompanied by evidence of the Qualified Bidder's capacity to consummate the sale set forth in its Bid with cash on hand, each Bid must include unconditional committed financing from a reputable financing institution, documented to the satisfaction of the Debtor, that demonstrates that the Qualified Bidder has: (i) received sufficient debt and/or equity funding commitments to satisfy the Qualified Bidder's Purchase Price and other obligations under its Bid; and (ii) adequate working capital financing or resources to finance going concern operations for the Assets and the proposed transactions. Such funding commitments or other financing must be unconditional and must not be subject to any internal approvals, syndication requirements, diligence, or credit committee approvals, and shall have covenants and conditions reasonably acceptable to the Debtor.

(f) **Contingencies; No Financing or Diligence Outs.** A Bid shall not be conditioned on the obtaining or the sufficiency of financing or any internal approval, or on the outcome or review of due diligence, but may be subject to the accuracy at the closing of specified representations and warranties or the satisfaction at the closing of specified conditions, which shall be acceptable to the Debtor in its business judgment.

(g) **Identity.** Each Bid must fully disclose the identity of each entity that will be bidding or otherwise participating in connection with such Bid (including each equity holder or other financial backer of the Qualified Bidder if such Qualified Bidder is an entity formed for the purpose of consummating the proposed transaction contemplated by such Bid), and the complete terms of any such participation. Each Bid must also fully disclose whether any current or former officer, director or equity holder of the Debtor, or any entity affiliated with any current or former officer, director or equity holder of the Debtor, will be bidding or otherwise participating in connection with such Bid. Under no circumstances shall any undisclosed insiders, principals, equity holders, or financial backers be associated with any Bid (including any Overbid at the Auction). Each Bid must also include contact information for the specific persons and counsel whom Burr & Forman LLP should contact regarding such Bid.

(h) **Demonstrated Financial Capacity.** A Qualified Bidder must have, in the Debtor's business judgment the necessary financial capacity to consummate the proposed transactions required by its Bid.

(i) **Time Frame for Closing.** A Bid by a Qualified Bidder must be reasonably likely (based on availability of financing, antitrust, or other regulatory issues, experience, and other considerations) to be consummated, if selected as the Successful Bid, within a time

frame acceptable to the Debtor which time frame shall include a closing by no later June 19, 2020.

(j) **Binding and Irrevocable.** A Qualified Bidder's Bid for a particular asset package shall be irrevocable unless and until the Debtor accepts a higher Bid for such asset package and such Qualified Bidder is not selected as the Backup Bidder for such asset package.

(k) **Authorization.** Each Bid must contain evidence that the Qualified Bidder has obtained authorization or approval from its board of directors (or a comparable governing body acceptable to the Debtor) with respect to the submission of its Bid and the consummation of the transactions contemplated in such Bid.

(l) **As-Is, Where-Is.** Each Bid must include a written acknowledgement and representation that the Qualified Bidder: (i) has had an opportunity to conduct any and all due diligence regarding the Assets prior to making its offer; (ii) has relied solely upon its own independent review, investigation, and/or inspection of any documents and/or the Assets in making its Bid; and (iii) did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied by operation of law, or otherwise, regarding the Assets or the completeness of any information provided in connection therewith or the Auction, except as expressly stated in the Bidder's Asset Purchase Agreement.

(m) **Consent to Jurisdiction.** The Qualified Bidder must submit to the jurisdiction of the Court and waive any right to a jury trial in connection with any disputes relating to Debtor's qualification of bids, the Auction, if any, the construction and enforcement of these Bidding Procedures, the Sale documents, and the Closing, as applicable.

## 6. AUCTION.

The Debtor shall evaluate Qualified Bids and identify the Qualified Bid that is, in the Debtor's judgment, the highest or otherwise best Qualified Bid or combination of Qualified Bids for the Assets (the "Baseline Bid"), and provide copies of the applicable Qualified Bid Documents supporting the applicable Baseline Bid to each Qualified Bidders at or prior to the Auction. When determining the highest or otherwise best Qualified Bid and selecting the winning bidder, as compared to other Qualified Bids, the Debtor may consider the following factors in addition to any other factors that the Debtor deems appropriate: (a) the amount and nature of the total consideration; (b) the likelihood of the Qualified Bidder's ability to close the Sale and the timing thereof; (c) the net economic effect of any changes to the value to be received by the Debtor's estates from the transaction contemplated by the Qualified Bid Documents; (d) the tax consequences of such Qualified Bid; and (e) the Employee Obligations (collectively, the "Bid Assessment Criteria").

