# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No: 3:19-bk-1971 |
| CAPSTONE PEDIATRICS, PLLC, ) | Chapter 11 |
| ) | Judge Randal S. Mashburn |
| Debtor. ) | |

## EXPEDITED MOTION FOR ORDER COMPELLING DEBTOR TO VACATE AND SURRENDER PREMISES FOLLOWING REJECTION OF LEASE (CLARKSVILLE LEASE)

ARHC GMCLKTN01, LLC ("Landlord"), by and through its undersigned counsel, hereby submits this Motion (the "Motion") to compel the Debtor, Capstone Pediatrics, PLLC ("Debtor"), to comply with 11 U.S.C. § 365(d)(4)(A) and immediately vacate and surrender the Landlord's Premises, following the rejection of the Lease that occurred on June 16, 2020, and respectfully states the following in support thereof:

### A. REQUEST FOR EXPEDITED PROCEDURES

1. <u>Expedited Relief Requested</u>: The Landlord hereby seeks entry of an order (the "Hearing Order"), substantially in the form attached hereto as Exhibit A:

   a. Setting the hearing on this Motion on an expedited basis (the "Hearing");

   b. Shortening the time for responses and objections to this Motion; and

   c. Granting any related relief.

2. <u>Basis for Urgency</u>: The Lease between the Landlord and Tenant was rejected on June 16, 2020, and the Debtor has failed and refused to vacate and surrender the Premises to the Landlord as required by 11 U.S.C. § 365(d)(4)(A).

3. <u>Notice</u>: Notice of this Motion was served (a) electronically to all parties consenting to electronic service in the Case and by First-Class U.S. Mail to all creditors and parties-in-interest, and (b) via electronic mail to Debtor's counsel.

4. <u>Suggested Hearing Date</u>: Based on the Court's availability, the Landlord requests that the Court set the Hearing for no later than July 7, 2020, with any responses or objections to be filed by no later than one (1) business day prior to the Hearing.

5. <u>Supporting Argument</u>: The Landlord supports this Motion as set forth below.

## B.  JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Middle District of Tennessee (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## C.  BACKGROUND

1. On March 28, 2019, the Debtor filed its Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code (the "<u>Petition Date</u>").

2. The Debtor and Landlord are parties to a Lease (the "Clarksville Lease") of non-residential real property and improvements located at or near 647 Dunlop Lane, Clarksville, Tennessee ("Premises").

3. The initial deadline under 11 U.S.C. § 365(d)(4)(A) for the Debtor's assumption or rejection of the Clarksville Lease would have expired on July 26, 2019.

4. Pursuant to various Agreed Orders, the deadline for the Debtor to assume or reject the Clarksville Lease was extended until June 15, 2020:

2

Case 3:19-bk-01971    Doc 226    Filed 06/26/20    Entered 06/26/20 14:04:20    Desc Main
Document      Page 2 of 7

a. *Agreed Order and Stipulation Extending the Time for the Debtor to Assume or Reject an Unexpired Lease* on August 12, 2019 (Doc. No. 130);

b. *Second Agreed Order and Stipulation Extending the Time for the Debtor to Assume or Reject an Unexpired Lease* on October 28, 2019 (Doc. No. 163);

c. *Third Agreed Order and Stipulation Extending the Time for the Debtor to Assume or Reject an Unexpired Lease* on January 2, 2020 (Doc. No. 177);

d. *Fourth Agreed Order and Stipulation Extending the Time for the Debtor to Assume or Reject an Unexpired Lease* on February 7, 2020 (Doc. No. 186); and

e. *Fifth Agreed Order and Stipulation Extending the Time for the Debtor to Assume or Reject an Unexpired Lease* on April 3, 2020 (Doc. No. 201), which allowed the Debtor additional time until June 15, 2020 ("Lease-Assumption Deadline"), to make its determination of whether to assume or reject the Clarksville Lease.

5. The Debtor has not filed a motion to assume or reject the Clarksville Lease, and the Lease-Assumption Deadline has expired.

6. The Debtor has failed and refused to vacate and surrender possession of the Premises to the Landlord, despite the mandate of the Bankruptcy Code and demands by the Landlord. *See* Exhibit B hereto.

7. In accordance with 11 U.S.C. § 365(d)(3), the Debtor has failed to perform all of its post-filing obligations under the Clarksville Lease until the Clarksville Lease was

rejected. The rent and charges for June 2020, in the amount of $9,692.41, have not been paid.[1]

## C. LEGAL DISCUSSION

The Debtor had 445 days from the Petition Date to the Lease-Assumption Deadline to elect to assume or reject the Clarksville Lease. The Debtor did not move to assume the Clarksville Lease by the Lease Assumption Deadline of June 15, 2020. Therefore, and pursuant to Section 365(d)(4)(A) of the Bankruptcy Code, the Clarksville Lease was deemed rejected on June 16, 2020.

