*Randal S. Mashburn*
Randal S. Mashburn
U.S. Bankruptcy Judge

Dated: 7/6/2020



UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF TENNESSEE

In re

Capstone Pediatrics, PLLC,

    Debtor.

Case No. 19-01971
Chapter 11
Judge Mashburn

### ORDER ESTABLISHING PROCEDURES
### FOR VIDEO HEARING COMBINED WITH TOLL-FREE TELEPHONIC ACCESS
### FOR MOTION TO SELL PROPERTY AND RELATED MATTERS

This order establishes the procedures to use for the upcoming hearing on the motion to sell property ("Sale Hearing") scheduled for July 7, 2020, at 10:30 a.m. An objection has been filed to the sale by CDS Business Services, Inc. d/b/a Newtek Business Credit ("Newtek"), and an objection has also been filed by UnitedHealthcare Insurance Company ("United") regarding the cure amount for the assumption of a contract connected to the proposed sale. This order will also govern the hearing on a motion filed by ARHC GMCLKTN01, LLC ("Landlord") seeking an order compelling the Debtor to vacate and surrender property ("Landlord Hearing"). The Landlord's motion was set for 9:30 a.m. on July 7, 2020, but will be instead heard in connection with the Sale Hearing at 10:30 a.m.

The Sale Hearing and the Landlord Hearing ("the Hearings") will not be conducted in-person in the designated courtroom but will instead be conducted by video and audio as set forth herein. If, in advance of the Hearings, there is an agreement reached among the parties to resolve the matters or to continue the Hearings, counsel for the Debtor shall promptly inform the Court, in which event the Court will consider cancelling or rescheduling the Hearings or at least eliminating the video arrangements.

Under Federal Rule of Civil Procedure 43, made applicable in this case under Federal Rule of Bankruptcy Procedure 9017, the Court, for good cause in compelling circumstances and with appropriate safeguards, may permit testimony in open court by contemporaneous transmission from another location. The Centers for Disease Control has recommended that all individuals practice "social distancing" and avoid close contact to prevent the spread of the COVID-19 virus. The Court finds that the need for social distancing constitutes good cause and compelling circumstances to permit court hearings and testimony by video and audio as set forth herein.

Accordingly, it is **ORDERED**:

1. The Hearings shall take place with active participants utilizing Zoom video conferencing technology, supplemented with toll-free telephone audio access for persons wishing to listen to the proceedings without active participation.

2. The following counsel, already identified in the Court record as representing interests likely to play a substantial role in the Hearings, shall be required to participate by video and will separately be provided with a link for video access and any necessary instructions:

Counsel for Debtor: David Houston;

Counsel for U.S. Trustee: Megan Seliber;

Counsel for Newtek: Daniel Puryear;

Counsel for United: Michael Abelow; and

Counsel for Landlord: Joshua Burgener

3. Any other party who wishes to **actively** participate in the Hearings must file a Request to Participate by Video in the format attached to this order no later than 4:00 p.m. on July 6, 2020. If the Court grants the request, a link for video access to the Hearings and further instructions will be provided.

4. In the absence of a waiver of the requirement from the Court, witnesses must participate by video. Counsel for the party presenting the witness must coordinate all aspects of the witness's video participation, including taking such steps in advance as necessary to assure the witness has a working computer or device with a camera, required bandwidth connection, and instructions in use of Zoom technology. Witnesses will be sworn in by video and their testimony will be accepted and binding as if they were testifying live in the courtroom.

5. Only one active participant is permitted per video link; i.e., each participant must use a separate computer or mobile device and video camera to connect to the Hearings to ensure an efficient use of the technology.

6. After consideration of the number of attorneys and witnesses expected to appear by video, the nature of the issues, and the available time in advance of the Hearings, the Court could require some testing of the Zoom technology between participants and Court staff or verification of access to appropriate video resources (camera, bandwidth, etc.). In that event, counsel for any participating party shall cooperate in promptly making such arrangements if contacted by the Court staff.

7. Parties that wish to listen only and who do not anticipate active participation (as well as anyone who will be participating in the Hearings but has been granted a waiver of the

requirement to appear by video) may access the Hearings via the following Zoom audio-only call-in information:

Toll-Free Call-In Number: 833 568 8864

Meeting ID: 160 6111 5865 (followed by # symbol)

Participant ID: None needed – just press # symbol.

Meeting Password: 539937 (followed by # symbol).

8. All parties participating by either video or audio must make the connection 5-10 minutes before the scheduled start time for the Hearings.

9. During the Hearings, all participants must mute their phone, computer or electronic device when not speaking. Also, all participants appearing by video must:

    a. Dress in appropriate court attire;

    b. Ensure their background is professional and not distracting to the proceedings;

    c. Silence electronic devices including cell phones and notifications on the device being used for the video;

    d. Wait until called upon by the Court before speaking;

    e. Not speak over other participants;

    f. Participate from a quiet location;

    g. Announce themselves prior to speaking; and

    h. Not leave the room or move the device during the Hearings except for minor camera adjustments when necessary.[1]

10. For purposes of the Hearings, parties must file exhibits with the Court and exchange such exhibits with opposing counsel through use of the Court's Electronic Evidence Submission

---

[1] Remember that the Judge and other participants appearing by video can see you during the video even when you are not speaking.

Application.  If a witness will be asked to review an exhibit during testimony, counsel must make arrangements in advance to assure that the witness has access to a digital copy of the uploaded exhibit or must be prepared to use the desktop-sharing feature of Zoom to display the exhibit after making arrangements in advance with Court staff.

11. Participants are reminded that photographing (including screenshots), recording, or further broadcasting or sharing images from the Hearings is strictly prohibited.  Violation of these prohibitions may result in sanctions.  All hearings will continue to be recorded using the Court's official digital recording system.  The process for requesting an official transcript has not changed.

IT IS SO ORDERED.

{Style of Case}

**REQUEST TO PARTICIPATE BY VIDEO**

The undersigned seeks permission to participate by video in the hearing identified below and certifies that the requesting party will comply with the order entered in this case establishing procedures for such hearing:

**Subject of hearing:**

**Date of hearing:**

**Attorney requesting to appear by video:**

**Client of attorney requesting to appear by video:**

**Nature of client's Involvement in the case:**

**Anticipated extent of participation in hearing (argument, witness examination, etc.):**

**E-Mail address to provide video access link and additional instructions:**

**Any other information pertinent to request:**

Dated: Name:
Address:
Phone Number:
E-mail:

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.