# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| In re:<br><br>CAPSTONE PEDIATRICS, PLLC,<br><br>                Debtor. | Case No. 3:19-bk-01971<br><br>Chapter 11<br><br>Judge Randal S. Mashburn |

**THE DEADLINE FOR FILING A TIMELY RESPONSE IS: September 15, 2020**
IF A RESPONSE IS TIMELY FILED, THE HEARING WILL BE: September 22, 2020, 9:30 a.m., Courtroom 1, 2nd Floor, Customs House, 701 Broadway, Nashville, Tennessee 37203

## NOTICE OF VCM SMYRNA LP'S MOTION FOR ALLOWANCE AND IMMEDIATE PAYMENT OF ADMINISTRATIVE EXPENSES

      VCM Smyrna LP (f/k/a Four Plus Corporation) ("***VCM Smyrna***") has asked the court for the following relief: an order granting VCM Smyrna an administrative expense claim pursuant to 11 U.S.C. §§ 503a and 503(b)(1) as set forth on the following motion.

      **YOUR RIGHTS MAY BE AFFECTED**. If you do not want the court to grant the attached motion by entering the attached order, or if you want the court to consider your views on the motion, then on or before the response date stated above, you or your attorney must:

1. File with the court your response or objection explaining your position. Please note: the Bankruptcy Court for the Middle District of Tennessee requires electronic filing. Any response or objection you wish to file must be submitted electronically. To file electronically, you or your attorney must go to the court website and follow the instructions at: https://ecf.tnmb.uscourts.gov.

   If you need assistance with Electronic Filing you may call the Bankruptcy Court at (615) 736-5584. You may also visit the Bankruptcy Court in person at: 701 Broadway, 1st Floor, Nashville, TN (Monday - Friday, 8:00 A.M. - 4:00 P.M.).

2. Your response must state the deadline for filing responses, the date of the scheduled hearing and the motion to which you are responding.

      If a response is filed before the deadline stated above, the hearing will be held at the time and place indicated above. **THERE WILL BE NO FURTHER NOTICE OF THE HEARING DATE.** You may check whether a timely response has been filed by viewing the case on the court's website at https://ecf.tnmb.uscourts.gov.

If you or your attorney does not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter the attached order granting that relief.

This 25th day of August, 2020.

                                            */s/ Ryan K. Cochran*
                                            Ryan K. Cochran (025851)
                                            Courtney K. Stone (036546)
                                            Melissa W. Jones (036559)
                                            **Waller Lansden Dortch & Davis, LLP**
                                            511 Union Street, Suite 2700
                                            Nashville, Tennessee 37219
                                            Tel:    615-244-6380
                                            Fax:   615-244-6803
                                            Email: ryan.cochran@wallerlaw.com
                                                              courtney.stone@wallerlaw.com
                                                              melissa.jones@wallerlaw.com

                                            *Attorneys for VCM Smyrna LP*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

In re:

CAPSTONE PEDIATRICS, PLLC,

           Debtor.

Case No. 3:19-bk-01971

Chapter 11

Judge Randal S. Mashburn

## VCM SMYRNA LP'S MOTION FOR ALLOWANCE AND IMMEDIATE PAYMENT OF ADMINISTRATIVE EXPENSES

VCM Smyrna LP (f/k/a Four Plus Corporation) ("**VCM Smyrna**"), by and through its undersigned counsel, files this *Motion for Allowance and Immediate Payment of Administrative Expenses* (this "**Motion**"), pursuant to sections 365(d)(1), 365(d)(3), 503(a), and 503(b)(1) of title 11 of the United States Code (the "**Bankruptcy Code**"), seeking entry of an order granting VCM Smyrna an administrative expense claim for unpaid postpetition rent in an amount not less than **$11,081.70** and directing the above-captioned debtor (the "**Debtor**") to pay to VCM Smyrna such administrative expense claim and, in support of this Motion, VCM Smyrna respectfully states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and § 1334. This matter is a core proceeding, pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On March 28, 2019 (the "***Petition Date***"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned cases in this Court.

3. VCM Smyrna owns certain commercial, non-residential real property located at 537 Stonecrest Pkwy #201, Smyrna, Tennessee 37167 (the "***Property***").

4. Prior to the Petition Date, pursuant to a certain Lease, dated as of October 31, 2016, (the "***Lease***"), VCM Smyrna leased the Property to the Debtor.

5. A true and correct copy of the Lease is attached to this Motion as **Exhibit A** and is incorporated herein by reference.

6. As of the Petition Date, the Lease was in effect and the Debtor maintained exclusive possession of the Property.

7. On December 31, 2019, the Court entered a *Third Agreed Order and Stipulation Extending the Time for the Debtor to Assume or Reject An Unexpired Lease (Smyrna Lease)* [Dkt. No. 175] (the "***Lease Assumption/Rejection Order***"), pursuant to which the parties agreed to extend the deadline for which the Debtor was to determine whether it would assume or reject to the Lease to a date no later than January 31, 2020.

