# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 3;19-bk-1971 |
| CAPSTONE PEDIATRICS, PLLC, ) | Chapter 11 |
| ) | Judge Randal S. Mashburn |
| Debtor. ) | **Objection Deadline**: Sept. 15, 2020 |
| | **Hearing Date**: Sept. 22, 2020 |

## LIMITED OBJECTION TO VCM SMYRNA LP'S MOTION FOR ALLOWANCE AND IMMEDIATE PAYMENT OF ADMINISTRATIVE EXPENSES

**COMES NOW** the Debtor Capstone Pediatrics, PLLC, by and through its undersigned counsel, hereby submits this limited objection (the "Limited Objection") to VCM Smyrna LP's Motion for Allowance and Immediate Payment of Administrative Expenses (the "Motion") [Doc. No. 905]. In support of its Limited Objection, Debtor states as follows:

1. The Debtor commenced the Chapter 11 Case to preserve their business as a going concern and maximize the value of their assets through the sale of substantially all of their assets. On July 20, 2020, the Court entered that certain *Order (I) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests; (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (III) Extending Post-Petition Priming Lien, Determining Lien Priority in Sale Proceeds, and Directing Disbursement of Sale Proceeds; And (IV) Granting Related Relief* (the "Sale Order") [Docket No. 254], and on July 20, 2020, the Debtor closed the sale of substantially all of the assets (the "Sale").

2. The Debtor liquidated substantially all of its assets in connection with the Sale and the proceeds of the Sale are being paid to the DIP Lender in accordance with the Sale Order.

3. The Debtor does not object to VCM Smyrna LP's Administrative Expense claim but does object to the immediate payment to such claim because there are no unencumbered funds available to pay any claims against the estate.

4. Contrary to the assertion in the landlord's application, the professionals in this case are not being paid in full and in fact Debtor's counsel's percentage of unpaid fees greatly exceeds the shortfall of the Smyrna landlord. Furthermore, the fees that have been paid to the professionals were paid from the DIP Lender's collateral pursuant to the carve-outs provided under the DIP Loan Agreement that was entered into as of April 4, 2019 and in accordance with the Corrected Agreed Order Amending Final DIP Order (the "DIP Financing Order") [Doc. Nos. 104 & 204].

5. Wherefore, the Debtor respectfully objects to the request for immediate payment of any claim approved for the Smyrna landlord.

Respectfully submitted,

/s/ David W. Houston, IV
David W. Houston, IV (20802)
Emily C. Taube (019323)
**BURR & FORMAN LLP**
222 Second Avenue South, Suite 2000
Nashville, Tennessee 37201
Telephone: (615) 724-3215
Facsimile: (615) 724-3315
dhouston@burr.com; etaube@burr.com

*Counsel for Debtor Capstone Pediatrics, PLLC*

## CERTIFICATE OF SERVICE

On September 15, 2020, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

/s/ David W. Houston, IV
David W. Houston, IV (020802)