IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No.: **19-01971** |
| **Capstone Pediatrics, PLLC,** | ) | |
| | ) | Chapter 11 |
| DEBTOR. | ) | Judge Mashburn |

## U.S. TRUSTEE'S MOTION TO CONVERT

The U.S. Trustee, Region 8, moves the Court for an order pursuant to 11 U.S.C. § 1112(b)(1) to convert this Chapter 11 case to Chapter 7. This motion is excluded from Local Rule 9013 and, pursuant to 11 U.S.C. § 1112(b)(3), the U.S. Trustee requests a hearing date not later than 30 days after the filing date of this motion. In support of this Motion, the U.S. Trustee asserts as follows:

1. This Court has jurisdiction to hear and determine this Motion pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Pursuant to 28 U.S.C. § 586(a)(3)(G), the U.S. Trustee is charged with monitoring the progress of cases under the Bankruptcy Code and taking such actions as the U.S. Trustee deems appropriate to prevent undue delay in such progress. The U.S. Trustee has standing to be heard on this Motion to Convert pursuant to 11 U.S.C. § 307.

3. On March 28, 2019, Capstone Pediatrics, PLLC ("Debtor") filed a bankruptcy petition seeking relief under Chapter 11 of the Bankruptcy Code. This was Debtor's second bankruptcy case. *See* Case No. 15-09031.

4. Operating reports are due fifteen days after the end of the month. Debtor's last filed monthly operating report was filed for February 2020. Docket Entry 212. Debtor is also required

to pay quarterly fees. Debtor has not paid them for the first or second quarters of this year totaling $45,100. Debtor will also owe for the third quarter, which has not yet been assessed.

5. On May 27, 2020, the Court approved the sale of Debtor's assets and the business in now being operated by the buyer. All proceeds of the sale were paid to the secured lender. Debtor is now non-operational.

6. Section 1112(b)(1) of the Bankruptcy Code mandates that the bankruptcy court convert or dismiss a chapter 11 case, whichever is in the best interests of creditors and the estate, if the movant establishes cause. *In re V Companies,* 274 B.R. 721, 740 (Bankr. N.D. Ohio 2002). Section 1112(b)(4) of the Bankruptcy Code fails to define the term "cause," but provides a non-exclusive list of circumstances that constitute "cause" for conversion or dismissal. *In re Fall*, 405 B.R. 863, 867 (Bankr. N.D. Ohio 2009). Cause includes failure to timely file monthly operating reports and failure to pay quarterly fees. 11 U.S.C. § 1112(b)(4)(F)&(K). In additional, substantial diminution of the estate with an unlikelihood of reorganization constitutes cause. 11 U.S.C. § 1112(b)(4)(A).

7. Cause exists in this case because there is no income or assets to generate income, to repay Debtor's creditors. Debtor has also not filed monthly operating reports for March, April, May, June or July 2020 or paid quarterly fees. Each ground constitutes cause pursuant to section 1112(b)(4).

8. Although Debtor does not have any remaining assets to liquidate, Debtor's retirement plan for its employees has assets of approximately $850,000. The U.S. Trustee recommends conversion of this case to Chapter 7 in hopes that a Chapter 7 Trustee will be able to terminate the plan and distribute the funds to the participants as a Qualified Termination Administer.

Case 3:19-bk-01971    Doc 296    Filed 10/07/20    Entered 10/07/20 12:54:09    Desc Main
Document    Page 2 of 3

WHEREFORE, the U.S. Trustee respectfully requests that the Court enter an Order converting Debtor's case to Chapter 7 and other such other relief as may be appropriate.

Respectfully submitted,

PAUL RANDOLPH,
ACTING US TRUSTEE, REGION 8

/s/ Megan Seliber
MEGAN SELIBER
Office of the U.S. Trustee, Trial Attorney
318 Customs House, 701 Broadway
Nashville, TN 37203
(615) 695-4060; (615) 736-2260 (Fax)
Megan.Seliber@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on October 7, 2020, a copy of the foregoing document was sent electronically to registered ECF users.
.

/s/ Megan Seliber
MEGAN SELIBER