*Randal S. Mashburn*
Randal S. Mashburn
U.S. Bankruptcy Judge

Dated: 12/23/2020



# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Case No. 3:19-bk-1971 |
| **CAPSTONE PEDIATRICS, PLLC,** | ) |
| | ) Chapter 11 |
| Debtor. | ) |
| | ) |
| | ) |
| **CDS BUSINESS SERVICES, INC. d/b/a** | ) |
| **NEWTEK BUSINESS CREDIT,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Adv. Proc. No. 3:20-ap-90140 |
| | ) |
| **AMERICA CARES TRUST d/b/a** | ) |
| **CARENATION,** | ) |
| | ) |
| Defendant. | ) |

## AGREED SCHEDULING ORDER
## FOR ACCOUNTING AND RECONCILIATION

As evidenced by the signatures of counsel for CDS Business Services, Inc. d/b/a Newtek Business Credit ("**CDS**") and America Cares Trust, Inc. d/b/a CareNation ("**CareNation**") below, the Court finds as follows:

1. The parties have each asserted rights to certain funds contained in the "**DIP Accounts**," as defined in the Complaint. Apart from the proceeds of a certain "**PPP Loan**" to Defendant (see Doc. 10 at p. 2 and Doc. 10-2), the parties each dispute the scope and amount of the other's claims to DIP Account funds.

2. In an attempt to resolve their disputes expeditiously, the parties have agreed to

collaborate on an accounting and reconciliation of the DIP Accounts to determine the parties' respective ownership rights in proceeds of accounts receivable deposited into the DIP Accounts since the closing of the sale contemplated by the Asset Purchase Agreement (**APA**) between the Debtor and the Defendant on July 20, 2020 (the "**Accounting and Reconciliation**")..

3. The purpose of the Accounting and Reconciliation is to determine dates of service attributable to proceeds of accounts receivable deposited into the DIP Accounts, which will help the parties determine their respective shares of accounts receivable to date. To complete this process, it will be necessary for the Defendant to provide initial disclosures of documents and other information, specifically including, but not limited to, remittance reports, which contain certain "protected health information" as defined by the Health Insurance Portability and Accountability Act **(HIPAA)** 42 U.S. C. § 1320d *et seq.* (the "**Initial Disclosures**") Some of the Initial Disclosures contain protected health information for periods prior to the closing of the APA, requiring the Debtor's input and consent. On October 23, 2020, this Court entered an "Agreed Qualified HIPAA Protective Order for Initial Disclosures" (DE No. 39) (the "**Protective Order**") to set forth the process by which CDS can verify the authenticity of information provided to it by CareNation while ensuring that disclosures of protected health information made during the Accounting and Reconciliation are only as reasonable and necessary for completion of the accounting and reconciliation.

4. The parties desire to complete the Accounting and Reconciliation as soon as possible and seek the entry of a Scheduling Order to ensure dates certain for completion of same and the exchange of respective reports outlining the conclusions of each party.

Based on the foregoing findings of fact, it is therefore **ORDERED** as follows:

1. **Phasing of Accounting and Reconciliation.** The phases for the Accounting and Reconciliation are as follows:

(a) **Phase I:** Phase 1 covers the period beginning after the Closing Date (July 21, 2020) and ending on the last day of the month after the entry of the Order Granting Expedited Relief from the Preliminary Injunction (September 30, 2020).

(b) **Phase II:** Phase II covers the period beginning October 1, 2020 and ending October 31, 2020.

(c) **Phase III**: Phase III covers the period beginning November 1, 2020 through December 31, 2020.

(d) **Phase IV**: Phase IV will cover the period beginning January 1, 2020 through the earlier of (i) February 1, 2020, and (ii) the date by which all payors have ceased remittances to the DIP Account.

2. **Phase I:** As evidenced by the signatures of counsel below, all Initial Disclosures for Phase I have been completed and CareNation has provided CDS with its claim of entitlement to a specified portion of the Phase I funds. Pursuant to the process set forth in the Protective Order, the parties shall meet and confer to validate and authenticate the data contained in the Initial Disclosures on December 18, 21 and 22, 2020 for not less than 8 hours a day each day, unless the parties agree in writing to a shorter number of days or total hours. Assuming that CDS has been afforded full access through CareNation to the payor portals for viewing such unredacted initial disclosures over the course of these days, CDS shall provide CareNation with its conclusion as to the amounts of money collected during the Phase I time period which is attributable to services provided by Capstone prior to the APA closing, and services provided by CareNation after the APA closing on or before December 31, 2021.

3. **Phase II:** CareNation has made and/or is in the process of making Initial Disclosures for Phase II, which shall be completed and provided, along with its assertion of entitlement to the funds at issue in the Phase II Period, no later than December 29, 2020. CDS shall advise CareNation of any additional information needed on or before January 4, 2021. CareNation shall provide any additional information requested on or before January 7, 2021. Pursuant to the process set forth in the Protective Order, the parties

shall meet and confer to validate and authenticate the data contained in the Initial Disclosures on January 11 and 18, 2020 for not less than 8 hours that day, unless the parties agree in writing to a shorter number of days or total hours. Assuming that CDS has been afforded full access through CareNation to the payor portals for viewing such unredacted Initial Disclosures as requested over the course of those days CDS shall provide CareNation with its conclusions as to the amounts of money collected during the phase II time period which is attributable to services provided by Capstone prior to the APA closing, and services provided by CareNation after the APA closing on or before January 22, 2020.

4.  **Phases III and IV:**  Scheduling of disclosures, requests for supplements, meetings to confer and conclusions concerning Phases III and IV of the Accounting and Reconciliation are hereby reserved pending completion of Phases I and II.

5.  Nothing contained herein shall be deemed to prohibit either party from moving this court to alter this Scheduling Order for cause, and nothing in this Order authorizes counsel to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, patient authorizations, or other lawful processes. Likewise, nothing in this order is intended to limit in any way any party's right to compel production of any documents through formal discovery requests, subpoenas, depositions, patients authorizations or other lawful process, the intent of this order being solely to govern the voluntary production of the Initial Disclosures as set forth herein.

6.  This Order does not control or limit the use of protected health information pertaining to the Patients that comes into possession of any party, or any party's attorney, from a source other than a covered entity as defined in 45 C.F.R. § 160.103.

*[This order was signed and entered electronically as indicated at the top of the first page.]*

SUBMITTED FOR ENTRY:

**BONE MCALLESTER NORTON PLLC**

*/s/ William J. Haynes III*
Sam J. McAllester III #3461
William J. Haynes III, #17398
511 Union Street, Suite 1600
Nashville, Tennessee 37219
(615) 238-6300 Phone
(615) 238-6301 Facsimile
Email: smcallester@bonelaw.com
 whaynes@bonelaw.com

*Attorney for America Cares Trust, d/b/a CareNation*


*/s/ Daniel H. Puryear*
Daniel H. Puryear #18190
Puryear Law Group PLLC
104 Woodmont Boulevard, Suite 201
Nashville, TN 37205
615-255-4859 (phone)
615-630-6003 (fax)
dpuryear@puryearlawgroup.com

*Counsel for the Plaintiff,*
*CDS Business Services, Inc.*
*d/b/a Newtek Business Credit*

{02158049.1 }

5

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

Case 3:19-bk-01971 Doc 311 Filed 12/23/20 Entered 12/23/20 15:41:10 Desc Main
Document Page 5 of 5