IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 3:19-bk-1971 |
| CAPSTONE PEDIATRICS, PLLC, ) | |
| ) | Chapter 7 |
| Debtor. ) | Judge Randal S. Mashburn |

**MOTION FOR RELIEF FROM AUTOMATIC STAY AND ABANDONMENT**

Comes now CDS Business Services, Inc. d/b/a Newtek Business Credit ("CDS") by and through undersigned counsel, pursuant to Sections 362 and 554(b) of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rules 4001, 6007 and 9014 of the Federal Rules of Bankruptcy Procedure, and hereby moves the Court for an order modifying the automatic stay (the "Motion") to allow it to enforce its rights under applicable non-bankruptcy law with respect to Debtor's accounts receivable (the "Accounts Receivable") and confirming the Trustee's abandonment of same. In support thereof, CDS states as follows:

**PARTIES AND JURISDICTION**

1. Capstone Pediatrics, PLLC ("Debtor") filed a voluntary Chapter 11 bankruptcy petition in the U.S. Bankruptcy Court for the Middle District of Tennessee, Case No. 3:19-bk-1971, on March 28, 2019. This case was converted to a Chapter 7 liquidation by Order dated November 4, 2020 [ Doc. 302]

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2).

1

## BACKGROUND

3. CDS Business Services, Inc. d/b/a Newtek Business Credit ("CDS") has, pursuant to this court's orders approving CDS as the DIP Lender in this case [Docs. 104, 204 and 254] the ownership by assignment of Debtor's accounts receivable against which it made advances under the terms of the approved DIP Facility, as well as a senior lien with priority over all creditors (the "DIP Priming Lien") in all of Debtor's post-petition acquired assets, tangible and intangible, including but not limited to the Accounts Receivable.[1]

4. The DIP Priming Lien secures not less than $2,186,939.77, which amount reflects authorized advances plus costs and expenses of not less than $1,303,298.87 pursuant to the Original Final DIP Order [ Doc. 104], authorized advances plus costs and expenses of not less than $206,143.91 pursuant to the Amended DIP Order [Doc. 204] and over-advances of $677,496.99 pursuant to the §363 Sale Order [Doc. 254].

5. In addition, CDS also holds the senior lien behind the DIP Priming Lien, by virtue of its senior replacement adequate protection replacement lien in all of Debtor's assets to secure its pre-petition allowed claim of $1,442,983.55.

6. The Chapter 7 Trustee filed his Notice of Abandonment of the Account Receivable on March 24, 2021 [Doc. 314]

## ARGUMENT

7. CDS seeks entry of an order pursuant to §§ 362(d)(1), 362(d)(2) and 554 of the Bankruptcy Code, granting stay relief to allow it to enforce its rights under applicable non-bankruptcy law with respect to the Accounts Receivable, and to recognize the Trustee's

---

[1] Subject to the pari-passu carve-out to Debtor's counsel in the Amended Final DIP Order [Doc. 204].

abandonment of any interest of the estate in the Accounts Receivable.

8. Pursuant to § 362(d)(1) of the Bankruptcy Code, the Court may grant relief from the automatic stay "for cause." The Bankruptcy Code does not define "cause" therefore, the Court must decide in each case whether sufficient case exists for relief from the automatic stay. *In re Robbins*, 964 F.2d 342 (4th Cir. 1992) ("Because the Bankruptcy Code provides no definition of "cause," courts must consider when discretionary relief is appropriate in a case-by-case basis."); *In re Smith*, 333 B.R. 94, 96 (Bankr. M.D. N.C. 2005). The term "cause" is a broad and flexible concept, and a bankruptcy court is granted wide discretion to determine whether to lift an automatic stay for cause. *Robbins*, 964 F.2d at 345; see also *In re Neals*, 459 B.R. 612 (Bankr. D. S.C. 2011).

9. CDS is entitled to relief from stay for cause because it is the owner of certain of the Accounts Receivable, and the senior secured creditor in the balance, and the Accounts Receivable are of no benefit to the estate.

10. As such, CDS is entitled to relief from the automatic stay pursuant to Section 362(d)(1) of the Bankruptcy Code.

11. CDS is further entitled to relief from the automatic stay pursuant to Section 362(d)(2) of the Bankruptcy Code because Debtor has no equity in the Accounts Receivable and there is no opportunity for reorganization in a Chapter 7 proceeding.

12. The Trustee has abandoned the Estate's interest in the Accounts Receivable.

13. Pursuant to Bankruptcy Rule 4001(a)(3), an order granting a motion for relief from the automatic stay is stayed until the expiration of ten (10) days after the entry of the order, "unless the court orders otherwise." With this motion, CDS respectfully requests that the ten (10) day stay of this Order pursuant to Bankruptcy Rule 4001(a)(3) be waived and this Order be deemed effective immediately on the date of the entry of the Order.

## CONCLUSION

14. Based upon the foregoing, good cause exists for the relief requested herein and the Court should grant CDS's Motion for Relief from Stay and Abandonment.

WHEREFORE, CDS respectfully moves this Court for the entry of an order (i) granting relief from the automatic stay; (ii) finding that the estate's interest in the Accounts Receivable has been abandoned, (iii) providing that the order granting relief from the automatic stay will be effective immediately upon its entry, and that the 10-day stay provision included in Bankruptcy Rule 4001(a)(3) be waived; and (iv) granting such further relief as the Court deems just and equitable.

Dated: March 30, 2021

Respectfully Submitted,

*/s/ Daniel H. Puryear*
Daniel Puryear No. 18190
PURYEAR LAW GROUP
104 Woodmont Boulevard
The Woodmont Centre, Suite 201
Nashville, TN 37205
Telephone: (615) 630-6602
Facsimile: (615) 630-6602

*Counsel for CDS Business Services, Inc. d/b/a Newtek Business Credit*

# CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and exact copy of the foregoing has been served via Electronic Mail/ECF and/or United States Mail, first class, postage prepaid to the following persons:

Michael Gigandet, Chapter 7 Trustee
Law Office of Michael Gigandet
208 Centre Street
Pleasant View, TN 37146

David Houston
Burr & Forman LLP
222 Second Avenue South, Suite 2000
Nashville, TN 37201

Capstone Pediatrics, PLLC
c/o Winnie Toler
1420 Donelson Pike
Ste B17
Nashville, TN 37217

Megan Seliber
Office of the U.S. Trustee
701 Broadway
Customs House, Suite 318
Nashville, Tennessee 37203-3966

Ward Benson
Trial Attorney, Tax Division
U.S. Dept. of Justice
P.O. Box 227, Ben Franklin Station
Washington, D.C. 20044

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

McKesson Corporation
P.O. Box 634404
Cincinnati, OH 45263-4404

on this the 30th day of March, 2021.

                                                   */s/ Daniel H. Puryear*