UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF TENNESSEE
Nashville Division

| | |
|---|---|
| In re: Capstone Pediatrics, PLLC,<br><br>Debtor. | Case No. 3:19-bk-01971<br><br>Chapter 7<br><br>Judge Randal S. Mashburn |

**JOINDER OF BLUECROSS BLUESHIELD OF TENNESSEE, INC. TO
LIMITED RESPONSE OF AMERIGROUP TENNESSEE, INC.
D/B/A AMERIGROUP COMMUNITY CARE**

BlueCross BlueShield of Tennessee, Inc. ("**BCBST**"), by and through its undersigned counsel, hereby submits this Joinder (the "**Joinder**") to the Limited Response to Expedited Motion of CareNation to Reopen Case for Limited Relief and Reservation of Rights Concerning Expedited Motion of CareNation for Order of Clarification of Amerigroup Tennessee, Inc. d/b/a Amerigroup Community Care (the "**Amerigroup Limited Response**").

1. On March 2, 2022, America Cares Trust d/b/a CareNation ("**CareNation**") filed its Expedited Motion to Reopen Chapter 7 Case [Dkt. No. 330] (the "**Motion to Reopen**") and Expedited Motion for Order of Clarification [Dkt. No. 333] (the "**Motion for Clarification**").

2. Upon information and belief, the Motion to Reopen was filed for the singular purpose of having this Court consider CareNation's Motion for Clarification.

3. In the Motion for Clarification, CareNation asks this Court to enter an order, *nunc pro tunc*, "clarifying" this Court's July 20, 2020 Sale Order and, apparently as a result of such

"clarification", to compel an undefined group of Payors to make undefined payments to CareNation.[1]

4. BCBST believes the Motion to Reopen is misguided in that the ultimate relief sought by CareNation in the Motion for Clarification is legally and factually unsupported.[2]

5. Accordingly, BCBST generally joins in the Amerigroup Limited Response, including the factual recitations therein.

WHEREFORE, BCBST respectfully requests that, if the Court grants the Motion to Reopen, the Court enter an appropriate scheduling order that provides BCBST and the other

---

[1] BCBST believes that it is included within the scope of CareNation's requested relief even though it was not named and was not listed as a party entitled to notice.

[2] Of note, though CareNation complains in Paragraph 14 of the Motion for Clarification that the Payors directed payments "to the Debtor's old bank accounts", it failed to inform the Court that CareNation previously admitted that it directed the Payors to remit payments to the Debtor's former accounts. *See* Adversary Proceeding No. 20-90140 (the "**Adversary Proceeding**"), CareNation's Amended Answer [Dkt. No. 54], ¶ 17 ("Until such time as CareNation could establish a separate provider payment account and all Medicare and Medicaid payments can be paid to a separate account in the name of CareNation, all Medicare and Medicaid government payments remain directed to the Provider Account."). Further, CareNation similarly fails to disclose that the Debtor's factual contentions in the Motion for Clarification are contrary to findings made, at CareNation's request, in the Adversary Proceeding. *See, e.g.,* Agreed Order Modifying Preliminary Injunction, Authorizing Final Disbursements to Parties and Granting Related Relief [Dkt. No. 74], ¶¶ 1-2 ("Based on the bank statements of the Debtor Capstone Pediatrics, PLLC ("**Capstone**"), the balance remaining in the Provider Account was $104,917.25 as of May 5, 2021, and the amounts being automatically deposited into the Provider Account by third party payors has been consistently declining in recent months, to the point that only de minimis and sporadic deposits continue to be made. . . . CareNation is now effectively collecting the proceeds due it from its Providers in a separate bank account established under its name, having achieved compliance by virtually all of its payors with its instructions previously provided to remit payments to that new bank account.").

2

undefined Payors with the opportunity to respond to the substance of the relief being sought by CareNation therein.

Respectfully submitted,

**MILLER & MARTIN PLLC**

By: /s/Laura F. Ketcham
    Laura F. Ketcham, TN BPR No. 024543
    832 Georgia Avenue, Suite 1200
    Chattanooga, TN 37402
    Telephone (423) 756-6600
    Facsimile (423) 785-8480
    Email: laura.ketcham@millermartin.com

**ALSTON & BIRD LLP**

David A. Wender (admitted *pro hac vice*)
1201 West Peachtree Street
Atlanta, Georgia, 30309
Telephone: (404) 881-7354
Facsimile: (404) 881-7777
Email: david.wender@alston.com

*Attorneys for BlueCross BlueShield of Tennessee, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of March 2022, a copy of the foregoing Joinder was filed electronically. Notice of this filing will be sent by electronic mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System. I certify that interested parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system.

David W. Houston, IV
Emily Campbell Taube
Burr & Forman LLP
222 Second Avenue South
Suite 2000
Nashville, TN 37201

Michael Gigandet
Law Office of Michael Gigandet
208 Centre Street
Pleasant View, TN 37146

Natalie M. Cox
Megan Reed Seliber
U.S. Dept of Justice
Office of the U.S. Trustee
701 Broadway, Ste 318
Nashville, TN 37203

/s/*Laura F. Ketcham*