The Auction, if any, shall take place at **10:00 a.m. (prevailing Central Standard Time) on Friday June 12, 2020**, at the offices of Burr & Forman LLP, 222 Second Avenue South, Suite 2000, Nashville, Tennessee 37201, or such later date and time or by telephonic or video conference

as selected by the Debtor. The Auction, if any, shall be conducted in a timely fashion according to the following procedures:

(a)      **The Debtor Shall Conduct the Auction.**

The Debtor and its professionals shall direct and preside over the Auction, if any. At the start of the Auction, the Debtor shall describe the terms of the Baseline Bid for each asset package. The Debtor explicitly reserves the right, in its business judgment to exercise its discretion, in conducting the Auction, including determining whether assets are to be auctioned separately, together, or any combination thereof, and whether to adjourn the Auction to facilitate separate discussions between Qualified Bidders and the Debtor, as applicable.

Only Qualified Bidders and their legal and financial advisors, shall be entitled to attend the Auction, if any, and the Qualified Bidders shall appear at the Auction in person and may speak or bid themselves or through duly authorized representatives. Only Qualified Bidders shall be entitled to bid at the Auction, if any.

(b)      **Closing the Auction.**

The Auction, if any, shall continue until there is one or more Bids for the Assets that the Debtor determines, in its reasonable business judgment, to be the highest or otherwise best Bid or Bids for all Assets, taken as a whole. Each such Bid shall be declared the "<u>Successful Bid</u>" for such asset package and such Qualified Bidder, the "<u>Successful Bidder</u>" for such asset package, at which point the Auction will be closed. The Auction, if any, shall not close unless and until all Qualified Bidders have been given a reasonable opportunity to submit an Overbid at the Auction to the then Prevailing Highest Bid. Such acceptance by the Debtor of the Successful Bid(s) is conditioned upon approval by the Court of the Successful Bid(s).

(c)      **No Collusion; Good-Faith *Bona Fide* Offer.**

Each Qualified Bidder participating at the Auction, if any, will be required to confirm on the record at the Auction that: (i) it has not engaged in any collusion with respect to the bidding; and (ii) its Bid is a good-faith *bona fide* offer and it intends to consummate the proposed transaction if selected as the Successful Bidder.

**7.   RESERVATION OF RIGHTS.**

The Debtor reserves its rights to modify these Bidding Procedures, in its reasonable business judgment in any manner that will best promote the goals of the bidding process, or impose, at or prior to the Auction, if any, additional customary terms and conditions on the sale of the Assets, including, without limitation: (a) extending the deadlines set forth in these Bidding Procedures; (b) adjourning the Auction, at the Auction and/or adjourning the Sale Hearing in open court without further notice; (c) modifying the Bidding Procedures and/or adding procedural rules that are reasonably necessary or advisable under the circumstances for conducting the Auction; (d) canceling the Auction; (e) waiving, or imposing additional, terms and conditions set forth herein with respect to Potential Bidders and (f) rejecting any or all bids or Bids; provided, however, that

any modification, extension, waiver, or addition to the Bidding Procedures shall not be inconsistent with the Bidding Procedures Order, or any other Order of the Bankruptcy Court, unless otherwise ordered by the Bankruptcy Court.

**8.   APPROVAL OF SALE TRANSACTIONS.**

A hearing to consider approval of the Sale of certain of the Assets to the Successful Bidders (the "Sale Hearing") is currently scheduled to take place on or before at 10:30 a.m. (prevailing Central Standard Time) on Thursday, June 18, 2020, before the Honorable Randal S. Mashburn, at the Court, 701 Broadway, Nashville, TN 37203, Courtroom 1.

**The Sale Hearing may be continued to a later date by the Debtor by sending notice prior to, or making an announcement at, the Sale Hearing. No further notice of any such continuance will be required to be provided to any party.**

At the Sale Hearing, the Debtor shall present the Successful Bid(s) to the Court for approval.