The Debtor was and is required by the Bankruptcy Code to immediately surrender the Premises to the Landlord:

> [A]n unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the [Debtor] shall immediately surrender that nonresidential real property to the lessor, if the [Debtor] does not assume or reject the unexpired lease [by the Lease-Assumption Deadline].

11 U.S.C. § 365(d)(4)(A) (emphasis added).

The purpose of Section 365(d)(4)(A) is to protect landlords from long delays and that Section clearly establishes the relief to which the Landlord is requesting and is entitled.

> Laying the foundation of these holdings is Congress' intent, "to protect lessors from the risk caused by the precarious financial condition of lessee debtors and provide a short time frame for a Debtor–in–Possession to elect either to assume an unexpired non-residential lease or vacate the premises

---

[1] The rent and charges due under the Clarksville Lease for May 2020, which were due on May 1, 2020, under the terms of the Clarksville Lease, were received by the Landlord on June 23, 2020, and only after repeated requests for payment made by Landlord's counsel to Debtor's counsel. The Landlord has also made repeated requests for payment of the June 2020 rent and charges.

4

forthwith." *In re Golden Triangle Film Labs*, 176 B.R. 608, 609–10 (Bankr.M.D.Fla.1994). Additionally, it is widely held that, "the broad equitable powers of bankruptcy judges all weigh in favor of granting a surrender order to a lessor who, under the terms of the provision, clearly deserves one." *In re Sok Jun Kong*, 162 B.R. 86, 98 (Bankr.E.D.N.Y.1993) (emphasis added).

. . . .

§ 365(d)(4) precisely dictates the effect of automatic rejection and surrender of leased non-residential real property. Neither an adversary proceeding nor relief from the automatic stay are required for the implementation of § 365(d)(4).

*In re The Deli Den, LLC*, 425 B.R. 725, 726-27 (Bankr. S.D. Fla. 2010) (emphasis added).

The intent and purpose of Section 365(d)(4)(A) was described by the United States Court of Appeal for the Ninth Circuit as follows:

[T]he plain language and purpose of section 365(d)(4), the necessarily preemptive force of the Bankruptcy Code, and the broad equitable powers of bankruptcy judges all weigh in favor of granting a surrender order to a lessor who, under the terms of the provision, clearly deserves one. *See* 11 U.S.C. § 105(a) (1988) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.").

. . . .

Congress intended section 365(d)(4), as amended in 1984, to come to the rescue of landlords who suffer unfairly from delays encountered in bankruptcy proceedings. *See* [*In re U.S. Fax, Inc.,* 114 B.R. 70, 72 (Bankr. E.D. Pa. 1990)] (quoting comments by Senators Dole and Hatch, *reprinted in* 1984 U.S.Code Cong. & Admin.News 576, 586–87, 590, 598–99). Congress clearly intended to bring the broad equitable powers of bankruptcy courts and the preemptive authority of the Bankruptcy Code to bear upon the problems that it envisioned that this section would address.

*In re Elm Inn, Inc.*, 942 F.2d 630, 634-35 (9th Cir. 1991) (emphasis added).

Despite the clear mandate of the Bankruptcy Code and repeated demands by the Landlord to surrender the Premises to the Landlord, the Debtor has failed and refused to

5

Case 3:19-bk-01971    Doc 226    Filed 06/26/20    Entered 06/26/20 14:04:20    Desc Main
Document    Page 5 of 7

do so and continues to occupy the Premises. This Court is requested to compel the Debtor to comply with the Bankruptcy Code and to immediately vacate and surrender the Premises.

### D. RELIEF REQUESTED AND CONCLUSION

Based on the foregoing, the Landlord requests that the Court:

1. Expedite the setting of the Hearing on the Motion by entering the Order that is substantially in the form attached hereto as <u>Exhibit A</u>;

2. After the Hearing, compel the Debtor to vacate the Premises and to surrender the Premises to the Landlord by no later than two (2) business days following the Hearing by entering the Order that is substantially in the form attached hereto as <u>Exhibit C</u>; and

3. Granting such other and further relief as is just under the circumstances.

*Respectfully Submitted:*

DICKINSON WRIGHT LLP

*/s/Joshua L. Burgener*
Joshua L. Burgener
424 Church Street, Suite 800
Nashville, Tennessee 37219
Telephone: (615) 244-6538
Facsimile: (844) 670-6009
Email: JBurgener@dickinsonwright.com
*Attorney for ARHC GMCLKTN01, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed electronically on June 26, 2020. Notice of this filing was sent by operation of the Court's electronic filing system to all those parties specifically requesting electronic service and as indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system. A true and correct copy of the foregoing was also sent by electronic mail on the same date to counsel for the Debtor and the Office of the United States Trustee.

*/s/Joshua L. Burgener*
Joshua L. Burgener

4843-2095-0721 v2 [59857-179]