8. Because the Debtor failed to assume or reject the Lease by January 31, 2020, the Lease was deemed rejected as of such date for purposes of section 365(d)(1) of the Bankruptcy Code.

9. On July 20, 2020, the Court entered an *Order (I) Approving the Sale of Certain of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (III) Extending Post-Petition Financing Priming Lien, Determining Claim and Lien*

4

4847-4314-4648
Case 3:19-bk-01971    Doc 269    Filed 08/25/20    Entered 08/25/20 16:34:58    Desc Main
Document    Page 4 of 10

*Priority in Sale Proceeds, and Directing Disbursement of Sale Proceeds; and (IV) Granting Related Relief* [Dkt. No. 254] (the "**Sale Order**"), pursuant to which the Debtor sold certain of its assets to America Cares Trust (ACT) dba CareNation ("**Care Nation**") in accordance with the terms of an Asset Purchase Agreement dated as of July 8, 2020 (the "**Asset Purchase Agreement**"), which is attached to the Sale Order as Exhibit A and is incorporated therein by reference.

10. The Closing (as defined in the Sale Order) occurred on or around July 20, 2020 (the "**Closing Date**").

11. Although the Lease was deemed rejected effective January 31, 2020, the Debtor continued to use and occupy the Property as a hold-over tenant through the Closing Date.

12. Pursuant to the Lease, the Debtor agreed to pay Basic Rent (as defined in the Lease) to VCM Smyrna on the first (1st) day of each month for the use of the Property (the "**Base Rent**") (*See* Lease, § 4(a)). In accordance with Section 4(a) of the Lease, the Base Rent beginning October 2019 through October 2020 is an amount equal to $7,418.87. (*Id.*).

13. In addition to the Base Rent, the Debtor is responsible for its proportionate share of certain Operating Costs and Taxes, each as defined in the Lease (collectively, the "**Additional Rent**"). (*Id.*).

14. Because the Lease was deemed rejected effective as of January 31, 2020, and the Debtor failed to vacate the Property thereafter, the Debtor was considered a tenant at sufferance beginning on January 31, 2020 through the Closing Date. (*See* Lease, § 21). Accordingly, the Debtor is also responsible for paying to the Landlord Base Rent equal to 150% of the Base Rent payable during the month of July 2020 (the "**Hold-Over Rent**", and together with the Base Rent and the Additional Rent, collectively, the "**Rent**"). (*See* Lease, § 21).

15. All Rent which is not received by VCM Smyrna on or before the first (1st) day of each month is subject to a late fee of the lesser of eighteen percent (18%) per annum or the maximum lawful rate of interest of the unpaid Rent, plus an additional fee equal to five perfect (5%) of the unpaid Rent to reimburse VCM Smyrna for its cost and inconvenience incurred as a consequence of the Debtor's delinquency. (Lease, § 5).

16. Since the Petition Date, unpaid Rent and late fees have accrued in an amount not less than **$11,081.70**, as follows:

| Category | Amount |
|---|---|
| July 2020 Rent | $10,710.76 |
| May and June 2020 Late Fees | $741.89 |
| July 2020 Late Fees | $370.94 |
| **TOTAL** | **$11,081.70** |

17. Pursuant to Schedule 2.02(p) of the Asset Purchase Agreement, the Lease was considered an "Excluded Contract" and accordingly, upon the Closing, was deemed rejected by CareNation for purposes of section 365 of the Bankruptcy Code.[1]

18. Because the Debtor failed to surrender possession of the Property upon rejection of the Lease, it owes to VCM Smyrna as an administrative expense outstanding July 2020 Rent, which is currently due and owing, *plus* late fees that have accrued and continue to accrue as a result of the Debtor's failure to pay Rent.

## BASIS FOR RELIEF

19. Pursuant to section 365(d)(3) of the Bankruptcy Code, the Debtor is required to timely perform all obligations under the Lease after the Petition Date.

---

[1] CareNation and the VCM Smyrna are currently negotiating a new lease.

20. Because the Debtor failed to assume or reject the Lease by the date specified in the Lease Assumption/Rejection Order, the Lease was deemed rejected as of January 31, 2020 for purposes of section 365(d)(1) of the Bankruptcy Code.