**9.   RETURN OF DEPOSITS.**

The Deposits of all Qualified Bidders shall be held in one or more interest-bearing escrow accounts by the Debtor, but shall not become property of the Debtor's estates absent further order of the Court, or as expressly provided herein. The Deposit of any Qualified Bidder that is not the Successful Bidder shall be returned to such Qualified Bidder not later than five business days after the Sale Hearing. If a Successful Bidder timely closes on its winning transaction, its Deposit shall be credited towards the applicable purchase price(s).

**10.   FIDUCIARY OUT.**

Nothing in these Bidding Procedures shall require the board of directors, board of managers, or such similar governing body of the Debtor to take any action, or to refrain from taking any action, with respect to these Bidding Procedures, to the extent such board of directors, board of managers, or such similar governing body determines, or based on the advice of counsel, that taking such action, or refraining from taking such action, as applicable, is required to comply with applicable law or its fiduciary obligations under applicable law.

Dated: May __, 2020                         Respectfully submitted,

                                            /s/ David W. Houston, IV
                                            David W. Houston, IV, No. 20802
                                            Emily C. Taube, No. 19323
                                            Burr & Forman, LLP
                                            222 Second Avenue South, Suite 2000
                                            Nashville, TN  37201
                                            615-724-32165 (phone)
                                            615-724-3315 (fax)
                                            dhouston@burr.com
                                            etaube@burr.com
                                            *Counsel for Capstone Pediatrics, PLLC*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

In re:                 )
                         )    Case No: 3:19-bk-1971

CAPSTONE PEDIATRICS, PLLC,   )    Chapter 11
                         )    Judge Randal S. Mashburn

      Debtor.          )

## NOTICE OF AUCTION AND SALE HEARING

**PLEASE TAKE NOTICE** that on March 28, 2019 (the "Petition Date"), the above-captioned debtor (the "Debtor"), by and through their undersigned counsel, filed voluntary petitions for relief (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

**PLEASE TAKE FURTHER NOTICE** that on May __, 2020, the United States Bankruptcy Court for the Middle District of Tennessee (the "Bankruptcy Court") entered an order (the "Bid Procedures Order") approving the *EXPEDITED ORDER (I) APPROVING BIDDING PROCEDURES FOR THE SALE OF THE DEBTOR'S ASSETS, (II) SCHEDULING BID DEADLINES, AN AUCTION AND SALE, (III) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (IV) APPROVING CONTRACT ASSUMPTION AND ASSIGNMENT PROCEDURES, AND (V) GRANTING RELATED RELIEF* (the "Sale Motion"), filed by the Debtor.

**PLEASE TAKE FURTHER NOTICE** that the Debtor seeks authority under the Sale Motion to, among other things, sell Debtor's Assets free and clear of all liens, claims, encumbrances, and other interests, including, without limitation, all rights of setoff, recoupment, netting and deductions, rights of first offer, first refusal and other similar contractual property, legal or equitable rights, and any successor or successor-in-interest liability theories (collectively, "Encumbrances"), to the fullest extent allowable under section 363(f) of the Bankruptcy Code, with all Encumbrances attaching with the same validity and priority to the Sale proceeds. The Sale Motion also seeks authority for the Debtor to assume and assign certain executory contracts and unexpired leases to the successful bidder under section 365 of the Bankruptcy Code in accordance with the Assumption and Assignment Procedures set forth in the Bidding Procedures Order (defined below). Further, the Sale Motion seeks to extend the post-petition priming lien of the DIP Lender, to determine the claim and lien priorities in the sale proceeds, and to direct disbursement of the sale proceeds to the DIP Lender.

**PLEASE TAKE FURTHER NOTICE** that on May __, 2020, the Bankruptcy Court entered an order (the "Bidding Procedures Order") approving the bidding procedures (the "Bidding Procedures") attached as Exhibit 1 to the Bidding Procedures Order. The Bidding Procedures set the key dates and times related to the Sale of the Assets and assumption and assignment of the executory contracts and unexpired leases. All interested parties should carefully read the Sale Motion, Bidding Procedures Order and the Bidding Procedures. To the extent that there are any inconsistencies between the Bidding Procedures Order (including the Bidding Procedures) and the

summary description of its terms and conditions contained in this Notice of Auction and Sale Hearing, the terms of the Bidding Procedures Order shall control.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Bidding Procedures Order and Bidding Procedures, if one or more Qualified Bids are received by the Bid Deadline, an auction (the "Auction") to sell the Assets will be conducted on **June 12, 2020, starting at 10:00 a.m. (prevailing central Time)** at the offices of Burr & Forman LLP, 222 Second Ave. South, Suite 2000, Nashville, TN 37201, or such other location as shall be timely communicated to all persons entitled to attend the Auction. The Debtors may cancel the Auction pursuant to the Bidding Procedures.