21. Pursuant to section 503(b)(1) of the Bankruptcy Code, the Debtor's obligations to VCM Smyrna for unpaid Rent due and owing under the Lease are administrative expense claims. *See In re Washington Manufacturing Co.*, 1993 Bankr. LEXIS 635, 1993 WL 156083 (Bankr. M.D. Tenn. 1993) (holding that the landlord was entitled to, an administrative expense claim under §§ 365(d)(3) and 503(b)(1), unpaid rent due and owing by the debtor after the debtor failed to affirmatively assume or reject the lease yet continued to use and occupy the premises); *see also In re Telligenix Corp.*, 436 B.R. 211, 214 (Bankr. M.D. Fla. 2010) (noting this Court "has held that, under §§ 365(d)(3) and 503(b)(1), a lessee is *automatically* entitled to an administrative expense claim for rent accruing post-petition"); *see also* 11 U.S.C. § 503(b)(1) (noting that administrative expenses include "the actual, necessary costs and expenses of preserving the estate").

22. The timing of payment of an administrative expense claim under section 503(b) of the Bankruptcy Code is a matter within the Court's discretion. *See In re NE Opco, Inc.*, 501 B.R. 233, 259 (Bank. D. Del. 2013); *see also In re Garden Ridge Corp.*, 323 B.R. 136, 143 (Bankr. D. Del. 2005). In determining whether to compel immediate payment, courts consider prejudice to the debtor, hardship to the claimant, and potential detriment to other creditors. *Garden Ridge*, 323 B.R. at 143.

23. VCM Smyrna expects the Debtor to pay all administrative expense claims in this case in full. As such, there should be no prejudice to the Debtor or detriment to other holders of administrative expense claims if VCM Smyrna's administrative expense claim is paid immediately. On the other hand, VCM Smyrna has suffered unnecessary prejudice from a delay

in payment of Rent given that the Debtor continued to use and occupy the Property after the Lease was rejected. Moreover, it is inequitable for the Debtor to receive the benefit of the Property without paying its postpetition obligations under the Lease. Accordingly, VCM Smyrna's administrative expense claim should be paid without further delay.

24. In addition, all administrative claims are entitled to equal priority under section 507(a)(2) of the Bankruptcy Code, and the Debtor should not be permitted to pick and choose among which administrative claims to pay. VCM Smyrna expects that the Debtor will pay certain administrative expenses, including estate professional fee claims, in this bankruptcy case. It is inequitable for the Debtor to discriminate in payment between holders of administrative claims. As such, the Court should require the Debtor to immediately pay VCM Smyrna's administrative expense claim.

25. As set forth above, since the Petition Date, Rent is currently due and owing in an amount not less than **$11,081.70**, and late fees continue to accrue as a result of the Debtor's failure to pay Rent.

26. Therefore, VCM Smyrna is entitled to immediate payment of Rent, which shall be deemed an allowed administrative expense claim under section 503(b)(1) of the Bankruptcy Code, in an amount not less than **$11,081.70**, plus all additional amounts and late fees that continue to accrue as a result of the Debtor's failure to pay Rent.

## CONCLUSION

WHEREFORE, in consideration of the foregoing, VCM Smyrna respectfully requests that, pursuant to sections 365(d)(1), 365(d)(3), 503(a), and 503(b)(1)(A) of the Bankruptcy Code, this Court enter an order substantially in the form as the one attached hereto as **Exhibit B**, granting VCM Smyrna an allowed administrative expense claim in an amount not less than **$11,081.70**,

directing the Debtor to immediately pay such allowed administrative expense claim, and granting such other and further relief as this Court deems just and proper.

Dated: August 25, 2020

Respectfully submitted,

 /s/ Ryan K. Cochran
Ryan K. Cochran (025851)
Courtney K. Stone (036546)
Melissa W. Jones (036559)
**Waller Lansden Dortch & Davis, LLP**
511 Union Street, Suite 2700
Nashville, Tennessee 37219
Tel: 615-244-6380
Fax: 615-244-6803
Email: ryan.cochran@wallerlaw.com
courtney.stone@wallerlaw.com
melissa.jones@wallerlaw.com

*Attorneys for VCM Smyrna LP*

## CERTIFICATE OF SERVICE

       I, the undersigned, hereby certify that a true and correct copy of the foregoing has been served via electronic mail to all parties receiving notice via CM/ECF and via first class United States Mail to the following, this 25th day of August, 2020.

Capstone Pediatrics PLLC
1420 Donelson Pike, Suite B-17
Nashville, TN 37214
Phone: (615) 339-8110
Fax: (877) 305-3637
Attention: Jim Davis, Chief Restructuring Officer

Burr & Forman LLP
222 Second Ave South, Suite 2000
Nashville, TN 37201
Phone: (615) 724-3215
Fax: (615) 724-3315
Attention: David W. Houston, IV

Puryear Law Group, PLLC
104 Woodmont Blvd, Suite 201
Nashville, TN 37205
Phone: (615) 255-4859
Fax: (615) 630-6602
Attention: Daniel H. Puryear

                                                     */s/ Ryan K. Cochran*
                                                     Ryan K. Cochran