**PLEASE TAKE FURTHER NOTICE** that a hearing will be held to approve the Sale of the Assets to the Successful Bidder (the "Sale Hearing") before the United States Bankruptcy Court for the Middle District of Tennessee, 701 Broadway, Nashville, TN 37203 on **June 18, 2020 at 10:30 a.m. (prevailing Central Time)**, or at such time thereafter as counsel may be heard or at such other time as the Bankruptcy Court may determine. The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by filing a notice on the Court's docket for these Chapter 11 Cases or the making of an announcement at the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that objections to the Sale shall be filed and served so as to be received no later than **June 17, 2020 at 12:00 p.m. Noon (prevailing Central Time)** by the Court and by counsel for the Debtors.

**PLEASE TAKE FURTHER NOTICE** that this Notice of Auction and Sale Hearing is subject to the full terms and conditions of the Sale Motion, Bidding Procedures Order and Bidding Procedures, which shall control in the event of any conflict. The Debtor encourages parties in interest to review such documents in their entirety. Copies of the Sale Motion, the Bidding Procedures, the Bidding Procedures Order, and all other documents filed with the Court may be obtained upon request from the Debtor's counsel Burr & Forman LLP, 222 Second Ave. South, Suite 2000, Nashville, TN 37201, (Attn: David W. Houston, IV, dhouston@burr.com).

Respectfully submitted,

/s/ David W. Houston, IV
David W. Houston, IV, No. 20802
Emily C. Taube, No. 19323
Burr & Forman, LLP
222 Second Avenue South, Suite 2000
Nashville, TN 37201
615-724-32165 (phone)
615-724-3315 (fax)
dhouston@burr.com
etaube@burr.com

*Counsel for Capstone Pediatrics, PLLC*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

In re:                                                  )
                                                        )          Case No: 3:19-bk-1971
CAPSTONE PEDIATRICS, PLLC,                              )          Chapter 11
                                                        )          Judge Randal S. Mashburn
                Debtor.                                 )

## NOTICE OF ASSUMPTION AND ASSIGNMENT
## OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**PLEASE TAKE NOTICE** that on May 19, 2020, the above-captioned debtor (the "Debtor"), by and through its undersigned counsel filed the EXPEDITED MOTION FOR ENTRY OF AN ORDER (I) APPROVING BIDDING PROCEDURES FOR THE SALE OF THE DEBTOR'S ASSETS, (II) SCHEDULING BID DEADLINES, AN AUCTION AND SALE, (III) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (IV) APPROVING CONTRACT ASSUMPTION AND ASSIGNMENT PROCEDURES, (V) EXTENDING POST-PETITION PRIMING LIEN, DETERMINING CLAIM AND LIEN PRIORITY IN SALE PROCEEDS, AND DIRECTING DISBURSEMENT OF SALE PROCEEDS AND (VI) GRANTING RELATED RELIEF (the "Sale Motion").[1]

**PLEASE TAKE FURTHER NOTICE** that under the Sale Motion, the Debtor seeks authority to, among other things, assume and assign certain executory contracts and unexpired leases (the "Assumed Contracts") under section 365 of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that on May __, 2020, the United States Bankruptcy Court for the Middle District of Tennessee (the "Bankruptcy Court") entered the *EXPEDITED ORDER (I) APPROVING BIDDING PROCEDURES FOR THE SALE OF THE DEBTOR'S ASSETS, (II) SCHEDULING BID DEADLINES, AN AUCTION AND SALE, (III) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (IV) APPROVING CONTRACT ASSUMPTION AND ASSIGNMENT PROCEDURES, AND (V) GRANTING RELATED RELIEF* (Dkt. No. ___) (the "Bidding Procedures Order").

**PLEASE TAKE FURTHER NOTICE** that this Assumption and Assignment Notice is being provided pursuant to the Bidding Procedures Order. Attached hereto as Schedule 1 is a list of the Assumed Contracts that the Debtor may assume and assign to the Successful Bidder along with (a) the name of each non-Debtor counterparty to such Assumed Contract (the "Assumed Contract Counterparty"); and (b) the proposed amount necessary, if any, to cure all monetary defaults, if any, under the such Assumed Contract (the "Cure Costs"). You are receiving this Notice because you are identified as an Assumed Contract Counterparty to one or more of the Assumed Contracts. If you agree with the Cure Costs and do not otherwise object to the assumption and assignment of your Assumed Contract listed on Schedule 1, you do not need to take any further action.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms as set forth in the Motion.

**PLEASE TAKE FURTHER NOTICE** that any party seeking to object to the validity of the Cure Costs (a "Cure Objection") provided by the Debtor on Schedule 1, or otherwise assert that any other amounts, defaults, conditions or pecuniary losses must be cured or satisfied under any of the Assumed Contracts in order to be assigned to the Successful Bidder must file an objection, which must: (a) be in writing; (b) state with specificity the basis for the objection as well as any Cure Costs that the objector asserts to be due, including each and every asserted default in the applicable contract or lease (in all cases with appropriate documentation in support thereof); (c) comply with the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Middle District of Tennessee; and (d) be filed and served on the following parties by no later than **12:00 p.m. Noon (prevailing Central Time)** on **June 17, 2020** after service of this Notice of Assumption and Assignment of Executory Contracts and Unexpired Leases (the "Contract Objection Deadline"): (i) counsel for the Debtor, Burr & Forman LLP, 222 Second Ave. South, Ste. 2000 Nashville, TN 37201 (Attn: David W. Houston, IV, dhouston@burr.com).

**PLEASE TAKE FURTHER NOTICE** that any non-Debtor counterparty to any Assumed Contract who does not file a Cure Objection by the Cure Objection Deadline shall be forever barred from objecting to the Cure Cost set forth on Schedule 1 or asserting or claiming any cure amount (other than the Cure Cost) against the Debtors or the Successful Bidder.

**PLEASE TAKE FURTHER NOTICE** that the deadline for filing an objection to the assumption and assignment of an Assumed Contract on the basis of a lack of adequate assurance of future performance (an "Adequate Assurance Objection") shall be **June 17, 2020 at 12:00 p.m. Noon (prevailing Central Time)** (the "Adequate Assurance Objection Deadline"). Adequate Assurance Objections, if any, shall be in writing, filed with the Court and served upon the Debtor's counsel on or before the Adequate Assurance Objection Deadline.

**PLEASE TAKE FURTHER NOTICE** that any non-Debtor party to an Assumed Contract who does not file a timely Cure Objection or Adequate Assurance Objection shall be deemed to have consented to the potential assumption and assignment of its Assumed Contract to the Successful Bidder and will be forever barred from objecting to such assumption and assignment on account of the Cure Cost, lack of adequate assurance or any other grounds.

**PLEASE TAKE FURTHER NOTICE** that the hearing with respect to any Cure Objections and/or Adequate Assurance Objections may be held (i) at the Sale Hearing or (ii) on such other date as the Court may designate.

**PLEASE TAKE FURTHER NOTICE** that that this Notice of Assumption and Assignment of Executory Contracts and Unexpired Leases is subject to the full terms and conditions of the Sale Motion, Bidding Procedures Order and Bidding Procedures, which shall control in the event of any conflict. The Debtor encourages parties in interest to review such documents in their entirety. Copies of the Sale Motion, the Bidding Procedures, the Bidding Procedures Order, and all other documents filed with the Court may be obtained from Debtor's Counsel upon request, Burr & Forman LLP, 222 Second Ave. South, Ste. 2000 Nashville, TN 37201 (Attn: David W. Houston, IV, dhouston@burr.com).

Respectfully submitted,


/s/ David W. Houston, IV
David W. Houston, IV, No. 20802
Emily C. Taube, No. 19323
Burr & Forman, LLP
222 Second Avenue South, Suite 2000
Nashville, TN 37201
615-724-32165 (phone)
615-724-3315 (fax)
dhouston@burr.com
etaube@burr.com

*Counsel for Capstone Pediatrics, PLLC*

Assumed Contracts
See attached.

This Order has been electronically
signed. The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

43333323 v1

Case 3:19-bk-01971    Doc 216    Filed 05/27/20    Entered 05/27/20 12:40:54    Desc Main
Document        Page 23 of 23